UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Terrance Dixon, a/k/a "TA", <br><br> Plaintiff, <br><br> v. <br><br> Joseph Antonio Cartagena p/k/a "Fat Joe," <br> Pete "Pistol Pete" Torres, <br> Richard "Rich Player" Jospitre, <br> Erica Juliana Moreira, <br> Sneaker Addict Touring LLC, <br> Slate, Inc., <br> Roc Nation, LLC, <br> John Does 1–10, Jane Does 1–10, and <br> ABC Corporations 1–10, <br><br> Defendants. | Case Number: 25-5144 <br><br><br> **DECLARATION OF TYRONE A. BLACKBURN, ESQ.** |

I, **Tyrone A. Blackburn, Esq.**, declare pursuant to 28 U.S.C. § 1746:

1. I am the founder and principal of T.A. Blackburn Law, PLLC, and counsel of record for Plaintiff Terrance Dixon a/k/a "TA" in the above-captioned action. I submit this declaration in support of Plaintiff's Memorandum of Law in Opposition to Defendant Roc Nation, LLC's Motion to Dismiss, and in support of Plaintiff's Cross-Motion to Strike improper material according to Rule 12(f).

2. I am fully familiar with the facts and circumstances surrounding this matter. The allegations outlined in the Complaint are the result of an extensive investigation, which included firsthand interviews, a review of documentation, and corroboration through third-party materials, texts, financial records, and industry witnesses.

3. Rather than engage in a meaningful legal or factual defense of the conduct alleged in the Complaint, Roc Nation has devoted a substantial portion of its motion to launching gratuitous, inflammatory, and baseless attacks on me personally—attacks that have no relevance to the legal sufficiency of Plaintiff's claims and serve only to distract from the enterprise's well-pled pattern of labor exploitation, wage theft, and concealment.

4. These attacks include repeated references to unrelated litigation and ad hominem insinuations that have no bearing on the claims asserted or the conduct of Roc Nation. The tactics employed by Defendant resemble a smear campaign more than a legal argument, and they are plainly

intended to prejudice the Court's perception of counsel rather than contest the merits of Plaintiff's case.

    A. Defendant's counsel, Alex Spiro, is the proverbial pot calling the kettle black. In this case—as in others—Mr. Spiro has resorted to personal attacks on opposing counsel rather than defending his client's conduct. This conduct follows a now well-documented pattern of litigation abuse. In *Doe v. Combs, et al.*, No. 1:24-cv-07975 (S.D.N.Y.), Judge Analisa Torres admonished Mr. Spiro for his "relentless filing of combative motions containing inflammatory language and ad hominem attacks," deeming such tactics "inappropriate, a waste of judicial resources, and a tactic unlikely to benefit his client."

    B. Similarly, in *Brody v. Musk*, No. D-1-GN-23-006883 (Tex. Dist. Ct.), a pending motion for sanctions was filed against Mr. Spiro based on allegations that he engaged in the unauthorized practice of law in Texas and repeated the same kind of aggressive, unprofessional litigation behavior that has drawn prior judicial rebuke. Plaintiff respectfully submits that Roc Nation's motion to dismiss bears the same hallmarks: procedural gamesmanship, baseless personal smears, and an effort to distract the Court from the well-pleaded factual allegations outlined in the Complaint.

5. The Federal Rules of Civil Procedure do not tolerate this kind of distraction. Rule 12(f) allows the Court to strike from any filing "any redundant, immaterial, impertinent, or scandalous matter." The personal attacks against me fall squarely within that standard and should be stricken in their entirety.

6. From at least 2017 onward, Roc Nation, LLC had full knowledge of—and direct operational control over—Defendant Cartagena's business affairs. Roc Nation directly managed Defendant Cartagena's team, including the Plaintiff, and exercised active oversight over performance schedules, tour coordination, and studio work. Plaintiff and others on the team were required to answer to Roc Nation staff, follow directives issued by Roc Nation's managerial personnel, and were compensated through Roc Nation's personal accountant at BDO, further illustrating Roc Nation's central role in the structure, concealment, and perpetuation of the RICO enterprise.

7. Attached hereto as **Exhibit A** is a true and correct copy of the Filed Complaint.

8. Attached hereto as **Exhibit B** is a copy of Roc Nation's Motion to Dismiss and Memorandum of Law.

9. Attached hereto as **Exhibit C** is a summary table outlining Roc Nation's connections to the RICO enterprise and financial infrastructure as described in the Complaint.

10. Plaintiff respectfully requests that the Court:

    A. Deny Roc Nation's Motion to Dismiss;

B. Strike the irrelevant and prejudicial matter from Roc Nation's memorandum according to Rule 12(f);
C. Grant leave to amend should the Court find any aspect of the Complaint insufficiently pled.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 7, 2025
Brooklyn, New York

/s/Tyrone A. Blackburn
Tyrone A. Blackburn, Esq.
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Phone: 347-342-7432
Email: Tblackburn@tablackburnlaw.com

3