

**Driving progress through partnership**

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

July 22, 2025

**Via ECF**

Hon. Jennifer L. Rochon
United States District Court, Southern District of New York
500 Pearl Street, Room 1290
New York, NY 10007

> Re:   *Cartagena v. Dixon*, 1:25-cv-03552 (S.D.N.Y.) ("First Filed Action")
>       *Dixon v. Cartagena*, 1:25-cv-05144 (S.D.N.Y.) ("Second Filed Action")

Dear Judge Rochon:

Pursuant to Your Honor's Individual Rules of Practice and the Notice of Pretrial Conference, we write, jointly with counsel for Roc Nation, LLC ("Roc Nation"), to provide the Court with the information it requests in advance of the Pretrial Conferences scheduled for August 1, 2025 in the above-captioned actions. We note that we sent drafts of this letter to Tyrone Blackburn of T.A. Blackburn Law, PLLC ("Blackburn Law")—counsel for Terrance Dixon, Tyrone Blackburn and Blackburn Law—on July 18, 2022 at 8:01pm and July 21, 2022 at 11:06pm, asking for Mr. Blackburn's comments, or his consent to file on behalf of each of the foregoing parties. We also stated that we would file the letter on our own if we did not receive a response. Mr. Blackburn has not responded or otherwise asked to confer regarding the letter or proposed Civil Case Management Plan and Scheduling Order.

1. **Nature of The Actions**

<u>First Filed Action</u>.   In the First Filed Action, Cartagena alleges that Dixon, Blackburn and Blackburn Law engaged in a coordinated campaign of defamation, harassment, and extortion, including disseminating knowingly false and inflammatory accusations of criminal conduct such as sexual misconduct, pedophilia, statutory rape, and theft. Cartagena further alleges that Dixon, Blackburn, and Blackburn Law escalated this campaign by sending extortionate demand letters and threatening to file lawsuits containing fabricated allegations to coerce a multimillion-dollar settlement from Cartagena. Dixon, Blackburn and Blackburn Law have argued that their statements at issue in the First Filed Action are absolutely privileged and that Cartagena fails to state a claim.

<u>Second Filed Action</u>.  Almost two months after Cartagena brought the First Filed Action, Dixon filed the Second Filed Action against Cartagena, Roc Nation, and others. In the Second Filed Action, Dixon alleges that Cartagena's alleged failure to provide him with royalty payments constitute, among other things, human trafficking and a RICO conspiracy. Dixon makes the same accusations of criminal conduct that form the basis of the First Filed Action. Cartagena and Roc Nation deny his allegations.

Dixon has not served Cartagena with a Summons and Complaint in the Second Filed Action. The Court provided notice to Dixon on June 20, 2025 that his Request for Issuance of Summons was defective, but Dixon has not submitted a modified request. Thus, Cartagena has not yet appeared in the Second Filed

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT
HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Hon. Jennifer L. Rochon
Page 2

Action. If served, Cartagena anticipates moving to dismiss Dixon's claims on the basis that they are time-barred and, in any event, defectively pled.

## 2. Jurisdiction and Venue

(a)   Jurisdiction

First Filed Action. The Court has subject matter jurisdiction over the First Filed Action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, Cartagena is a citizen of the State of Florida. Dixon and Blackburn are citizens of the State of New York. Blackburn is the sole member of Blackburn Law, which is a law firm organized under the laws of the State of New York with its principal place of business at 1242 East 80th Street, Brooklyn, New York 11236. Blackburn Law is thus a citizen of the State of New York because its sole member, Blackburn, is a citizen of New York.

Second Filed Action. Dixon alleges the Court has subject matter jurisdiction over the Second Filed Action under 28 U.S.C. § 1331 because his claims arise under federal law, and under 28 U.S.C. § 1367(a) because his state law claims are "so intertwined and related" to his federal claims "that they form part of the same case or controversy."

(b)   Venue

In both actions, venue in the Southern District of New York is appropriate under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims asserted occurred in this judicial district.

## 3. Deadlines, Due Dates and/or Cut-off Dates

First Filed Action. Dixon, Blackburn and Blackburn Law's deadline to respond to Cartagena's Second Amended Complaint is August 4, 2025. A proposed Civil Case Management Plan and Scheduling Order for the First Filed Action is attached hereto.

Second Filed Action. Blackburn's deadline to serve the complaint on Cartagena is September 17, 2025. Cartagena and Roc Nation respectfully request that, because the vast majority of the defendants in the Second Filed Action have neither been served with the summons and complaint nor appeared, and because Roc Nation's motion to dismiss is pending, the Court decline to impose a Civil Case Management Plan and Scheduling Order in the Second Filed Action at this time. Roc Nation further submits that, to the extent the Court is inclined to issue a Scheduling Order notwithstanding the Cartagena and Roc Nation's joint position, the Court should exclude Roc Nation from any Scheduling Order and stay discovery as to Roc Nation until the Court resolves its pending motion to dismiss (ECF Nos. 10, 13). As Roc Nation argues in its motion, it has nothing to do with this case and Plaintiff's inclusion of Roc Nation as a defendant is baseless and improper. Roc Nation is confident the Court will agree that dismissal of the Complaint with prejudice as to Roc Nation is appropriate. As such, Roc Nation respectfully submits that it would be unfairly prejudicial for it to be subject to discovery and a Scheduling Order when Roc Nation never should have been included in this case at all.

## 4. Outstanding Motions

On June 23, 2025, after the Second Filed Action was assigned to Your Honor, Cartagena filed a letter motion requesting that the Court either stay or dismiss the Second Filed Action without prejudice to

Hon. Jennifer L. Rochon
Page 3



Dixon refiling his claims as counterclaims and third-party claims in the First Filed Action. First Filed Action, ECF No. 26. In the alternative, Cartagena requested that, pursuant to Local Civil Rule 1.6 and Rule 13(b)(3) of the Rules for the Division of Business Among District Judges, the Court deem both lawsuits related, in which case Cartagena will promptly move to consolidate them. *Id.* Dixon, Blackburn and Blackburn Law opposed Cartagena's motion on June 23, 2025. First Filed Action, ECF No. 27.

First Filed Action. On June 23, 2025, Dixon, Blackburn and Blackburn Law filed a motion to dismiss. First Filed Action, ECF Nos. 28-29. On July 21, 2025, Cartagena filed a Second Amended Complaint, thus rendering the motion to dismiss moot. First Filed Action, ECF No. 33.

Second Filed Action. On June 23, 2025, Roc Nation filed a motion to dismiss. Second Filed Action, ECF No. 9-10. On July 7, 2025, Dixon filed an opposition to the motion to dismiss and a motion to strike certain statements from Roc Nation's motion to dismiss. Second Filed Action, ECF No. 11. On July 14, 2025, Roc Nation filed a reply in support of its motion to dismiss and an opposition to Dixon's motion to strike. Second Filed Action, ECF No. 13.

5. **Discovery**

No discovery has taken place.

6. **Prior Settlement Discussions:**

No settlement discussions have taken place.

7. **Alternative Dispute Resolution**

Cartagena and Roc Nation have discussed the use of alternate dispute resolution mechanisms and do not believe that a settlement conference before a Magistrate Judge, participation in the District's Mediation Program, or retention of a privately retained mediator would be appropriate at this time. Cartagena and Roc Nation reserve their rights to request a settlement conference prior to trial.

8. **Other Information**

Cartagena and Roc Nation have no additional information to share with the Court at this time.

Respectfully submitted,

| **REED SMITH LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
|---|---|
| */s/ Jordan W. Siev* | */s/ Joanna Menillo* |
| Jordan W. Siev | Alex Spiro |
|  | Joanna Menillo |
| **TACOPINA SEIGEL & DEOREO** |  |
|  | *Attorneys for Roc Nation, LLC* |
| */s/ Joseph Tacopina* |  |
| Joseph Tacopina |  |
| *Attorneys for Joseph Cartagena* |  |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CARTAGENA

                Plaintiff(s),

-against-

TERRANCE DIXON,
TYRONE BLACKBURN,
and T.A. BLACKBURN
LAW, PLLC     Defendant(s).

25-cv-03552 (JLR)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

JENNIFER L. ROCHON, United States District Judge:

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within three days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]*

2. Settlement discussions [have ☐ / have not ☑] taken place. Counsel for the parties have discussed an informal exchange of information in aid of early settlement in this case and have agreed upon the following: _____
_____
_____

3. The parties [have ☑ / have not ☐] conferred pursuant to Federal Rule of Civil Procedure 26(f).

4. The parties [have ☑ / have not ☐] conferred about the basis of subject-matter jurisdiction and agree that subject-matter jurisdiction exists.

5. Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be completed no later than **August 15, 2025**. *[Absent exceptional circumstances, a date not more than 14 days after the parties' conference pursuant to Federal Rule of Civil Procedure 26(f).]*

6. Unless a party amends a pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than __September 1, 2025__. *[Absent exceptional circumstances, a date not more than 30 days following the date of this Order.]*

7. Fact Discovery

    a. Initial requests for production of documents shall be served no later than __August 18, 2025__.

    b. Interrogatories shall be served no later than __September 15, 2025__.

    c. Requests to admit shall be served no later than __September 15, 2025__.

    d. Depositions shall be completed no later than __December 1, 2025__.

    e. All fact discovery shall be completed no later than __December 1, 2025__. *[A period not to exceed 120 days from the date of this Order, unless approved by the Court due to exceptional circumstances.]*

    f. Any of the deadlines in paragraphs 7(a)-(d) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(e).

8. Expert Discovery, if any

    a. Plaintiff's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than __December 19, 2025__.

    b. Defendant's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) shall be made no later than __January 6, 2025__.

    c. All expert discovery, including expert reports and depositions, shall be completed no later than __January 20, 2025__. *[Absent exceptional circumstances, a date no later than 45 days from the end of fact discovery deadline set forth in paragraph 7(e).]*

    d. The interim deadlines in paragraphs 8(a)-(b) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 8(c).

9. [*If applicable*]  The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____.

10. All motions and applications shall be governed by the Court's Individual Rules and Practices in Civil Cases, the Federal Rules of Civil Procedure, and the Local Rules of the United States District Courts for the Southern District of New York.  Any extensions of the dates therein must be approved by the Court.

11. Any discovery disputes shall be addressed according to Section 2(E) of the Court's Individual Rules and Practices in Civil Cases.

12. All discovery must be completed no later than **January 20, 2025**.  *[This date should be the later of the dates in paragraphs 7(e) and 8(c) above.]*

13. No later than one week after the close of fact discovery, counsel for all parties must meet for at least one hour to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the one-hour settlement discussion occurred and stating whether all parties consent to mediation or a settlement conference to be held before the designated Magistrate Judge.  The letter should not identify, explicitly or implicitly, any party that has declined to so consent.  The use of any alternative dispute resolution mechanism does not stay or modify any date of this Order.

14. The Court will conduct a post-discovery pre-trial conference on _____ at _____.  *[To be completed by the Court.]*  No later than one week in advance of the conference, the parties are to submit a joint two-page letter updating the Court on the status of the case, including proposed deadlines for pretrial submissions and trial dates.  This conference will either serve as a pre-motion conference or will be used to set a trial date and dates for pretrial submissions.  If a party wishes to move for summary judgment or to exclude expert testimony, it must, no later than three weeks before the conference, file a letter as set forth in Section 3(I) of the Court's Individual Rules and Practices in Civil Cases, and any response letter shall be filed no later than two weeks before the conference.

15. Unless otherwise ordered by the Court, the parties shall submit a Joint Pretrial Order prepared in accordance with Federal Rule of Civil Procedure 26(a)(3) and other pretrial submissions pursuant to the Court's Individual Rules and Practices in Civil Cases within 30 days of any decision on a summary judgment motion.

16. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order, even if trial is tentatively scheduled for a later date.

17. The case [is ✓ / is not ☐ ] to be tried to a jury.

18. Counsel for the parties have conferred and their best estimate of the length of trial is **5 days**.

19. Other issues to be addressed at the Initial Case Management Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below:

   _____
   _____
   _____
   _____

20. Counsel for the Parties:

   | **Jordan Siev, Reed Smith LLP** | **Tyrone Blackburn, T.A. Blackburn** |
   | **Joseph Tacopina, Tacopina Seigel** | **Law, PLLC** |
   | **& DeOreo, Attorneys for Plaintiff** | **Attorney for Defendants** |

21. The next case management conference is scheduled for _____ at _____. [*To be completed by the Court.*]

   This Order may not be modified or the dates herein extended, except by further Order of the Court for good cause shown (except as provided in paragraphs 7(f) and 8(d)). Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no less than two business days prior to the expiration of the date sought to be extended.

Dated:
   New York, New York

                                             SO ORDERED.


                                             _____
                                             JENNIFER L. ROCHON
                                             United States District Judge