

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

July 29, 2025

**VIA ECF**

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street - Courtroom 20B
New York, NY 10007

> Re: *Cartagena v. Dixon*, 1:25-cv-03552 (S.D.N.Y.) ("First Filed Action")
> *Dixon v. Cartagena*, 1:25-cv-05144 (S.D.N.Y.) ("Second Filed Action")

Dear Judge Rochon:

We write, jointly with our co-counsel Tacopina Seigel & Deoreo and counsel for Roc Nation, LLC ("Roc Nation"), to respectfully request that the Court hold the Initial Pretrial Conferences scheduled for August 1, 2025 in the above-captioned actions remotely pursuant to Section 2.A-B of Your Honor's Individual Rules of Practice. We also write on behalf of our clients in the First Filed Action (to which Roc Nation is not a party) to oppose Terrance Dixon, Tyrone Blackburn and T.A. Blackburn Law PLLC's (collectively, the "Blackburn Parties") letter requesting that the Court stay the August 1, 2025 Initial Pretrial Conference and "all associated deadlines" in the First Filed Action.

**1.    Good Cause Exists to Hold the Initial Pretrial Conferences Remotely**

The Initial Pretrial Conferences are scheduled for August 1, 2025. Although they are set to be in-person, good cause exists for holding them remotely. Roc Nation's counsel is traveling out of state. Further, I plan to attend the Initial Pretrial Conferences, but am preparing for a trial commencing on the business day following the Initial Pretrial Conferences. Holding the Initial Pretrial Conferences remotely would not prejudice any party, as all parties would have equal opportunity to be heard.

On July 29, 2025, Mr. Cartagena requested the Blackburn Parties' consent to hold the Initial Pretrial Conferences remotely. In responding, the Blackburn Parties did not address the substance of this request. Instead, they stated only that they would be "opposing the initial conference" until after their "forthcoming the [sic] motion to dismiss is decided." But the Blackburn Defendants do not explain *why* the Initial Pretrial Conference in the First Filed Action should be "stayed" while the Initial Pretrial Conference in the Second Filed Action proceeds. Moreover, the Blackburn Parties' putative motion to dismiss the First Filed Action is no basis to "stay" the Initial Pretrial Conference, which the Court scheduled several weeks ago. *See* Fed. R. Civ. P. 16. The Federal Rules and this Court's Individual Rules contemplate the Initial Pretrial Conference as a critical step in case management, regardless of the pendency of dispositive motions. A stay would only serve to delay the case.

Should the Court grant Mr. Cartagena's and Roc Nation's request to hold the Initial Pretrial Conferences remotely, the names, telephone numbers, and email addresses of counsel who may speak on behalf of Mr. Cartagena and Roc Nation during the conference are:

Hon. Jennifer L. Rochon
July 29, 2025
Page 2



| *For Joseph Cartagena:* | *For Roc Nation, LLC:* |
|---|---|
| **Joseph Tacopina** <br> Tel.: (212) 227-8877 <br> Email: jtacopina@tacopinalaw.com | **Joanna Menillo** <br> Tel.: (212) 849-7050 <br> Email: joannamenillo@quinnemanuel.com |
| **Chad Derek Seigel** <br> Tel.: (212) 227-8877 <br> Email: cseigel@tacopinalaw.com | |

**2. The Court Should Deny the Blackburn Parties' Request to Stay Discovery in the First Filed Action**

The general rule is that "the filing of a motion to dismiss does not itself constitute good cause" to issue a discovery stay. *Morales v. Next Stop 2006, Inc.*, 2022 U.S. Dist. LEXIS 196021, at *3 (S.D.N.Y. Oct. 27, 2022) (Rochon, J.) (internal quotations omitted). Rather, in determining whether to stay discovery pending a motion to dismiss, courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.* (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)).

Each of the relevant factors weigh against a stay of discovery in the First Filed Action. **First**, the Blackburn Parties cannot establish that their putative motion to dismiss is meritorious because the Blackburn Parties have not filed it, and thus the Court and the parties are left to speculate as to its contents and likelihood of success. **Second**, the Blackburn Parties are unable to establish that Mr. Cartagena seeks expansive discovery because Mr. Cartagena has yet to serve any discovery requests. There is no indication that discovery will be unduly burdensome or disproportionate to the needs of the case at this early stage. **Third**, while the Blackburn Parties do not—because they cannot—show that they will be prejudiced by engaging in discovery, a stay would cause undue delay and hamper Mr. Cartagena's ability to litigate the First Filed Action.

Accordingly, the Blackburn Parties have not shown "good cause" to stay discovery, and the Court should deny the Blackburn Parties' letter motion.

\*   \*   \*

For the reasons discussed above, it is respectfully submitted that the Court should grant the request to hold the Initial Pretrial Conferences remotely and deny the Blackburn Parties' letter motion for a stay of the Initial Pretrial Conference and "all associated deadlines" in the First Filed Action.

Respectfully submitted,

/s/ Jordan W. Siev

cc:   All counsel by ECF