*By ECF and fax to RochonNYSDChambers@nysd.uscourts.gov*

The Honorable Jennifer L. Rochon
United States District Court Judge for the
    Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

*Dixon v. Cartagena*, 1:25-CV-05144-JLR (SDNY)
(consolidated with *Cartagena v. Dixon*, 1:25-cv-03552-JLR (SDNY))

**Subject: Letter Motion for Consolidated Briefing Schedule
for Defendants' Motions to Dismiss, Adjournment of Conference and Stay of Discovery**

Dear Judge Rochon:

    The seven named defendants in the action *Dixon v. Cartagena, et al.* have consented to service, and have answer/motion deadlines ranging from November 3, 2025 to November 10, 2025 (ECFs 27-29, 33-35).[1] Roc Nation, LLC has already moved to dismiss the claims pending against it (ECF 9) and for sanctions (ECF 15), while each of the other defendants likewise intend to move to dismiss the complaint, and their answer/motion dates are all outside the October 15, 2025 date that the Court has scheduled for an initial pretrial conference (ECF 21).

    To avoid duplicative briefing, promote efficiency, and minimize burden on the Court and parties, the parties respectfully request that the Court approve a consolidated briefing schedule and word limits. The parties further request that the October 15 conference be adjourned until after briefing is complete and that discovery be held in abeyance pending resolution of the motion to dismiss. While the parties have met and conferred, they remain at an impasse on certain issues concerning the proposed briefing structure, as set forth below:

1. The parties agree that they shall consolidate their briefing of issues to the fullest extent possible. In particular, the parties agree that, in lieu of each defendant independently moving to dismiss, all defendants who have not previously moved to dismiss shall file an omnibus brief limited to 12,500 words on or before November 10, 2025. Individual defendants may simultaneously file supplemental briefs limited to 3,000 words per defendant concerning issues that are unique to them.

2. The parties agree that Plaintiff shall file an opposition brief on or before January 31, 2026, although the parties disagree as to the appropriate length of that brief. Plaintiff proposes that his opposition brief should be limited to 30,000 words, *i.e.*,

---

[1] Plaintiff's counsel filed a declaration on October 2, 2025, in which he claims that "defense counsel has engaged in collateral tactics" that purportedly prevented him from timely submitting those waivers of service (ECF 36). The undersigned strongly disagree with the allegations set forth therein, including in particular the implication that the undersigned conspired to "secure [Mr. Blackburn's] arrest" based on "demonstrably false allegations."

1

        over 100 pages, which Defendants view as excessive. Defendants propose that the opposition brief should be limited to 20,000 words.

3. The parties agree that Defendants joining the November 10 omnibus brief shall file an omnibus reply brief limited to 6,250 words on or before March 16, 2026, with individual defendants permitted to simultaneously file supplemental reply briefs limited to 2,000 words concerning issues that are unique to them on that same date. To the extent the Court permits Plaintiff's opposition brief to exceed 20,000 words, however, Defendants respectfully request proportional increases to the word limits for their respective reply briefs.

4. The parties agree that the pretrial conference scheduled for October 15, 2025 should be adjourned until after briefing has concluded. Plaintiffs are generally available throughout April and thereafter. No prior requests for adjournments have been made.

      Because the pending and forthcoming motions likely will result in dismissal, or at a minimum significantly narrow the issues, Defendants respectfully request that the Court stay discovery until it has resolved the motions to dismiss and Roc Nation's motion for sanctions.[2] As Roc Nation has shown in its pending motions, and the remaining Defendants will do in their forthcoming ones, the Complaint is a legally meritless, vexatious litigation tactic motivated by the improper purpose to bring shame and embarrassment on innocent third parties. Staying discovery pending the Court's resolution of multiple dispositive motions would promote judicial economy, spare innocent parties the burden and expense of what almost certainly will be unnecessary discovery, and cause no prejudice to Plaintiff, who nevertheless opposes such a stay.

      The court has "considerable discretion to stay discovery" where good cause is shown. *See Gross v. Madison Sw. Garden Entmn't Corp.*, 2023 WL 6815052, *1 (S.D.N.Y. Oct. 17, 2023). The existence of good cause turns on the consideration of several factors, including "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Wellington v. The City of New York*, 2025 WL 2720818, *1 (S.D.N.Y. Sept. 24, 2025) (granting stay in discovery pending motion to dismiss) (Rochon, J.). Each factor weighs in favor of a stay in this case.

      ***First***, the Court has two dispositive motions pending (ECF 10, 15) and more on the horizon. Where the motions "may be dispositive of some or all of Plaintiff's claims, which could narrow or eliminate the need for discovery, this factor weighs in favor of granting a stay." *Wellington*, 2025 WL 2720818, at *1. Here, Roc Nation's motions have demonstrated that Plaintiff sued for an impermissible purpose and should be dismissed with prejudice, including because the complaint asserts time-barred claims and does not adequately allege *any* conduct by Roc Nation that would give rise to the claims against them. (ECF 10, 15.) Similarly, the remaining Defendants intend to seek dismissal of Plaintiff's Complaint on additional grounds. These include that: (1) the Complaint is an impermissible "shotgun" pleading, full of inflammatory, immaterial, and

---

[2] Defendants and Plaintiff met and conferred on this issue but could not reach agreement. Plaintiff will be submitting his own letter in response.

scandalous allegations that fail to provide fair notice of the claims or the specific conduct attributed to each Defendant; (2) the federal claims under the TVPA and RICO statutes are time-barred and do not reach the plausibility threshold required to compel an answer; and (3) the state-law claims for unjust enrichment, quantum meruit, fraud, and constructive trust are preempted by the Copyright Act, barred by the statute of frauds and limitations, and duplicative of Plaintiff's defective royalty and authorship theories. The resolution of Defendants' dispositive motions is overwhelmingly likely to result in dismissal with prejudice of Plaintiff's claims. A stay of discovery is therefore appropriate.[3]

**Second**, the breadth of discovery and burden to Defendants in responding to it will be considerable. Plaintiff's sprawling 775-paragraph complaint alleges that seven named defendants (and numerous John and Jane Does and ABC Corporations who have since been dismissed from this action (ECF 37)) took part in a 16-year-long conspiracy of sex trafficking, forced labor, racketeering, and violations of state law. Though Plaintiff has served no discovery demands in connection with these claims, Defendants anticipate that any such requests will be wide-reaching and that responding to them will require significant time and expenses, including from the Court, which may be called upon to resolve discovery disputes. These factors favor a stay, as well.[4]

**Finally**, Plaintiff would suffer no cognizable prejudice from a stay. It appears he is nowhere close to beginning to prosecute this action much less take discovery, as he has made no effort to move the case along (aside from speaking to the press about it). In a relatively new case where Plaintiff has let it languish, Plaintiff cannot credibly claim that a stay would prejudice him. Moreover, given the strength of Roc Nation's motions and Defendants' forthcoming motions to dismiss, a stay in discovery "may also have the advantage of simplifying and shortening discovery in the event some of plaintiff[']s claims are dismissed."[5]

Because each factor weighs heavily in favor of a stay in discovery until resolution of Roc Nation's pending, and the other Defendants' forthcoming, dispositive motions, Defendants respectfully request that the Court stay discovery.

We appreciate the Court's consideration of these requests.

---

[3] *See e.g.*, *Del Mar TIC I, LLC v. Bankcorp Bank*, 2024 WL 1348501, *1 (S.D.N.Y. Mar. 29, 2024) (factor weighed in favor of stay where motion already filed "appear[ed] not to be unfounded in the law" and could "dispose of the entire action") (Rochon, J.); *Richardson v. City of New York*, 2022 WL 2003340, *2 (S.D.N.Y. June 6, 2022) (motion that "provide[d] substantial arguments for dismissal of many, if not all, of the claims asserted" weighed in favor of stay).

[4] *See e.g. Alapaha View Ltd. Prodigy Network, LLC*, 2021 WL 1893316, *2 (S.D.N.Y. May 10, 2021) (factor favored stay where case involved "conduct spanning over multiple years, 26 plaintiffs, six defendants" and complaint spanned "more than 200 paragraphs … and involve[d] five separate counts"); *Spinelli v. Nat'l Football League*, 2015 WL 7302266, *2 (S.D.N.Y. Nov. 17, 2015) (finding discovery "likely to be broad and significant" given "40 defendants named in the lawsuit, the intricacy of the contractual provisions involved, and complex … claims asserted"); *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, *8 (S.D.N.Y. April 26, 2018) (factor militated in favor of stay where "plaintiffs' claims relate to documents that go back decades in time").

[5] *See e.g.*, *Pujals v. BDO USA, P.C.*, 2025 WL 2644238, *4 (S.D.N.Y. Sept. 15, 2025) (finding breadth and burden of discovery outweighed minimal prejudice in case "barely six months old") (Rochon, J.); *see also Alapaha*, 2021 WL 1893316, at *3 (complexity of action, breadth of discovery, and strength of motion to dismiss outweighed any minimal prejudice from stay).

Respectfully submitted,

By: ___/s/ Jordan W. Siev_____
    Jordan W. Siev
    REED SMITH LLP
    599 Lexington Avenue
    New York, NY 1022
    212-521-5400
    jsiev@reedsmith.com

    Joseph Tacopina
    TACOPINA SEIGEL & DEOREO
    275 Madison Avenue, 35th Floor
    New York, New York 10016
    212-227-8877
    jtacopina@tacopinalaw.com

    *Attorneys for Defendants Joseph Antonio Cartagena, Slate, Inc., Sneaker Addict Touring LLC*

By: ___/s/ Adam M. Bialek_____
    David H. Wollmuth
    Adam M. Bialek
    Phillip R. Schatz
    WOLLMUTH MAHER & DEUTSCH LLP
    500 Fifth Avenue
    New York, NY 10110
    dwollmuth@wmd-law.com
    abialek@wmd-law.com
    pschatz@wmd-.law.com

    *Attorneys for Defendants Ricard Jospitre and Peter Torres*

By: ___/s/ Joanna Elizabeth Menillo_
    Alex Spiro
    Joanna Elizabeth Menillo
    QUINN EMANUEL URQUHART SULLIVAN LLP
    295 Fifth Avenue
    New York, NY 10016
    alexspiro@quinnemanuel.com
    joannamenillo@quinnemanuel.com

    *Attorneys for Defendant Roc Nation, LLC*

By: ___/s/ Michael L. Nadler_____
    Reed Brodsky
    Michael L. Nadler
    GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
    New York, NY 10166
    rbrodsky@gibsondunn.com
    mnadler@gibsondunn.com

    *Attorneys for Erica Juliana Moreira*