

# T. A. BLACKBURN LAW

### TYRONE A. BLACKBURN

---

MEMBER OF
NY & NJ BAR

---

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

---

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT

---

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

October 8, 2025

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

> **Re:** *Joseph Cartagena v. Terrance Dixon, et al.,*
> Case No. 1:25-cv-03552 (JLR)
> **Response to Plaintiff's October 7, 2025, Letter (ECF No. 68)**

Dear Judge Rochon:

I respectfully submit this letter in response to Plaintiff's October 7, 2025, submission filed by Reed Smith LLP. Plaintiff's letter improperly asks this Court to draw adverse inferences based on an unrelated sanctions order entered in *Jakes v. Youngblood*, No. 2:24-cv-1608 (W.D. Pa. Oct. 6, 2025). That order is not binding on this Court, has no factual nexus to this action, and was materially mischaracterized by Plaintiff's counsel. I take full ownership of the citation errors I previously made as I continue to learn how to navigate this rapidly evolving AI legal landscape.

## 1. The Jakes Order Is Non-Binding and Contextually Misstated

*Jake's* order was issued by the Western District of Pennsylvania in accordance with Third Circuit precedent. Rule 11 sanctions are inherently case-specific and do not extend beyond the matter in which they are entered.

The Court in *Jakes* expressly acknowledged that I was not the only attorney to experience citation errors arising from the introduction of AI, noting that such problems are "not unique" and "not even novel" to me. The Court also recognized that I apologized and, *sua sponte*, took several CLE trainings to educate myself about AI ethics and the technological issues affecting citation integrity. The Court denied defense counsel's request for over $70,000 in fees and issued a $5,000 sanction as a deterrent, a measure that other courts have employed in similar situations.



347-342-7432    tblackburn@tablackburnlaw.com    TABlackburnlaw.com



# T. A. BLACKBURN LAW

As I explained in my letter dated October 2, 2025, AI is rapidly emerging as a significant issue in the law.  To date, there have been over 400 incidents of AI citation issues since January 2025.  This includes two United States Federal Judges[1] pulling opinions; a Georgia Court of Appeals reversing a lower court decision; the disqualification of several expert opinions, hundreds of pro se litigant filings, and multiple state court judges pulling opinions.

Law Schools all over the world are assessing the impact of the AI additions to LexisNexis and Westlaw, which have been at the center of these growing citation issues.  One law professor conducted a study and determined that LexisNexis Protégé, the upgrade that caused the errors in my filings, is unreliable[2].

2.  **The Errors in *Cartagena v. Dix*on Were Immediately Corrected**

Although several citation discrepancies were later identified in Defendants' memorandum of law in support of the motion to dismiss in the *Cartagena v. Dixon* case, I promptly moved to correct them.  I submitted a written explanation to the Court, identifying the affected citations, clarifying that the citations and quotes themselves were from real cases I researched and were not fabricated, and providing the accurate, verified authorities for the Court's review.  Additionally, I provided the Court with the corrected Memorandum of Law.  If necessary, I am prepared to provide the metadata from my research to demonstrate that the cases were researched and identified before the filing of the original memorandum of law.

Unlike in *Jakes*, where I did not yet fully understand the scope of the AI-related citation errors and was still relying on the long-standing accuracy of my LexisNexis account—a system I have used for more than a decade—the issues in this case were caught early and fully remedied before the Court relied on any affected material.  There has been no recurrence of similar citation issues in any filing since that correction.

---

[1] On October 6, 2025, the chair of the US Senate Judiciary Committee, Senator Chuck Grassley, sent a letter to the impacted Judges demanding answers for their unintentional citation errors.  Letter to Judge Wingate: https://www.grassley.senate.gov/imo/media/doc/grassley_to_the_honorable_henry_twingateaioversight.pdf.  Letter to Judge Neals: https://www.grassley.senate.gov/imo/media/doc/grassley_to_the_honorable_julien_xavier_neals_-_ai_oversight.pdf
[2] https://www.nationalmagazine.ca/en-ca/articles/law/opinion/2024/law-professor-gives-lexis-ai-a-failing-grade

 



## T. A. BLACKBURN LAW

3.  **Plaintiff's Counsel's Mischaracterizations Are Misleading and Improper**

The *Jakes'* order did <u>not</u> find willful deceit, fabrication, or bad faith.  Instead, it imposed a limited deterrent sanction after acknowledging that AI-generated citation errors have become a widespread concern within the legal industry.  Plaintiff's counsel's attempt to weaponize that isolated and non-precedential order in this unrelated SDNY case is improper, irrelevant, and prejudicial.

Rule 11(b)(1) prohibits filings presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  The October 7 letter serves precisely that purpose—it maligns opposing counsel while offering no legal argument related to the merits of this defamation and intentional infliction of emotional distress case, which they have woefully struggled to defend.

4.  **Plaintiff Cartagena's Criminal Record and Credibility Issues**

Since Plaintiff's counsel has introduced extrinsic materials for the Court's consideration, Defendants respectfully note for the record that Defendant Joseph Cartagena has a federal criminal conviction for tax fraud and related offenses that relate directly to the claims raised in *Dixon v. Cartagena, et al.*

- On December 20, 2012, Mr. Cartagena was indicted in the District of New Jersey for willful failure to file income tax returns and underreporting over $3 million in income.
- He entered a guilty plea admitting to those offenses, and
- On June 24, 2013, he was sentenced to four months in federal custody, one year of supervised release, and ordered to pay restitution.

Upon information and belief, despite that conviction, evidence suggests a continued pattern of financial misconduct, including off-book cash concert payments, money laundering through shell companies (Sneak Addict Touring and Slate, Inc.), intentional misreporting of employee earnings to the IRS and other State taxation entities, and multiple unreported cash gifts in excess of $50,000.

Defendants' Cartagena's continued criminal actions are the basis for Defendants' request to stay discovery pending the outcome of their forthcoming joint motion to dismiss in *Dixon v. Cartagena, et al.*  They are attempting to stop Mr. Dixon from sending subpoenas to federal and state tax authorities for copies of Mr. Cartagena's and his related companies' (Slate, Inc., and



# T. A. BLACKBURN LAW

Sneaker Addict Touring) employee tax filings concerning Mr. Dixon's time working for Mr. Cartagena.

I respectfully request that the Court disregard Plaintiff's October 7, 2025, letter as immaterial and prejudicial; or, in the alternative, strike it from the docket pursuant to Local Civil Rule 7.1 and the Court's inherent authority.

I further reserve all rights to seek sanctions or other relief should Mr. Cartagena and his counsels continue filing ad hominem submissions unrelated to the merits of the *Cartagena v. Dixon, et al.*, or *Dixon v. Cartagena, et al.*, cases.

Respectfully,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

CC: All attorneys of record via ECF.

See enclosed, Exhibit 1 *USA v. Joseph Cartagena.*

