# Exhibit B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**JOSEPH CARTAGENA**,

*Plaintiff*,

v.

**TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,**

*Defendants*.

Civil Action No. 25-cv-03552

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT TYRONE BLACKBURN'S FIRST SET OF INTERROGATORIES**

Plaintiff Joseph Cartagena ("Plaintiff") by his undersigned attorneys, responds and objects to Defendant Tyrone Blackburn's First Set of Interrogatories as follows.

## GENERAL RESPONSES AND OBJECTIONS

Each of the following General Objections is incorporated by reference as an objection to each Interrogatory, whether or not specific reference is made in response to the Interrogatory.

1. **Overbreadth/Undue Burden/Proportionality**: Plaintiff objects to the Interrogatories pursuant to Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C) on the grounds that the requested scope of "January 1, 2006, to the present" is overbroad, unduly burdensome, and not proportional to the needs of the case. Unless otherwise stated, Plaintiff limits responses to a reasonable period tied to the allegations (generally January 1, 2023 to present) and to sources reasonably accessible after a reasonable search.

2. **Privilege/Protection**: Plaintiff objects to requests seeking information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, joint-defense privilege, trial-preparation protection, mediation or settlement privilege (Fed. R. Evid. 408), or any other applicable privilege or protection, including mental impressions, legal strategy, internal legal analyses, and communications with counsel, publicists, and consultants retained at counsel's

direction for litigation/PR strategy. Privileged materials will not be produced. Plaintiff will provide a privilege log consistent with Rule 26(b)(5) and local rules to the extent required. In particular, Plaintiff objects to Definition No. 1 to the extent that it seeks to require Plaintiff to produce all responsive documents that are in the possession, custody or control of its "attorneys[.]" The inadvertent disclosure of any information subject to such privileges and/or protections is not intended to relinquish any privilege and/or protection.

3.    **Privacy/Confidentiality**: Plaintiff objects to requests seeking personal, confidential, proprietary, or private information of Plaintiff or third parties (including medical and financial information) absent a suitable protective order. Production, where any, will be designated under a protective order to be negotiated or submitted to the Court.

4.    **Premature Contentions/Expert Discovery**: Plaintiff objects to requests seeking detailed contentions, legal conclusions, and expert opinions and calculations before adequate discovery, expert retention, and the Court's scheduling order deadlines.

5.    **Publicly Available/Equally Accessible**: Plaintiff objects to requests seeking information equally available to Defendants (e.g., Defendants' own posts, podcasts, press statements, and public social media content). Plaintiff will not undertake to collect/produce materials solely available from Defendants or public sources but will identify or produce exemplars responsive to specific requests subject to objections.

6.    **Duplicative Definitions/Instructions**: Plaintiff objects to any instruction purporting to impose obligations beyond the Federal Rules, Local Rules, any Court orders, or stipulations.

7.    **Reservation of Rights**: Plaintiff reserves the right to supplement, amend, or correct these responses and to assert additional objections as appropriate.

## SPECIFIC RESPONSES AND OBJECTIONS

The General Objections and Reservations sections set forth above are incorporated by reference into each of the specific objections to the Interrogatories set forth below and have the same force and effect as if fully set forth below.

**INTERROGATORY NO. 1.**    Identify each and every statement allegedly made by Defendant Tyrone Blackburn that you contend was false, defamatory, or otherwise actionable, and for each such statement:

- Quote the specific language used;

- State the date and time it was made.

- Identify the medium (e.g., email, podcast, Instagram post, interview);

- Describe the context or circumstances in which it was made; and

- Identify all third parties to whom the statement was communicated or made accessible.

**RESPONSE:** Plaintiff objects to this Interrogatory for the following reasons:

1.    The Interrogatory is premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

2.    The Interrogatory is overbroad because it purports to require Plaintiff to identify (i) "*each and every* statement allegedly made by Defendant Tyrone Blackburn that you contend was false, defamatory, or otherwise actionable," irrespective of whether such statements relate to any

3

claims or defenses; and (ii) "*all* third parties to whom the statement was communicated," when such information is not in Plaintiff's possession, custody, or control.

3.    The Interrogatory is vague and ambiguous because the phrase "context or circumstances in which it was made" is undefined. Plaintiff will interpret this request to mean "a description of any non-verbal aspect of the statement."

**INTERROGATORY NO. 2.**    Describe in detail the basis for your contention that Tyrone Blackburn acted with "actual malice" or "reckless disregard of the truth" in making any of the statements identified in response to Interrogatory No. 1, including the specific facts, evidence, or communications that you rely upon to support that contention.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

**INTERROGATORY NO. 3.**    Identify each and every individual with whom you, your counsel, or your agents communicated regarding Tyrone Blackburn's alleged statements or conduct before the filing of your initial Complaint, and state the date, nature, and substance of each such communication.

**RESPONSE:** Plaintiff objects to this Interrogatory for the following reasons:

1.    The Interrogatory is premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and

general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

2.      The Interrogatory is improper to the extent that it seeks the "date, nature, and substance of" the requested communications because it is "not a more practical method of obtaining" such information than "a request for production or a deposition." Local Civ. R. 33.3(b).

3.      The Interrogatory specifically seeks information protected by the attorney client privilege and/or the work/product doctrine to the extent it seeks the "nature" and "substance" of communications between Plaintiff and his "counsel."

**INTERROGATORY NO. 4.**        Identify all audio and video recordings, transcripts, or written summaries received from Defendant Blackburn that you claim were misrepresented, fabricated, incomplete, or deceptive, and explain in detail the basis for each such claim.

**RESPONSE**: Plaintiff objects to this Interrogatory for the following reasons:

1.      The Interrogatory is premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

2.      The Interrogatory is vague and ambiguous because the terms "misrepresented," "incomplete," and "deceptive" are undefined and do not appear in the Second Amended Complaint

in reference to the "video recordings, transcripts, or written summaries" Plaintiff received from Defendant Blackburn.

**INTERROGATORY NO. 5.**        State all facts that support your allegation that Tyrone Blackburn falsely represented that he had corroborated his client's allegations with purported minor victims, including:

- The identities of the women you believe he referenced.

- Any efforts made by you or your agents to contact them; and

- The results of any investigation or inquiry you conducted.

**RESPONSE:** Plaintiff objects to this Interrogatory for the following reasons:

1.      The Interrogatory is premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

2.      The Interrogatory is improper because it is "not a more practical method of obtaining" the requested information than "a request for production or a deposition." Local Civ. R. 33.3(b).

**INTERROGATORY NO. 6.**        Identify with specificity all damages you claim to have suffered as a result of any alleged conduct by Tyrone Blackburn, including:

- Reputational harm;

- Emotional distress;

- Financial or business losses;

- Legal fees and costs incurred as a result of his conduct.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

Subject to and without waiving the foregoing objections, Plaintiff will identify the computation of each category of such damages, limited to non-privileged information presently known and discoverable after a reasonable investigation, after the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**INTERROGATORY NO. 7.**    State whether you contend that Defendant Blackburn contacted, interfered with, or defamed you to any third-party business partner, sponsor, brand, or media outlet. If so, identify:

- The third party;

- The date and nature of the alleged contact;

- The substance of the communication.

- The impact of the contact on your business or personal affairs.

**RESPONSE:** Plaintiff objects to this Interrogatory for the following reasons:

1. The Interrogatory is premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and

general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

2.      The Interrogatory is improper because it is "not a more practical method of obtaining" such information than "a request for production or a deposition." Local Civ. R. 33.3(b).

3.      The Interrogatory is duplicative of Interrogatory No. 6 to the extent it seeks "the impact of the contact on your business or personal affairs."


Dated:    September 24, 2025
          New York, New York                    /s/ Joseph Tacopina
                                                Joseph Tacopina
                                                Chad Seigel
                                                Matthew DeOreo
                                                **Tacopina Seigel & DeOreo**
                                                275 Madison Avenue, 35th Floor
                                                New York, New York 10016
                                                212-227-8877
                                                jtacopina@tacopinalaw.com
                                                cseigel@tacopinalaw.com
                                                Mdeoreo@tacopinalaw.com

                                                **Of Counsel:**

                                                Jordan W. Siev
                                                **Reed Smith LLP**
                                                599 Lexington Avenue, 22nd Floor
                                                New York, New York 10022
                                                212-205-6087
                                                jsiev@reedsmith.com

## **<u>VERIFICATION</u>**

I, Joseph Cartagena, state that I have read Defendants' First Set of Interrogatories and my responses to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 24, 2025.

_____
JOSEPH CARTAGENA

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 24, 2025, I served the foregoing **PLAINTIFF'S**

**RESPONSES AND OBJECTIONS TO DEFENDANT TYRONE BLACKBURN'S FIRST**

**SET OF INTERROGATORIES** by electronic mail upon the following counsel of record:


Joseph Tacopina, Esq.                                 *Attorneys for Plaintiff Joseph Cartagena*
jtacopina@tacopinalaw.com
Chad D. Seigel, Esq.
cseigel@tacopinalaw.com
Matthew G. DeOreo, Esq.
Mdeoreo@tacopinalaw.com
**TACOPINA SEIGEL & DEOREO**
275 Madison Avenue, 35th Floor
New York, New York 10016

Jordan W. Siev, Esq.
jsiev@reedsmith.com
**REED SMITH LLP**
599 Lexington Avenue, 22nd Floor
New York, New York 10022



Tyrone Blackburn, Esq.                                 *Attorney for Defendants Terrance Dixon,*
tblackburn@tablackburnlaw.com          *Tyrone Blackburn, and T.A. Blackburn Law,*
**T.A. BLACKBURN LAW, PLLC**           *PLLC*
1242 East 80th Street, Third Floor
Brooklyn, New York 11236




_/s/ Ian M. Turetsky_____
Ian M. Turetsky

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JOSEPH CARTAGENA**, | Civil Action No. 25-cv-03552 |
| *Plaintiff*, | |
| v. | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT T.A. BLACKBURN LAW, PLLC'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** |
| **TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,** | |
| *Defendants*. | |

Plaintiff Joseph Cartagena ("Plaintiff") by his undersigned attorneys, responds and objects to Defendant T.A. Blackburn Law, PLLC's First Request for the Production of Documents ("Requests" collectively, and "Request" individually) as follows.

## GENERAL RESPONSES AND OBJECTIONS

Each of the following General Objections is incorporated by reference as an objection to each Interrogatory, whether or not specific reference is made in response to the Interrogatory.

1.      **Overbreadth/Undue Burden/Proportionality**: Plaintiff objects to the Requests pursuant to Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C) on the grounds that the requested scope of "January 1, 2006, to the present" is overbroad, unduly burdensome, and not proportional to the needs of the case. Unless otherwise stated, Plaintiff limits responses and productions to a reasonable period tied to the allegations (generally January 1, 2023 to present) and to sources reasonably accessible after a reasonable search.

2.      **Privilege/Protection**: Plaintiff objects to requests seeking information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, joint-defense privilege, trial-preparation protection, mediation or settlement privilege (Fed. R. Evid. 408), or any other applicable privilege or protection, including mental impressions, legal strategy, internal

legal analyses, and communications with counsel, publicists, and consultants retained at counsel's direction for litigation/PR strategy. Privileged materials will not be produced. Plaintiff will provide a privilege log consistent with Rule 26(b)(5) and local rules to the extent required. In particular, Plaintiff objects to Definition No. 1 to the extent that it seeks to require Plaintiff to produce all responsive documents that are in the possession, custody or control of its "attorneys[.]" The inadvertent disclosure of any information subject to such privileges and/or protections is not intended to relinquish any privilege and/or protection.

3.    **Privacy/Confidentiality**: Plaintiff objects to requests seeking personal, confidential, proprietary, or private information of Plaintiff or third parties (including medical and financial information) absent a suitable protective order. Production, where any, will be designated under a protective order to be negotiated or submitted to the Court.

4.    **Premature Contentions/Expert Discovery**: Plaintiff objects to requests seeking detailed contentions, legal conclusions, and expert opinions and calculations before adequate discovery, expert retention, and the Court's scheduling order deadlines.

5.    **Publicly Available/Equally Accessible**: Plaintiff objects to requests seeking information equally available to Defendants (e.g., Defendants' own posts, podcasts, press statements, and public social media content). Plaintiff will not undertake to collect/produce materials solely available from Defendants or public sources but will identify or produce exemplars responsive to specific requests subject to objections.

6.    **Duplicative Definitions/Instructions**: Plaintiff objects to any instruction purporting to impose obligations beyond the Federal Rules, Local Rules, any Court orders, or stipulations.

7.    **Reservation of Rights**: Plaintiff reserves the right to supplement, amend, or correct these responses and to assert additional objections as appropriate.

## SPECIFIC RESPONSES AND OBJECTIONS

The General Objections and Reservations sections set forth above are incorporated by reference into each of the specific objections to the Requests set forth below and have the same force and effect as if fully set forth below.

**REQUEST FOR PRODUCTION NO. 1.**  All documents, communications, or social media posts that you contend were issued, disseminated, or published by T.A. Blackburn Law, PLLC (as a legal entity), including but not limited to:

- Law firm letterhead communications;

- Demand letters;

- Public statements;

- Comments or posts made from firm-associated accounts.

**RESPONSE:**  Plaintiff objects to this Request as overbroad, because it purports to require Plaintiff to produce "[a]ll" such documents, communications, or social media posts, irrespective of whether such statements relate to any claims or defenses.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 2.**  All documents and communications in your possession or control that you contend establish that any individual other than Tyrone Blackburn was acting on behalf of T.A. Blackburn Law, PLLC in connection with the statements or conduct alleged in the Second Amended Complaint.

**RESPONSE:**  Plaintiff objects to this Request for the following reasons:

3

1.      The Request is unintelligible.

2.      The request is premature to the extent it seeks "all" documents for a legal contention, as discovery is ongoing and Plaintiff is still investigating its claims.

3.      The Request seeks documents that are not relevant to any party's claim or defense in this action. Specifically, the Second Amended Complaint does not contend that any individual other than Defendant Tyrone Blackburn committed acts on behalf of T.A. Blackburn Law, PLLC in connection with the statements or conduct alleged in the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 3.** All engagement letters, retainer agreements, correspondence, or legal notices that reference T.A. Blackburn Law, PLLC, and were exchanged between you and any third party, sponsor, media outlet, advertiser, or studio in connection with any alleged harm or reputational damage.

**RESPONSE:** Plaintiff objects to this Request as unintelligible because the phrases "engagement letters, retainer agreements, correspondence, or legal notices" and "in connection with any alleged harm or reputational damage" are vague and ambiguous in this context.

**REQUEST FOR PRODUCTION NO. 4.** All documents that you contend show that T.A. Blackburn Law, PLLC acted outside the legitimate scope of legal representation or abused process in representing its client, Terrance Dixon.

**RESPONSE**: Plaintiff objects to this Request for the following reasons:

1.      The Request is vague and ambiguous because the phrase "outside the legitimate scope of legal representation" is undefined and does not appear in the Second Amended Complaint. The Request is also vague and ambiguous because the phrase "abused process" is undefined in this context and does not appear in the Second Amended Complaint.

2.      The request is premature to the extent it seeks "all" documents for a legal contention, as discovery is ongoing and Plaintiff is still investigating its claims.

3.      The Request seeks documents that are not relevant to any party's claim or defense in this action. Specifically, Plaintiff has not brought a claim of abuse of process against T.A. Blackburn Law, PLLC, nor is "abuse of process" a required element of any of Plaintiff's claims.

**REQUEST FOR PRODUCTION NO. 5.**   All communications between you (or your agents) and any media outlet, journalist, podcast host, or corporate sponsor in which T.A. Blackburn Law, PLLC was referenced or discussed in connection with:

- Threats of litigation;

- Public accusations;

- Settlement efforts;

- Legal ethics concerns.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

1.      The Request is vague and ambiguous to the extent the phrase "corporate sponsor" is undefined and there is no subject modifying the phrases "threats of litigation; public accusations; settlement efforts; legal ethics concerns." Plaintiff interprets this Request to seek communications with third parties in the media industry discussing Defendant T.A. Blackburn Law, PLLC's threats of litigation, public accusations, settlement efforts, and legal ethics concerns.

2.      The Requests seeks documents that are not relevant to any party's claim or defense in this action. Specifically, whether Plaintiff has communicated with others regarding Defendant T.A. Blackburn Law, PLLC's "legal ethics concerns" does not have "any tendency to make a fact [that is of consequence in determining this action] more or less probable than it would be without the evidence." *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, at *35 (S.D.N.Y. Feb. 16, 2016).

3.      The Request is overbroad because it purports to require Plaintiff to produce "[a]ll" such communications, irrespective of whether they relate to any party's claims or defenses.

5

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged communications concerning the threats of litigation, public accusations, and settlement efforts made by T.A. Blackburn Law, PLLC referenced in the Second Amended Complaint after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 6.**   All drafts, notes, or internal memoranda prepared by you or your agents evaluating the content or strategy of legal correspondence received from T.A. Blackburn Law, PLLC.

**RESPONSE:** Plaintiff objects to this Request to the extent for the following reasons:

    1.    All documents in Plaintiff's possession, custody, or control responsive to this Request are protected by the attorney-client privilege or attorney work-product doctrine.

    2.    The Request is overbroad because it purports to require Plaintiff to produce "[a]ll" such documents, irrespective of whether they relate to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 7.**   All documents concerning any complaint you have filed, or considered filing, against T.A. Blackburn Law, PLLC with the New York State Attorney Grievance Committee, Office of Court Administration, or any other regulatory body or law enforcement authority.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

    1.    The Requests seeks documents that are not relevant to any party's claim or defense in this action. Specifically, whether Plaintiff has filed or considered filing a complaint against Defendant T.A. Blackburn Law, PLLC with any regulatory body or law enforcement authority does not have "any tendency to make a fact [that is of consequence in determining this action]

more or less probable than it would be without the evidence." *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, at *35 (S.D.N.Y. Feb. 16, 2016).

2.　　The Request specifically seeks documents that are protected from discovery, including any "papers, records and documents . . . upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys," which are "sealed and be deemed private and confidential." NY CLS Jud § 90(1).

3.　　The Request is not "proportional to the needs of the case" to the extent it seeks documents that are already in Defendants' possession.  FRCP 26(b)(1); *see* NY CLS Rules Sup Ct § 603.8(b)(1); N.Y. Comp. Codes R. & Regs. tit. 22, § 1240.8(a)(1).

**REQUEST FOR PRODUCTION NO. 8.**  All contracts, sponsorships, television appearances, podcast advertising agreements, or business negotiations you claim were disrupted or canceled because of statements or conduct by T.A. Blackburn Law, PLLC.

**RESPONSE:** Plaintiff objects to this Request as vague to the extent that "sponsorships, television appearances, podcast advertising agreements, or business negotiations" are not documents capable of production. Plaintiff will interpret this phrase to mean "documents reflecting sponsorships, television appearances, podcast advertising agreements, or business negotiations."

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged contracts and documents responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 9.** All documents reflecting financial damages, reputational harm, or emotional distress that you attribute specifically to the conduct of T.A. Blackburn Law, PLLC, including:

- Loss calculations;

- Expert reports;

- Terminated or modified agreements;

- Internal communications reflecting business fallout.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

1.      The Request is premature to the extent it seeks "expert reports" governed by Fed. R. Civ. P. 26(a)(2). Plaintiff will not produce such reports until after the close of fact discovery in accordance with Court's Civil Case Management Plan and Scheduling Order (ECF 52).

2.      The Request is overbroad because it purports to require Plaintiff to produce "[a]ll" such documents, irrespective of whether such statements relate to any claims or defenses.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 10.** All documents you intend to introduce at trial or in any dispositive motion to support your claims that T.A. Blackburn Law, PLLC is independently liable or vicariously liable for defamation, intentional infliction of emotional distress, or other tortious conduct.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

1.      Plaintiff objects to this Request as overbroad because it does not specify with "reasonable particularity" the categories of documents sought. Fed. R. Civ. P. 34(b)(1)(A).

2.      Plaintiff also objects to this Request as premature because discovery is still ongoing and Defendants have not produced any documents themselves.

8

**REQUEST FOR PRODUCTION NO. 11.** All audio or video recordings in which any attorney, staff member, or representative of T.A. Blackburn Law, PLLC appears, speaks, or is mentioned— including but not limited to:

- Demand calls;

- Negotiation discussions;

- Podcasts;

- Conversations with media or public figures.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

1. The Request is not "proportional to the needs of the case" to the extent it seeks documents that are already in Defendants' possession, custody, or control or that are publicly available. *See* FRCP 26(b)(1).

2. This Request is overbroad because it purports to require Plaintiff to produce "[a]ll" such documents—including, for example, any publicly available recording in which Tyrone Blackburn is mentioned—irrespective of whether they relate to any parties' claims or defenses.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

Dated:  September 24, 2025
New York, New York

_/s/ Joseph Tacopina_

Joseph Tacopina
Chad Seigel
Matthew DeOreo

9

**Tacopina Seigel & DeOreo**
275 Madison Avenue, 35th Floor
New York, New York 10016
212-227-8877
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
Mdeoreo@tacopinalaw.com

**Of Counsel:**

Jordan W. Siev
**Reed Smith LLP**
599 Lexington Avenue, 22nd Floor
New York, New York 10022
212-205-6087
jsiev@reedsmith.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2025, I served the foregoing **PLAINTIFF'S**

**RESPONSES AND OBJECTIONS TO DEFENDANT T.A. BLACKBURN LAW, PLLC'S**

**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** by electronic mail upon

the following counsel of record:


Joseph Tacopina, Esq.                        *Attorneys for Plaintiff Joseph Cartagena*
jtacopina@tacopinalaw.com
Chad D. Seigel, Esq.
cseigel@tacopinalaw.com
Matthew G. DeOreo, Esq.
Mdeoreo@tacopinalaw.com
**TACOPINA SEIGEL & DEOREO**
275 Madison Avenue, 35th Floor
New York, New York 10016

Jordan W. Siev, Esq.
jsiev@reedsmith.com
**REED SMITH LLP**
599 Lexington Avenue, 22nd Floor
New York, New York 10022


Tyrone Blackburn, Esq.                       *Attorney for Defendants Terrance Dixon,*
tblackburn@tablackburnlaw.com                *Tyrone Blackburn, and T.A. Blackburn Law,*
**T.A. BLACKBURN LAW, PLLC**                 *PLLC*
1242 East 80th Street, Third Floor
Brooklyn, New York 11236


*/s/ Ian M. Turetsky*
Ian M. Turetsky

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**JOSEPH CARTAGENA**,

*Plaintiff*,

v.

**TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,**

*Defendants*.

Civil Action No. 25-cv-03552

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT T.A. BLACKBURN LAW, PLLC'S FIRST SET OF INTERROGATORIES**

Plaintiff Joseph Cartagena ("Plaintiff") by his undersigned attorneys, responds and objects to Defendant T.A. Blackburn Law, PLLC's First Set of Interrogatories as follows.

## GENERAL RESPONSES AND OBJECTIONS

Each of the following General Objections is incorporated by reference as an objection to each Interrogatory, whether or not specific reference is made in response to the Interrogatory.

1. **Overbreadth/Undue Burden/Proportionality**: Plaintiff objects to the Interrogatories pursuant to Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C) on the grounds that the requested scope of "January 1, 2006, to the present" is overbroad, unduly burdensome, and not proportional to the needs of the case. Unless otherwise stated, Plaintiff limits responses to a reasonable period tied to the allegations (generally January 1, 2023 to present) and to sources reasonably accessible after a reasonable search.

2. **Privilege/Protection**: Plaintiff objects to requests seeking information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, joint-defense privilege, trial-preparation protection, mediation or settlement privilege (Fed. R. Evid. 408), or any other applicable privilege or protection, including mental impressions, legal strategy, internal legal analyses, and communications with counsel, publicists, and consultants retained at counsel's

direction for litigation/PR strategy. Privileged materials will not be produced. Plaintiff will provide a privilege log consistent with Rule 26(b)(5) and local rules to the extent required. In particular, Plaintiff objects to Definition No. 1 to the extent that it seeks to require Plaintiff to produce all responsive documents that are in the possession, custody or control of its "attorneys[.]" The inadvertent disclosure of any information subject to such privileges and/or protections is not intended to relinquish any privilege and/or protection.

3.    **Privacy/Confidentiality**: Plaintiff objects to requests seeking personal, confidential, proprietary, or private information of Plaintiff or third parties (including medical and financial information) absent a suitable protective order. Production, where any, will be designated under a protective order to be negotiated or submitted to the Court.

4.    **Premature Contentions/Expert Discovery**: Plaintiff objects to requests seeking detailed contentions, legal conclusions, and expert opinions and calculations before adequate discovery, expert retention, and the Court's scheduling order deadlines.

5.    **Publicly Available/Equally Accessible**: Plaintiff objects to requests seeking information equally available to Defendants (e.g., Defendants' own posts, podcasts, press statements, and public social media content). Plaintiff will not undertake to collect/produce materials solely available from Defendants or public sources but will identify or produce exemplars responsive to specific requests subject to objections.

6.    **Duplicative Definitions/Instructions**: Plaintiff objects to any instruction purporting to impose obligations beyond the Federal Rules, Local Rules, any Court orders, or stipulations.

7.    **Reservation of Rights**: Plaintiff reserves the right to supplement, amend, or correct these responses and to assert additional objections as appropriate.

## SPECIFIC RESPONSES AND OBJECTIONS

The General Objections and Reservations sections set forth above are incorporated by reference into each of the specific objections to the Interrogatories set forth below and have the same force and effect as if fully set forth below.

**INTERROGATORY NO. 1.**        Identify with specificity all actions or statements that you allege were undertaken by T.A. Blackburn Law, PLLC as a separate legal entity—as opposed to acts performed by Tyrone Blackburn individually—that form the basis of your claims for defamation or intentional infliction of emotional distress.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

**INTERROGATORY NO. 2.**        State all facts supporting your contention that T.A. Blackburn Law, PLLC acted outside the bounds of legal representation or abused judicial process in its representation of Terrance Dixon, including any statements made, documents filed, or communications issued by the firm.

**RESPONSE:** Plaintiff objects to this Interrogatory for the following reasons:

1.      The Interrogatory is premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other

physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

2.      The Interrogatory is vague and ambiguous because the phrase "outside the bounds of legal representation" is undefined and does not appear in the Second Amended Complaint. Plaintiff interprets this Request to seek all documents showing that T.A. Blackburn Law, PLLC's conduct, as alleged in the Second Amended Complaint, is not protected by any litigation privilege. The Request is also vague and ambiguous because the phrase "abused judicial process" is undefined in this context and does not appear in the Second Amended Complaint. Plaintiff interprets this Request to seek all documents showing that T.A. Blackburn Law, PLLC committed the tort of "abuse of process."

3.      The Interrogatory is premature to the extent it seeks "all" facts upon which Plaintiff intends to rely to demonstrate that T.A. Blackburn Law, PLLC's actions are not legally protected. The Interrogatory seeks documents that are not relevant to any party's claim or defense in this action. Specifically, Plaintiff has not brought a claim of abuse of process against T.A. Blackburn Law, PLLC, nor is "abuse of process" a required element of any of Plaintiff's claims.

**INTERROGATORY NO. 3.**      Identify all individuals employed by, associated with, or acting on behalf of T.A. Blackburn Law, PLLC, whom you claim had actual involvement in the allegedly unlawful or tortious conduct described in your Second Amended Complaint.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R.

4

33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

Subject to and without waiving the foregoing objections, Plaintiff responds that, upon information presently known and discoverable after a reasonable investigation, Tyrone Blackburn had actual involvement in the allegedly unlawful or tortious conduct described in your Second Amended Complaint. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**INTERROGATORY NO. 4.**        Describe in detail the basis for your allegation that T.A. Blackburn Law, PLLC is vicariously liable for any allegedly defamatory statement made by Tyrone Blackburn, and state whether you contend that the firm directed, ratified, approved, or negligently supervised such conduct.

**RESPONSE**: Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

Plaintiff also objects to this Interrogatory because it is not relevant to any party's claim or defense. Specifically, Plaintiff alleges that T.A. Blackburn Law, PLLC is directly liable for Plaintiff's harm.

**INTERROGATORY NO. 5.**        Identify all specific business relationships, advertising agreements, network appearances, or sponsorship deals you allege were harmed by any action of T.A. Blackburn Law, PLLC, including:

- The name of each entity.

- The financial value of each deal or opportunity.

- The individuals involved in negotiation, and

- The manner in which you believe the firm's conduct interfered.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

**INTERROGATORY NO. 6.**        State whether you claim that any statements made by T.A. Blackburn Law, PLLC (on letterhead, in legal filings, or through public statements) were false statements of fact or actionable opinion and identify the basis for that contention.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

Plaintiff also objects to this Interrogatory as overly broad, because it purports to require Plaintiff to identify "statements made by T.A. Blackburn Law, PLLC" irrespective of whether such communications relate to any claims or defenses.

**INTERROGATORY NO. 7.**        Identify all documents and communications that you believe establish that T.A. Blackburn Law, PLLC acted with actual malice, improper purpose, or outside the scope of legal advocacy, and describe how those documents support your claims.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).


Dated:    September 24, 2025
          New York, New York                  */s/ Joseph Tacopina*
                                              Joseph Tacopina
                                              Chad Seigel
                                              Matthew DeOreo
                                              **Tacopina Seigel & DeOreo**
                                              275 Madison Avenue, 35th Floor
                                              New York, New York 10016
                                              212-227-8877
                                              jtacopina@tacopinalaw.com
                                              cseigel@tacopinalaw.com
                                              Mdeoreo@tacopinalaw.com

                                              **Of Counsel:**

                                              Jordan W. Siev
                                              **Reed Smith LLP**
                                              599 Lexington Avenue, 22nd Floor
                                              New York, New York 10022
                                              212-205-6087
                                              jsiev@reedsmith.com

## <u>VERIFICATION</u>

I, Joseph Cartagena, state that I have read Defendants' First Set of Interrogatories and my responses to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 24, 2025.

_____
JOSEPH CARTAGENA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2025, I served the foregoing **PLAINTIFF'S**

**RESPONSES AND OBJECTIONS TO DEFENDANT T.A. BLACKBURN LAW, PLLC'S**

**FIRST SET OF INTERROGATORIES** by electronic mail upon the following counsel of

record:

Joseph Tacopina, Esq.                                      *Attorneys for Plaintiff Joseph Cartagena*
jtacopina@tacopinalaw.com
Chad D. Seigel, Esq.
cseigel@tacopinalaw.com
Matthew G. DeOreo, Esq.
Mdeoreo@tacopinalaw.com
**TACOPINA SEIGEL & DEOREO**
275 Madison Avenue, 35th Floor
New York, New York 10016

Jordan W. Siev, Esq.
jsiev@reedsmith.com
**REED SMITH LLP**
599 Lexington Avenue, 22nd Floor
New York, New York 10022

Tyrone Blackburn, Esq.                                    *Attorney for Defendants Terrance Dixon,*
tblackburn@tablackburnlaw.com                *Tyrone Blackburn, and T.A. Blackburn Law,*
**T.A. BLACKBURN LAW, PLLC**              *PLLC*
1242 East 80th Street, Third Floor
Brooklyn, New York 11236

*/s/ Ian M. Turetsky*
Ian M. Turetsky

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**JOSEPH CARTAGENA**,

*Plaintiff,*

v.

**TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,**

*Defendants*.

Civil Action No. 25-cv-03552

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT TYRONE BLACKBURN'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Plaintiff Joseph Cartagena ("Plaintiff") by his undersigned attorneys, responds and objects to Defendant Tyrone Blackburn's First Request for the Production of Documents ("Requests" collectively, and "Request" individually) as follows.

## GENERAL RESPONSES AND OBJECTIONS

Each of the following General Objections is incorporated by reference as an objection to each Interrogatory, whether or not specific reference is made in response to the Interrogatory.

1.    **Overbreadth/Undue Burden/Proportionality**: Plaintiff objects to the Requests pursuant to Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C) on the grounds that the requested scope of "January 1, 2006, to the present" is overbroad, unduly burdensome, and not proportional to the needs of the case. Unless otherwise stated, Plaintiff limits responses and productions to a reasonable period tied to the allegations (generally January 1, 2023 to present) and to sources reasonably accessible after a reasonable search.

2.    **Privilege/Protection**: Plaintiff objects to requests seeking information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, joint-defense privilege, trial-preparation protection, mediation or settlement privilege (Fed. R. Evid. 408), or any other applicable privilege or protection, including mental impressions, legal strategy, internal

legal analyses, and communications with counsel, publicists, and consultants retained at counsel's direction for litigation/PR strategy. Privileged materials will not be produced. Plaintiff will provide a privilege log consistent with Rule 26(b)(5) and local rules to the extent required. In particular, Plaintiff objects to Definition No. 1 to the extent that it seeks to require Plaintiff to produce all responsive documents that are in the possession, custody or control of its "attorneys[.]" The inadvertent disclosure of any information subject to such privileges and/or protections is not intended to relinquish any privilege and/or protection.

3.     **Privacy/Confidentiality**: Plaintiff objects to requests seeking personal, confidential, proprietary, or private information of Plaintiff or third parties (including medical and financial information) absent a suitable protective order. Production, where any, will be designated under a protective order to be negotiated or submitted to the Court.

4.     **Premature Contentions/Expert Discovery**: Plaintiff objects to requests seeking detailed contentions, legal conclusions, and expert opinions and calculations before adequate discovery, expert retention, and the Court's scheduling order deadlines.

5.     **Publicly Available/Equally Accessible**: Plaintiff objects to requests seeking information equally available to Defendants (e.g., Defendants' own posts, podcasts, press statements, and public social media content). Plaintiff will not undertake to collect/produce materials solely available from Defendants or public sources but will identify or produce exemplars responsive to specific requests subject to objections.

6.     **Duplicative Definitions/Instructions**: Plaintiff objects to any instruction purporting to impose obligations beyond the Federal Rules, Local Rules, any Court orders, or stipulations.

7.     **Reservation of Rights**: Plaintiff reserves the right to supplement, amend, or correct these responses and to assert additional objections as appropriate.

2

## SPECIFIC RESPONSES AND OBJECTIONS

The General Objections and Reservations sections set forth above are incorporated by reference into each of the specific objections to the Requests set forth below and have the same force and effect as if fully set forth below.

**REQUEST FOR PRODUCTION NO. 1.**   All documents, recordings, transcripts, screenshots, or media files reflecting any statement made by Defendant Tyrone Blackburn that you contend is false, defamatory, misleading, or otherwise actionable, including but not limited to:

- Social media posts or stories (Instagram, Threads, X/Twitter, etc.);

- Email communications;

- Press releases;

- Video interviews or podcasts;

- Legal demand letters;

- Text messages or encrypted app messages.

**RESPONSE:**  Plaintiff objects to this Request as overbroad, because it purports to require Plaintiff to produce "[a]ll" such documents irrespective of whether such statements relate to any claims or defenses.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 2.**  All internal communications (emails, memos, text messages, notes, chats, etc.) within your team (including publicists, lawyers, or agents) concerning

3

or referencing Tyrone Blackburn, whether related to public relations strategy, legal threat assessments, or reputational risk.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

1.     The Request specifically seeks information protected by the attorney client privilege and/or the work-product doctrine to the extent it seeks "internal communications" created by Plaintiff's "lawyers" or sent between Plaintiff and his "lawyers."

2.     The Request is overbroad because it purports to require Plaintiff to produce "[a]ll" communications "concerning or referencing Tyrone Blackburn" irrespective of whether they relate to any claims or defenses.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 3.**   All documents and communications concerning any effort by you or your representatives to investigate or corroborate the statements made by Defendant Blackburn, including but not limited to:

- Investigative reports;

- Witness statements;

- Outreach emails or call logs;

- Declarations or affidavits.

**RESPONSE:** Plaintiff objects to this Request as vague to the extent the phrase "the statements" is undefined in this context. Plaintiff will interpret this phrase to mean "the statements underlying Plaintiff's claims."

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 4.**  All documents supporting your claim that Tyrone Blackburn lied about corroborating the statements of any alleged minor or witness, including:

- Identification of those individuals;

- Documents showing a lack of contact;

- Communications with those individuals or their representatives;

- Investigator correspondence or findings.

**RESPONSE**:  Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 5.**  All    contracts,    emails,    negotiations,    and communications related to business deals, appearances, sponsorships, or endorsements that you contend were lost, canceled, modified, or withdrawn as a result of any action or statement made by Tyrone Blackburn.

**RESPONSE:** Plaintiff objects to this Request as vague to the extent that "negotiations" are not documents capable of production. Plaintiff will interpret this phrase to mean "documents reflecting negotiations."

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 6.**   All documents, including internal assessments, loss calculations, or third-party correspondence, that support your claim of damages (emotional, reputational, or financial) directly attributed to the alleged conduct of Tyrone Blackburn.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 7.**   All documents reflecting communications between you or your representatives and any media outlet, journalist, or publication that concerns or references Defendant Blackburn, including any attempts to correct, respond to, or publicize his conduct or statements.

**RESPONSE:** Plaintiff objects to this Request as overbroad, because it purports to require Plaintiff to produce "[a]ll" such documents, irrespective of whether the referenced communications relate to any claims or defenses.

6

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 8.**  All communications between you and any law enforcement or regulatory body referencing Defendant Tyrone Blackburn, including any complaints, inquiries, or reports made or received from April 2024 to present.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

1.    The Requests seeks documents that are not relevant to any party's claim or defense in this action. Specifically, whether Plaintiff sent communications to any law enforcement or regulatory body referencing Defendant Tyrone Blackburn does not have "any tendency to make a fact [that is of consequence in determining this action] more or less probable than it would be without the evidence." *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, at *35 (S.D.N.Y. Feb. 16, 2016).

2.    The Request specifically seeks information that is protected from discovery, including any "papers, records and documents . . . upon any complaint, inquiry, investigation or proceeding relating to the conduct or discipline of an attorney or attorneys," which are "sealed and be deemed private and confidential." NY CLS Jud § 90(1).

3.    The Request is overbroad because it seeks any such communications "made or received from April 2024 to present," when the Second Amended Complaint only alleges that Defendant Blackburn's involvement with Plaintiff and this case began in April 2025.

4.      The Request is not "proportional to the needs of the case" to the extent it seeks documents that are already in Defendants' possession.  FRCP 26(b)(1); *see* NY CLS Rules Sup Ct § 603.8(b)(1); N.Y. Comp. Codes R. & Regs. tit. 22, § 1240.8(a)(1).

**REQUEST FOR PRODUCTION NO. 9.**  All documents and recordings you intend to rely upon at trial to establish your claims against Defendant Tyrone Blackburn.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

1.      The Request is premature because discovery is ongoing and Plaintiff is still investigating its claims.

2.      This Request is overbroad because it does not specify with "reasonable particularity" the categories of documents sought. Fed. R. Civ. P. 34(b)(1)(A).

**REQUEST FOR PRODUCTION NO. 10.** All audio or video recordings, in whole or in part, in your possession, custody, or control, in which Tyrone Blackburn is a participant—including but not limited to:

- Phone conversations;

- Voicemail messages;

- Zoom, FaceTime, or video calls;

- In-person meetings;

- Any recordings or clips shared with media, lawyers, or third parties.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 11.** All transcripts, summaries, or notes reflecting the substance of any oral or recorded conversation involving Tyrone Blackburn, whether created by you, your agents, your investigators, or your legal counsel.

**RESPONSE:** Plaintiff objects to this Request as overbroad, because it purports to require Plaintiff to produce "[a]ll" such transcripts, summaries, or notes, irrespective of whether such statements relate to any claims or defenses.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 12.** Produce all documents, communications, recordings, and electronically stored information (ESI) in your possession, custody, or control that refer, relate, or pertain to your allegation that Defendant Tyrone Blackburn ran over a process server with his vehicle, including but not limited to:

1. All video footage, whether obtained from surveillance cameras, dash cameras, mobile phones, social media, or third-party sources, that depicts, purports to depict, or was recorded in the vicinity of the alleged incident, including the moments before, during, and after the alleged contact between Mr. Blackburn's vehicle and the process server.

2. All photographs, screenshots, or still frames that were taken or extracted in connection with the alleged incident, including any images depicting the vehicle involved, the alleged injuries, the scene of the incident, or any material used to corroborate Plaintiff's claims.

3. All medical records of the process server allegedly involved in the incident, including:

   o   Emergency room and urgent care intake notes;

9

- Diagnostic imaging (e.g., X-rays, MRIs, CT scans);

- Treatment records and physician evaluations;

- Prescriptions or treatment plans;

- Physical therapy or follow-up care documentation;

- Medical billing records and insurance communications related to any alleged injury from the incident.

4. A complete list of all witnesses who claim to have observed the alleged incident, including their:

- Full names;

- Last known residential or business addresses;

- Contact information (email and phone);

- Relationship to Plaintiff or the process server;

- A summary of their observations and any statements made by them (whether oral, written, or recorded).

5. Any police reports, incident reports, or similar filings submitted to any local, state, or federal law enforcement agency concerning the alleged incident involving Mr. Blackburn and the process server.

6. All communications relating to the alleged incident, including:

- Text messages, emails, voicemails, direct messages, or encrypted messages (e.g., WhatsApp, Signal, Telegram, Instagram);

- Communications between Plaintiff and the process server;

- Communications between Plaintiff (or Plaintiff's counsel or agents) and any law enforcement entity;

o   Communications with any media outlets, witnesses, or third parties concerning the incident.

7.   All internal notes, summaries, memos, or drafts prepared by Plaintiff, Plaintiff's legal team, investigators, publicists, or consultants concerning the alleged incident, including any references to litigation strategy, reputational concerns, or anticipated claims against Mr. Blackburn.

8.   Any insurance claims, notices, or correspondence submitted on behalf of the process server relating to injuries allegedly sustained in the incident, including communications with health or auto insurers.

9.   All documents reflecting attempts to monetize, publicize, or publicize allegations related to the incident, including outreach to press, bloggers, podcasters, or social media influencers, and any resulting drafts, scripts, recordings, or published content.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

1.      The Requests seeks documents that are not relevant to any party's claim or defense in this action. Specifically, the process server's "medical records" and "insurance claims" will not have "any tendency to make a fact [that is of consequence in determining this action] more or less probable than it would be without the evidence." *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, at *35 (S.D.N.Y. Feb. 16, 2016).

2.      Upon information and belief, there is an ongoing criminal prosecution of Defendant Blackburn related to the process server incident described in Plaintiff's Second Amended Complaint.  Defendant Blackburn may not use this civil action to prematurely obtain documents concerning his criminal prosecution. The Request is harassing and "not proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

11

3.      The Request is overbroad because it purports to require Plaintiff to produce "[a]ll" such documents, communications, recordings, and electronically stored information that "pertains" to Plaintiff's allegation that Defendant Tyrone Blackburn ran over a process server with his vehicle, irrespective of whether such information relate to any claims or defenses.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged or otherwise protected documents and communications concerning the events described in paragraphs 103 and 104 of the Second Amended Complaint after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 13.** Produce all documents, recordings, and electronically stored information (ESI) in your possession, custody, or control that memorialize, reflect, refer, or relate to any oral or written communication between Defendant Tyrone Blackburn and attorney Erica Moreira, which is quoted, paraphrased, or otherwise referenced in the operative Complaint or any public statement, including but not limited to:

1.  A complete, unaltered, and unredacted audio or audiovisual recording of any conversation between Mr. Blackburn and Ms. Moreira—regardless of medium (e.g., phone, in person, Zoom, WhatsApp, Signal, voice memo)—which serves as the source of the quotes or paraphrases attributed to Mr. Blackburn in the Complaint filed on or about July 21, 2025.

2.  Any transcript, typed excerpt, summary, voice recognition transcription, or AI-generated rendering of the alleged conversation between Mr. Blackburn and Ms. Moreira, whether partial or complete, whether prepared by Plaintiff, Ms. Moreira, or any third party.

3.  All drafts, annotated versions, or edited copies of the recording, including any version that was:

12

- Circulated to co-counsel, media outlets, litigation consultants, publicists, law enforcement agencies, or advocacy groups;

- Modified for clarity, tone, redaction, or strategic quotation;

- Used to prepare or support allegations in the Complaint, a press release, or any social media post.

4. An affidavit or declaration under penalty of perjury from Erica Moreira, Esq., attesting to the authenticity, accuracy, and integrity of the alleged recording, which shall include, at a minimum:

- The exact date, time, and duration of the conversation;

- The device, platform, or application used to capture the recording (e.g., cell phone, Zoom, voice memo, landline, etc.);

- The identity of all participants, including those physically present, dialed in, or listening remotely;

- Whether the conversation was lawfully recorded with full knowledge and consent of all parties;

- Whether the audio has been edited, spliced, truncated, enhanced, or otherwise manipulated in any way since its original creation;

- A chain-of-custody description identifying how the recording has been stored, shared, or transferred since its creation.

5. All communications between Plaintiff, Ms. Moreira, or any agent thereof, concerning the decision to record, preserve, or publicize the conversation with Mr. Blackburn, including any related to:

- Strategic litigation planning or reputational considerations;

- Coordination with media, influencers, or advocacy campaigns;

13

- Efforts to frame, excerpt, or highlight portions of the conversation for persuasive or public consumption.

6. All internal notes, summaries, talking points, or drafts of allegations that reference or quote the conversation in question, including those used for drafting pleadings, settlement communications, or press-related materials.

7. All metadata associated with the recording, including but not limited to creation date, modification date, device identifiers, original file names, geolocation data (if applicable), and platform tags.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

1.    The Request calls for the creation of documents not already in Plaintiff's possession, custody, or control, including, for example, "[a]n affidavit or declaration under penalty of perjury from Erica Moreira, Esq."

2.    The Requests seeks documents that are not relevant to any party's claim or defense in this action. Specifically, communications "concerning the decision to record, preserve, or publicize the conversation with Mr. Blackburn" will not have "any tendency to make a fact [that is of consequence in determining this action] more or less probable than it would be without the evidence." *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, at *35 (S.D.N.Y. Feb. 16, 2016).

3.    The Request specifically calls for information protected by the attorney-client privilege and attorney-work product doctrine, including "notes, summaries, talking points, or drafts of allegations . . . used for drafting pleadings, [and] settlement communications[.]"

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to subsections 1, 2, 3 and 7 of this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves

the right to correct, supplement, or amend this response, as discovery is still ongoing and additional

information may be obtained.


Dated:   September 24, 2025
         New York, New York              /s/ Joseph Tacopina
                                         Joseph Tacopina
                                         Chad Seigel
                                         Matthew DeOreo
                                         **Tacopina Seigel & DeOreo**
                                         275 Madison Avenue, 35th Floor
                                         New York, New York 10016
                                         212-227-8877
                                         jtacopina@tacopinalaw.com
                                         cseigel@tacopinalaw.com
                                         Mdeoreo@tacopinalaw.com

                                         **Of Counsel:**

                                         Jordan W. Siev
                                         **Reed Smith LLP**
                                         599 Lexington Avenue, 22nd Floor
                                         New York, New York 10022
                                         212-205-6087
                                         jsiev@reedsmith.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2025, I served the foregoing **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT TYRONE BLACKBURN'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** by electronic mail upon the following counsel of record:

Joseph Tacopina, Esq.                                    *Attorneys for Plaintiff Joseph Cartagena*
jtacopina@tacopinalaw.com
Chad D. Seigel, Esq.
cseigel@tacopinalaw.com
Matthew G. DeOreo, Esq.
Mdeoreo@tacopinalaw.com
**TACOPINA SEIGEL & DEOREO**
275 Madison Avenue, 35th Floor
New York, New York 10016

Jordan W. Siev, Esq.
jsiev@reedsmith.com
**REED SMITH LLP**
599 Lexington Avenue, 22nd Floor
New York, New York 10022

Tyrone Blackburn, Esq.                                  *Attorney for Defendants Terrance Dixon,*
tblackburn@tablackburnlaw.com                           *Tyrone Blackburn, and T.A. Blackburn Law,*
**T.A. BLACKBURN LAW, PLLC**                            *PLLC*
1242 East 80th Street, Third Floor
Brooklyn, New York 11236


                                                        */s/ Ian M. Turetsky*
                                                        Ian M. Turetsky

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**JOSEPH CARTAGENA**,

*Plaintiff,*

v.

**TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,**

*Defendants*.

Civil Action No. 25-cv-03552

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT TERRANCE DIXON'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Plaintiff Joseph Cartagena ("Plaintiff") by his undersigned attorneys, responds and objects to Defendant Terrance Dixon's First Request for the Production of Documents ("Requests" collectively, and "Request" individually) as follows.

## <u>GENERAL RESPONSES AND OBJECTIONS</u>

Each of the following General Objections is incorporated by reference as an objection to each Interrogatory, whether or not specific reference is made in response to the Interrogatory.

1.     **<u>Overbreadth/Undue Burden/Proportionality</u>**: Plaintiff objects to the Requests pursuant to Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C) on the grounds that the requested scope of "January 1, 2006, to the present" is overbroad, unduly burdensome, and not proportional to the needs of the case. Unless otherwise stated, Plaintiff limits responses and productions to a reasonable period tied to the allegations (generally January 1, 2023 to present) and to sources reasonably accessible after a reasonable search.

2.     **<u>Privilege/Protection</u>**: Plaintiff objects to requests seeking information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, joint-defense privilege, trial-preparation protection, mediation or settlement privilege (Fed. R. Evid. 408), or any other applicable privilege or protection, including mental impressions, legal strategy, internal

legal analyses, and communications with counsel, publicists, and consultants retained at counsel's direction for litigation/PR strategy. Privileged materials will not be produced. Plaintiff will provide a privilege log consistent with Rule 26(b)(5) and local rules to the extent required. In particular, Plaintiff objects to Definition No. 1 to the extent that it seeks to require Plaintiff to produce all responsive documents that are in the possession, custody or control of its "attorneys[.]" The inadvertent disclosure of any information subject to such privileges and/or protections is not intended to relinquish any privilege and/or protection.

3.    **Privacy/Confidentiality**: Plaintiff objects to requests seeking personal, confidential, proprietary, or private information of Plaintiff or third parties (including medical and financial information) absent a suitable protective order. Production, where any, will be designated under a protective order to be negotiated or submitted to the Court.

4.    **Premature Contentions/Expert Discovery**: Plaintiff objects to requests seeking detailed contentions, legal conclusions, and expert opinions and calculations before adequate discovery, expert retention, and the Court's scheduling order deadlines.

5.    **Publicly Available/Equally Accessible**: Plaintiff objects to requests seeking information equally available to Defendants (e.g., Defendants' own posts, podcasts, press statements, and public social media content). Plaintiff will not undertake to collect/produce materials solely available from Defendants or public sources but will identify or produce exemplars responsive to specific requests subject to objections.

6.    **Duplicative Definitions/Instructions**: Plaintiff objects to any instruction purporting to impose obligations beyond the Federal Rules, Local Rules, any Court orders, or stipulations.

7.    **Reservation of Rights**: Plaintiff reserves the right to supplement, amend, or correct these responses and to assert additional objections as appropriate.

## SPECIFIC RESPONSES AND OBJECTIONS

The General Objections and Reservations sections set forth above are incorporated by reference into each of the specific objections to the Requests set forth below and have the same force and effect as if fully set forth below.

**REQUEST FOR PRODUCTION NO. 1.**   All documents, including but not limited to emails, text messages, direct messages, WhatsApp communications, or social media messages, reflecting or referencing any communication between you and Defendant Terrance Dixon from January 1, 2006, through the present.

**RESPONSE:** Plaintiff objects to this Request as overbroad, because it purports to require Plaintiff to produce "[a]ll" such documents, irrespective of whether such documents relate to any claims or defenses, over a nineteen-year span.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 2.**   All documents that you contend constitute, evidence, refer to, or relate to the allegedly defamatory statements made by Defendant Dixon as described in your Second Amended Complaint, including:

- Screenshots of posts;

- Social media stories;

- Video or audio recordings;

- Transcripts; and

- Third-party reposts or comments.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 3.** All documents concerning or reflecting any investigation, verification, or rebuttal of the truth or falsity of any statement made by Defendant Dixon, including internal memoranda, draft press responses, public relations strategies, or legal analyses.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

  1. The Request seeks information that is plainly protected by the attorney-client privilege or attorney work product doctrine, including but not limited to Plaintiff's "legal analyses."

  2. The Request is overbroad because it purports to require Plaintiff to produce "[a]ll" such documents regarding "any" statement made by Defendant Dixon, irrespective of whether such statements relate to any claims or defenses.

  Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 4.** All documents that support your allegation that Defendant Dixon acted with "actual malice" or "reckless disregard for the truth," including any

communications or admissions by Dixon or third parties purporting to reflect his intent, knowledge, or awareness of the truth or falsity of the statements.

**RESPONSE**: Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 5.**   All documents concerning any alleged reputational, economic, or emotional harm you claim to have suffered as a result of statements made by Defendant Dixon, including:

- Medical or psychological records (if applicable);
- Business loss analyses;
- Contracts terminated or modified; and
- Communications with third parties (sponsors, studios, employers, networks, advertisers).

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 6.**   All documents evidencing or referencing your attempts to mitigate the harm allegedly caused by Defendant Dixon's conduct.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable

investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 7.** All contracts, draft agreements, endorsements, appearance agreements, or advertising commitments that were rescinded, modified, delayed, or lost due to statements or conduct by Defendant Dixon, including any correspondence with the contracting parties explaining the reasons for the change or cancellation.

**RESPONSE:** Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged documents and communications responsive to this Request after a reasonable investigation and the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**REQUEST FOR PRODUCTION NO. 8.** All documents and communications in your possession concerning any police report, government complaint, or law enforcement contact initiated by you or your agents that references or concerns Defendant Dixon.

**RESPONSE:** Plaintiff objects to this Request for the following reasons:

1.    The Requests seeks documents that are not relevant to any party's claim or defense in this action. Specifically, whether Plaintiff has "initiated" any "police report, government complaint, or law enforcement contact" referencing or concerning Defendant Dixon does not have "any tendency to make a fact [that is of consequence in determining this action] more or less probable than it would be without the evidence." *Vaigasi v. Solow Mgmt. Corp.*, 2016 U.S. Dist. LEXIS 18460, at *35 (S.D.N.Y. Feb. 16, 2016).

2.    The Request specifically seeks information protected from discovery to the extent it seeks "papers, records and documents . . . upon any complaint, inquiry, investigation or

proceeding relating to the conduct or discipline of an attorney or attorneys," which are "sealed and be deemed private and confidential." NY CLS Jud § 90(1).

3.      The Request is not "proportional to the needs of the case" to the extent it seeks documents that are already in Defendants' possession.  Fed. R. Civ. P. 26(b)(1); *see* NY CLS Rules Sup Ct § 603.8(b)(1); N.Y. Comp. Codes R. & Regs. tit. 22, § 1240.8(a)(1).

**REQUEST FOR PRODUCTION NO. 9.**  All documents you intend to rely upon at trial to support your claims for defamation, damages, or injunctive relief against Defendant Dixon:

**RESPONSE:** Plaintiff objects to this Request as premature because discovery is still ongoing and Plaintiff is still investigating its claims.

Dated:    September 24, 2025
          New York, New York

*/s/ Joseph Tacopina*
Joseph Tacopina
Chad Seigel
Matthew DeOreo
**Tacopina Seigel & DeOreo**
275 Madison Avenue, 35th Floor
New York, New York 10016
212-227-8877
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
Mdeoreo@tacopinalaw.com

**Of Counsel:**

Jordan W. Siev
**Reed Smith LLP**
599 Lexington Avenue, 22nd Floor
New York, New York 10022
212-205-6087
jsiev@reedsmith.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2025, I served the foregoing **PLAINTIFF'S**

**RESPONSES AND OBJECTIONS TO DEFENDANT TERRANCE DIXON'S FIRST**

**REQUEST FOR THE PRODUCTION OF DOCUMENTS** by electronic mail upon the

following counsel of record:


Joseph Tacopina, Esq.                          *Attorneys for Plaintiff Joseph Cartagena*
jtacopina@tacopinalaw.com
Chad D. Seigel, Esq.
cseigel@tacopinalaw.com
Matthew G. DeOreo, Esq.
Mdeoreo@tacopinalaw.com
**TACOPINA SEIGEL & DEOREO**
275 Madison Avenue, 35th Floor
New York, New York 10016

Jordan W. Siev, Esq.
jsiev@reedsmith.com
**REED SMITH LLP**
599 Lexington Avenue, 22nd Floor
New York, New York 10022


Tyrone Blackburn, Esq.                         *Attorney for Defendants Terrance Dixon,*
tblackburn@tablackburnlaw.com                  *Tyrone Blackburn, and T.A. Blackburn Law,*
**T.A. BLACKBURN LAW, PLLC**                   *PLLC*
1242 East 80th Street, Third Floor
Brooklyn, New York 11236


                                               */s/ Ian M. Turetsky*
                                               Ian M. Turetsky

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**JOSEPH CARTAGENA**,

*Plaintiff,*

v.

**TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,**

*Defendants*.

Civil Action No. 25-cv-03552

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT TERRANCE DIXON'S FIRST SET OF INTERROGATORIES**

Plaintiff Joseph Cartagena ("Plaintiff") by his undersigned attorneys, responds and objects to Defendant Terrance Dixon's First Set of Interrogatories as follows.

## GENERAL RESPONSES AND OBJECTIONS

Each of the following General Objections is incorporated by reference as an objection to each Interrogatory, whether or not specific reference is made in response to the Interrogatory.

1.     **Overbreadth/Undue Burden/Proportionality**: Plaintiff objects to the Interrogatories pursuant to Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C) on the grounds that the requested scope of "January 1, 2006, to the present" is overbroad, unduly burdensome, and not proportional to the needs of the case. Unless otherwise stated, Plaintiff limits responses to a reasonable period tied to the allegations (generally January 1, 2023 to present) and to sources reasonably accessible after a reasonable search.

2.     **Privilege/Protection**: Plaintiff objects to requests seeking information protected by the attorney-client privilege, work-product doctrine, common-interest doctrine, joint-defense privilege, trial-preparation protection, mediation or settlement privilege (Fed. R. Evid. 408), or any other applicable privilege or protection, including mental impressions, legal strategy, internal legal analyses, and communications with counsel, publicists, and consultants retained at counsel's

US_ACTIVE-208711397.v2-RDCARNES-406054-20002 9/21/2025 5:47 PM

direction for litigation/PR strategy. Privileged materials will not be produced. Plaintiff will provide a privilege log consistent with Rule 26(b)(5) and local rules to the extent required. In particular, Plaintiff objects to Definition No. 1 to the extent that it seeks to require Plaintiff to produce all responsive documents that are in the possession, custody or control of its "attorneys[.]" The inadvertent disclosure of any information subject to such privileges and/or protections is not intended to relinquish any privilege and/or protection.

3. **Privacy/Confidentiality**: Plaintiff objects to requests seeking personal, confidential, proprietary, or private information of Plaintiff or third parties (including medical and financial information) absent a suitable protective order. Production, where any, will be designated under a protective order to be negotiated or submitted to the Court.

4. **Premature Contentions/Expert Discovery**: Plaintiff objects to requests seeking detailed contentions, legal conclusions, and expert opinions and calculations before adequate discovery, expert retention, and the Court's scheduling order deadlines.

5. **Publicly Available/Equally Accessible**: Plaintiff objects to requests seeking information equally available to Defendants (e.g., Defendants' own posts, podcasts, press statements, and public social media content). Plaintiff will not undertake to collect/produce materials solely available from Defendants or public sources but will identify or produce exemplars responsive to specific requests subject to objections.

6. **Duplicative Definitions/Instructions**: Plaintiff objects to any instruction purporting to impose obligations beyond the Federal Rules, Local Rules, any Court orders, or stipulations.

7. **Reservation of Rights**: Plaintiff reserves the right to supplement, amend, or correct these responses and to assert additional objections as appropriate.

## SPECIFIC RESPONSES AND OBJECTIONS

The General Objections and Reservations sections set forth above are incorporated by reference into each of the specific objections to the Interrogatories set forth below and have the same force and effect as if fully set forth below.

**INTERROGATORY NO. 1.**    Identify with specificity each and every statement made by Defendant Terrance Dixon that you contend is false or defamatory, including:

- The exact language of the statement.

- The date it was made or published;

- The medium or platform on which it appeared (e.g., Instagram, podcast, email);

- The context in which the statement was made; and

- The identity of all persons to whom the statement was communicated or who had access to it.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

Plaintiff also objects to this Interrogatory as overly broad, because it purports to require Plaintiff to identify (i) "*each and every* statement allegedly made by Defendant Terrance Dixon that you contend was false or defamatory," irrespective of whether such statements relate to any claims or defenses; and (ii) "*all* persons to whom the statement was communicated or who had access to it" when Defendant Dixon's statements were made publicly.

3

Plaintiff also objects to this Interrogatory as vague and ambiguous, to the extent the phrase "context in which the statement was made" is undefined. Plaintiff will interpret this request to mean "a description of any non-verbal aspect of the statement."

**INTERROGATORY NO. 2.**    For each statement identified in response to Interrogatory No. 1, describe in detail the factual basis for your contention that the statement is false, including the evidence you intend to rely upon to establish the falsity of the statement.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

**INTERROGATORY NO. 3.**    State with particularity all facts supporting your contention that Defendant Dixon made the alleged defamatory statements with "actual malice," including all facts you rely on to show that he had knowledge of the falsity or acted with reckless disregard for the truth.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R.

33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

**INTERROGATORY NO. 4.**        Identify all individuals (including employees, managers, agents, or attorneys) with whom you have discussed or communicated regarding Defendant Dixon's alleged statements or conduct, and state the nature and substance of each such communication.

**RESPONSE**: Plaintiff objects to this Interrogatory for the following reasons:

1.      The Interrogatory is premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

2.      The Interrogatory is improper to the extent that it seeks the "nature and substance of" the requested communications because it is "not a more practical method of obtaining" such information than "a request for production or a deposition." Local Civ. R. 33.3(b).

**INTERROGATORY NO. 5.**        Describe in detail any economic, reputational, emotional, or professional harm you allege resulted specifically from statements or actions taken by Defendant Dixon, including:

- The date(s) on which such harm occurred;

- The nature of the loss (e.g., business opportunity, sponsorship, contract);

- The amount of any financial loss claimed; and

- The identity of any third party who allegedly withdrew, rescinded, or modified their relationship with you as a result.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

Subject to and without waiving the foregoing objections, Plaintiff will identify the computation of each category of such damages, limited to non-privileged information presently known and discoverable after a reasonable investigation, after the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

**INTERROGATORY NO. 6.**    Identify any law enforcement agency, governmental body, or investigative entity with which you or your agents have communicated regarding Defendant Dixon, including the date and substance of each such communication.

**RESPONSE:** Plaintiff objects to this Interrogatory for the following reasons:

1.    The Interrogatory is premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims

and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

   2. The Interrogatory is overbroad because it purports to require Plaintiff to identify "any law enforcement agency, governmental body, or investigative entity with which you or your agents have communicated regarding Defendant Dixon" irrespective of whether such communications relate to any claims or defenses.

   3. The Interrogatory is vague because the phrase "investigative entity" is undefined. Plaintiff interprets this term to mean "governmental investigative entity."

**INTERROGATORY NO. 7.** Identify all individuals or entities to whom you or your representatives attributed any lost business opportunity, endorsement deal, appearance, or media engagement, and state with specificity the factual basis for attributing such loss to Defendant Dixon.

**RESPONSE:** Plaintiff objects to this Interrogatory as premature to the extent it seeks (i) information beyond the "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature[,]" Local Civ. R. 33.3(a); and (ii) "the claims and contentions of the opposing party," which may only be served at the "conclusion of other discovery," Local Civ. R. 33.3(c).

   Subject to and without waiving the foregoing objections, Plaintiff will identify such individuals or entities and the "factual basis for attributing such loss to Defendant Dixon", limited to non-privileged information presently known and discoverable after a reasonable investigation, after the entry of an appropriate protective order. Plaintiff reserves the right to correct, supplement, or amend this response, as discovery is still ongoing and additional information may be obtained.

Dated:  September 24, 2025
       New York, New York            */s/ Joseph Tacopina*

Joseph Tacopina
Chad Seigel
Matthew DeOreo
**Tacopina Seigel & DeOreo**
275 Madison Avenue, 35th Floor
New York, New York 10016
212-227-8877
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
Mdeoreo@tacopinalaw.com

**Of Counsel:**

Jordan W. Siev
**Reed Smith LLP**
599 Lexington Avenue, 22nd Floor
New York, New York 10022
212-205-6087
jsiev@reedsmith.com

## <u>VERIFICATION</u>

I, Joseph Cartagena, state that I have read Defendants' First Set of Interrogatories and my responses to those interrogatories, which are true to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 24, 2025.

_____

JOSEPH CARTAGENA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 24, 2025, I served the foregoing **PLAINTIFF'S**

**RESPONSES AND OBJECTIONS TO DEFENDANT TERRANCE DIXON'S FIRST SET**

**OF INTERROGATORIES** by electronic mail upon the following counsel of record:


Joseph Tacopina, Esq.      *Attorneys for Plaintiff Joseph Cartagena*
jtacopina@tacopinalaw.com
Chad D. Seigel, Esq.
cseigel@tacopinalaw.com
Matthew G. DeOreo, Esq.
Mdeoreo@tacopinalaw.com
**TACOPINA SEIGEL & DEOREO**
275 Madison Avenue, 35th Floor
New York, New York 10016

Jordan W. Siev, Esq.
jsiev@reedsmith.com
**REED SMITH LLP**
599 Lexington Avenue, 22nd Floor
New York, New York 10022



Tyrone Blackburn, Esq.     *Attorney for Defendants Terrance Dixon,*
tblackburn@tablackburnlaw.com   *Tyrone Blackburn, and T.A. Blackburn Law,*
**T.A. BLACKBURN LAW, PLLC**    *PLLC*
1242 East 80th Street, Third Floor
Brooklyn, New York 11236




            */s/ Ian M. Turetsky*
            Ian M. Turetsky