

# T. A. Blackburn Law

**TYRONE A. BLACKBURN**

MEMBER OF
NY & NJ BAR

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

March 12, 2026

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Re:** *Dixon v. Cartagena, 1:25-CV-05144-JLR (SDNY)*
*(consolidated with Cartagena v. Dixon, 1:25-cv-03552-JLR (SDNY))*

Plaintiff's Letter Requesting
Leave to File First Amended Complaint

Dear Judge Rochon:

Plaintiff Terrance Dixon, by and through his undersigned counsel, respectfully submits this letter requesting leave to file a First Amended Complaint ("FAC") in response to the motions to dismiss filed by the Defendants. Leave to amend should be freely granted under Federal Rule of Civil Procedure 15(a)(2), particularly at this early stage of the litigation and where amendment would directly address the pleading issues raised in Defendants' motions.

I.   Background

Plaintiff filed the Complaint on June 19, 2025, asserting claims under the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1589, 1591, and 1595; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d); and related state-law claims including unjust enrichment, quantum meruit, fraudulent concealment, fraudulent misrepresentation, and constructive trust.

The Complaint alleges that Defendants engaged in a long-running scheme spanning more than sixteen years involving forced labor, sexual coercion, financial exploitation, and racketeering activity directed at Plaintiff. The pleading identifies numerous predicate acts supporting the RICO enterprise and describes the roles played by multiple participants in furthering the scheme.





Defendants have moved to dismiss under Rules 12(b)(1) and 12(b)(6), arguing primarily that: (1) the TVPA allegations do not sufficiently plead a qualifying commercial sex act or venture participation; (2) the RICO claims inadequately plead enterprise structure, a pattern of racketeering activity, and injury to business or property; (3) certain state-law claims are time-barred; and (4) certain fraud-based allegations do not satisfy Rule 9(b).

II.     Proposed Amendments

The proposed FAC will respond directly to the issues raised in Defendants' motions and will add targeted factual detail drawn from evidence already in Plaintiff's possession.

First, with respect to the TVPA claims, the FAC will include additional factual allegations demonstrating that sexual acts coerced from Plaintiff were conditioned upon the receipt or withholding of "things of value," including continued employment, touring opportunities, housing, and compensation, as contemplated by 18 U.S.C. § 1591. The FAC will also include additional allegations regarding corporate defendant's knowing participation in the trafficking venture and its financial benefit from that venture.

Second, the FAC will clarify the structure and operation of the alleged RICO enterprise by more precisely describing the association-in-fact enterprise, the roles played by each defendant, and the manner in which the enterprise functioned as a coordinated organization over time. The amended pleading will also reorganize the predicate acts to demonstrate both closed-ended and open-ended continuity and will more specifically identify Plaintiff's economic injuries resulting from the racketeering conduct.

Third, the FAC will enhance the fraud-based claims to satisfy Rule 9(b) by identifying the specific individuals who made misrepresentations, the substance of those statements, the approximate time periods in which they were made, and the mechanisms through which Plaintiff relied upon them.

Finally, the FAC will include additional allegations supporting equitable tolling and delayed discovery of Defendants' fraud under CPLR § 213(8), including facts explaining the concealment of financial information and the circumstances under which Plaintiff first discovered the fraudulent conduct.

///



### III. Leave to Amend Is Appropriate

Rule 15(a)(2) provides that courts should freely grant leave to amend when justice so requires. The Second Circuit has repeatedly emphasized that leave should ordinarily be granted absent undue delay, bad faith, prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

Leave to amend is particularly appropriate where, as here, a plaintiff seeks to cure alleged pleading deficiencies identified in a motion to dismiss. The Second Circuit has repeatedly held that plaintiffs should ordinarily be afforded at least one opportunity to amend before dismissal of their claims with prejudice. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190–91 (2d Cir. 2015). Because no scheduling order has been entered and discovery has not begun, the liberal Rule 15(a)(2) standard governs and Defendants bear the burden of demonstrating futility or undue prejudice.

Each of these factors favors amendment here. First, there has been no undue delay. Plaintiff seeks amendment promptly in response to Defendants' motions to dismiss. Second, the request is made in good faith and solely to clarify and supplement the factual allegations underlying Plaintiff's claims. Third, amendment would not prejudice Defendants. No discovery has occurred, no scheduling order has been entered, and the case remains at the pleading stage. Finally, amendment would not be futile. The additional factual allegations described above directly address the pleading arguments raised in Defendants' motions.

### IV. Proposed Schedule

Plaintiff respectfully proposes that, should the Court grant leave to amend, Plaintiff will file the First Amended Complaint within twenty-one (21) days of the Court's order.

### V. Conclusion

For the foregoing reasons, Plaintiff respectfully requests leave to file the First Amended Complaint. Plaintiff is available for a pre-motion conference at the Court's convenience should the Court wish to address this request.

Respectfully,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq..
