

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

**Jordan W. Siev**
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

March 13, 2026

**By ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Dixon v. Cartagena*, 1:25-cv-05144-JLR ("*Dixon*")
             *Cartagena v. Dixon*, 1:25-cv-03552-JLR ("*Cartagena*")

Dear Judge Rochon:

      We write on behalf of Defendants Joseph Cartagena, Slate, Inc., Sneaker Addict Touring LLC, Roc Nation LLP, Peter Torres, Richard Jospitre, and Erica Moreira ("**Defendants**") in opposition to Plaintiff Terrance Dixon's ("**Plaintiff**") March 12, 2026 letter motion ("**Motion**," *Dixon* Dkt. No. 79) seeking leave to abandon the operative complaint—which has been the subject of motions to dismiss for at least *eight months*—and to file an amended complaint within 21 days of any order granting such leave. Plaintiff insists the Motion is made in good faith, without undue delay, and "promptly in response to Defendants' motions to dismiss," and that granting the motion "would not prejudice Defendants." (Motion at 2.) Plaintiff is wrong on all counts. Plaintiff's belated Motion does not attach a proposed amended complaint in violation of this Court's local civil rules. Far from filing the Motion promptly, Plaintiff filed the Motion 40 days after Plaintiff missed this Court's mandated deadline to oppose the motions to dismiss of all defendants other than Roc Nation, and just 4 days before Defendants' deadline to reply on their motion to dismiss. Moreover, the Motion fails to identify any facts that would repair the Complaint's defects. And permitting Plaintiff's amendment would substantially prejudice Defendants, who have been forced to endure baseless and defamatory allegations that have lingered in the public record for far too long, causing ongoing reputational harm that further amendment would only prolong. Plaintiff's request to amend should be denied.

      **1.**    **Plaintiff's Motion Is Procedurally Defective Because It Violates Local Civil Rules 15.1(a) and 7.1(a)(2)**

      The Motion violates this Court's local rules and is procedurally improper. Local Civil Rule 15.1(a) provides that "[e]xcept for motions made by *pro se* litigants, all motions made under Fed. R. Civ. P. 15(a)(2) . . . must also include as an exhibit (1) a clean copy of the proposed amended or supplemental pleading; and (2) a version of the proposed pleading that shows—through redlining, underlining, strikeouts, or other similar typographic method—all differences from the pleading that it is intended to amend or supplement." Likewise, Local Civil Rule 7.1 requires that a motion be accompanied by a "memorandum of law, setting forth the cases and other authorities relied on in support of the motion."



In support of the Motion, Plaintiff fails to provide a proposed amended complaint, let alone a document showing the differences between his original complaint and the proposed amended complaint. Plaintiff likewise fails to submit a memorandum of law in support of his motion. Plaintiff's violations of Local Civil Rules 15.1(a) and 7.1 warrants dismissal. *Rowe Plastic Surgery of N.J., LLC v. Aetna Health & Life Ins. Co.*, No. 23-CV-8504, 2025 U.S. Dist. LEXIS 63392, at *3 (S.D.N.Y. Apr. 2, 2025) (denying motion to amend because the plaintiff "failed to file a proposed amended pleading with their motion"); *24 Seven, LLC v. Martinez*, No. 19-CV-7320 (VSB), 2021 U.S. Dist. LEXIS 15480, at *35 (S.D.N.Y. Jan. 26, 2021) (same); *Alexsam, Inc. v. Mastercard Int'l Inc.*, 2025 U.S. Dist. LEXIS 160013, at *42 (E.D.N.Y. Aug. 15, 2025) (recommending that "Plaintiff's failure to [comply] with Local Civil Rule 15.1(a) is a sufficient basis upon which to deny its motion, albeit without prejudice.").

2. **Plaintiff's Motion for Leave to Amend Fails on the Merits**

Though Courts generally freely permit leave to amend a complaint "when justice so requires," a district court "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 2013 U.S. Dist. LEXIS 99268, at *19-20 (S.D.N.Y. July 15, 2013). Each of these reasons is manifest here.

(a) <u>There is No Excusable Delay Because Plaintiff's Eleventh-Hour Motion Was Not Made in Good Faith, But in A Desperate Attempt To Circumvent Court Orders</u>

A district court may deny leave to amend when the proposed amendment is untimely or proposed in bad faith. *See Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995). Where delay in seeking amendment is substantial—as it is here—"the moving party must provide an explanation for the delay." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016); *see also Oneida Indian Nation of New York State v. Cnty. of Oneida, N.Y.*, 199 F.R.D. 61, 74 (N.D.N.Y. 2000) (if there is a lengthy delay before moving to amend, it is "incumbent upon the movant to offer a valid explanation for the delay"). Moreover, "[l]eave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the Court from granting a motion to dismiss or for summary judgment, particularly when the new claim could have been raised earlier." *Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. & N.J.*, 283 F. Supp. 3d 72, 94 (S.D.N.Y. 2017).

***First***, contrary to Plaintiff's assertion, his request to amend is anything but "prompt." Plaintiff has had ample opportunity to amend his Complaint since this case's inception. Roc Nation filed a motion to dismiss on June 23, 2025, which has been fully submitted since July 14, 2025—*nearly nine months*. (Dkt. Nos. 9-13.) That motion put Plaintiff on notice of defects in his Complaint and he could have—but did not—seek to amend it then. *See* Fed. R. Civ. P. 15(a)(1)(B). During the October 10, 2025 conference concerning Plaintiff's motion to stay discovery and Defendants Cartagena, Torres, Jospitre, Moreira, Slate, Inc., and Sneaker Addict Touring LLC's proposed briefing schedule for their anticipated motions to dismiss, Plaintiff was put on notice of additional defects in his Complaint. Instead of seeking leave to amend then, Plaintiff agreed with Defendants Cartagena, Torres, Jospitre, Moreira, Slate, Inc., and Sneaker Addict Touring LLC to a briefing schedule for their anticipated motions. (*Dixon* Dkt. Nos. 42, 54.) That motion was filed on November 10, 2025. (*Dixon* Dkt. Nos. 61-66.) And the filing of that motion provided Plaintiff with yet another opportunity to amend as of right, by December 1, 2025, *over three months ago*. *See* Fed. R. Civ. P. 15(a)(1). Plaintiff did not do so.

March 13, 2026
Page 3



Despite this considerable delay, Plaintiff provides no excuse—because there is none. His overdue request to amend now should not be granted. *See, e.g.*, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 201 (2d Cir. 2007) (denying leave to amend where "Plaintiffs became aware of the need to consider a possible claim . . . more than seven months before moving to amend their complaint," which the court described as an "inordinate delay"); *Meyer v. First Franklin Loan Servs., Inc.*, No. 5:08-CV-1332 (GTS/GHL), 2010 U.S. Dist. LEXIS 4248, at *3 (N.D.N.Y. Jan. 19, 2010) (noting plaintiff's decision to wait six months to request leave to amend as "undue delay" and a basis to "not grant leave to amend").

***Second***, the history suggests that Plaintiff's amendment is not sought in good faith. Aside from being on notice of the defects in his Complaint since Roc Nation's motion has been filed, Plaintiff expressed an intent long ago to amend, but never did. Indeed, after receiving Roc Nation's motion to dismiss, Plaintiff contacted Roc Nation's counsel on June 23, 2025 threatening to add additional allegations "in [a] forthcoming amended pleading." (*Dixon* Dkt. No. 16-1.) Plaintiff never did so. Moreover, far from being in "good faith," Plaintiff's amendment appears designed to repair his misguided litigation strategy. On October 16, 2025, this Court entered a scheduling order ("**Order**") establishing a clear timeline governing Defendants Cartagena, Torres, Jospitre, Moreira, Slate, Inc., and Sneaker Addict Touring LLC's motions to dismiss. (*Dixon* Dkt. No. 54.) That Order set firm deadlines: the motions were due November 10, 2025; Plaintiff's opposition was due January 31, 2026; and reply papers were due March 16, 2026. *Id*.

Defendants Cartagena, Torres, Jospitre, Moreira, Slate, Inc., and Sneaker Addict Touring LLC complied fully with the Court's Order, timely filing their motions to dismiss on November 10, 2025. (*Dixon* Dkt. Nos. 61-66.) Plaintiff, by contrast, failed completely. He did not file an opposition. He did not seek an extension of his deadline. He did not communicate with Defendants or the Court about any difficulty meeting his obligations. Instead, Plaintiff—seemingly acknowledging that his complaint was irreparable—let the January 31, 2026 deadline lapse without any response whatsoever. When Defendants advised the Court on February 5, 2026 (*Dixon* Dkt. No. 75) of Plaintiff's failure to timely oppose the motions to dismiss, Plaintiff still did not act. He did not seek to excuse his default. He did not request leave to file a late opposition. He simply remained silent.

Plaintiff's gambit is now clear: having decided to default on his opposition deadline—whether out of recognition that his claims were indefensible or simple neglect—Plaintiff now seeks to escape the consequences of that choice by filing an amended complaint. More than six weeks have passed since the opposition deadline, and only ***four*** days before Defendants Cartagena, Torres, Jospitre, Moreira, Slate, Inc., and Sneaker Addict Touring LLC are poised to reply, Plaintiff asks not to file the opposition he neglected to submit, but to file an entirely new complaint. This is a transparent attempt to obtain a do-over. Plaintiff seeks to circumvent this Court's Order, evade the consequences of his own failures, moot the pending unopposed motions to dismiss filed by Defendants Cartagena, Torres, Jospitre, Moreira, Slate, Inc., and Sneaker Addict Touring LLC, moot Roc Nation's sanctions motion and force *all* Defendants to expend additional resources responding to yet another iteration of his deficient pleading.

The Court should neither permit Plaintiff to flout its deadlines and manipulate the procedural rules to avoid the consequences of his own choices, nor should it countenance such gamesmanship.[1]

---

[1] Plaintiff's motion to amend is part of a disturbing pattern of bad-faith litigation tactics that this Court has already rejected. In Mr. Cartagena's now consolidated case against Plaintiff and his attorney, Tyrone Blackburn, Plaintiff and Blackburn chose not



    (b)    <u>Plaintiff Provides No Explanation For How He Can Cure The Complaint's Defects, Suggesting Amendment Would Be Futile</u>

A court need not permit an amendment if that amendment would be futile. *See e.g., Gurvey*, 2013 U.S. Dist. LEXIS 99268, at *21-22. Here, neither Defendants—nor the Court—can assess futility, because Plaintiff has failed to explain how his proposed amendment will cure the Complaint's defects, let alone provide a copy of his proposed amended complaint. This approach turns the amendment standard on its head. Defendants should not be required to guess at whether the Complaint's defects will be cured— it is Plaintiff's obligation to provide the amended pleading to enable the Court and opposing parties to evaluate whether amendment would be futile. *Cf. Carroll v. Trump*, 590 F. Supp. 3d 575, 588 (S.D.N.Y. 2022) ("[T]he effect of granting defendant leave to amend without determining whether the — proposed amendment would be futile — and quite likely the purpose of advocating that course almost certainly would be to delay this action for no legitimate purpose.").

In the absence of his proposed amended pleading, Plaintiff merely asserts that that his amended complaint will "respond directly to the issues raised in Defendants' motions and will add targeted factual detail drawn from evidence already in Plaintiff's possession." But he does not identify what those facts actually are. Nor does he identify a single fact that would remedy the defects in his Complaint. And though he claims to possess "evidence" and "factual detail" that will cure his complaint, he refuses to disclose what that evidence is or how it would address the specific legal defects at issue. This dearth of detail suggests that any future amendment would be futile. Rather than put those concerns to rest, Plaintiff offers only vague assurances that his amended complaint will address the elements of his claims, and asks the Court to take his word for it. *See, e.g.*, Motion at 2 (promising "FAC will clarify the structure and operation of the alleged RICO Enterprise by more precisely describing the association-in-fact enterprise . . ."; claiming "the FAC will enhance the fraud-based claims to satisfy Rule 9(b) . . ."; asserting "the FAC will include additional allegations supporting equitable tolling and delayed discovery . . . ."). These are precisely the kind of perfunctory, conclusory statements that courts reject as insufficient to justify amendment. *See Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) (denying motion for leave whether the plaintiffs "did not explain what they would add to demonstrate how defendants engaged in market manipulation related to the articles"); *Zunzurovski v. Finger*, No. 24-cv-5958 (AS), 2024 U.S. Dist. LEXIS 204099, at *5 (S.D.N.Y. Nov. 8, 2024) (denying motion for leave to amend filed by Plaintiff's counsel, Tyrone Blackburn, where motion did "not say what new facts could be added to an amended complaint, nor . . . any new causes of action he wants to raise.")

By refusing to provide his proposed amendments, Plaintiff asks the Court to grant relief in the blind, without any basis to assess whether the purported "additional factual detail" would actually cure the complaint's defects. The Court should decline to do so. *Rowe Plastic Surgery of N.J., LLC*, 2025 U.S. Dist. LEXIS 63392, at *3; *24 Seven, LLC*, 2021 U.S. Dist. LEXIS 15480, at *35; *Alexsam, Inc.*, 2025 U.S. Dist. LEXIS 160013, at *42.

---

to notice the deposition of a single witness before the February 13, 2026 fact discovery cutoff. Rather than accept the consequences of their own inaction, they waited weeks until March 2, 2026 to file a baseless motion to reopen fact discovery for 30 days so they could depose Mr. Cartagena. (*Cartagena* Dkt. No. 152.) The Court properly rejected that attempt to circumvent its scheduling order. (*Cartagena* Dkt. No. 158.)



    (c)    <u>Defendants Would be Prejudiced By Any Amendment</u>

Far from his assertions to the contrary, an amendment at this stage would greatly prejudice the Defendants. Plaintiff's claim that there is no prejudice because discovery is stayed and the case remains in the pleading stage does not change the calculus. Permitting amendment would cause significant and concrete prejudice to Defendants that goes beyond the procedural posture of the case or discovery costs.

As demonstrated in Defendants' motions to dismiss, Plaintiff's complaint is part of a calculated campaign of defamation, extortion, and malicious harassment designed to destroy Mr. Cartagena's and his associates' reputations and businesses. The Complaint contains knowingly false and outrageous allegations against Defendants, including irrelevant tax fraud claims and unspeakable acts such as statutory rape, forced labor, and sex trafficking.[2] And Roc Nation's motion for sanctions detailed the myriad ways in which Plaintiff's Complaint was filed for an improper purpose—including because Plaintiff's counsel admitted as much when he emailed Roc Nation's counsel relaying his and his client's belief that Roc Nation was a victim of fraud and disclaiming that Roc Nation had any knowledge about some of the most egregious conduct that making of Plaintiff's claims.

Granting leave to amend now would allow the salacious allegations in the Complaint to remain unresolved while Plaintiff takes yet another bite at the apple. By his own implicit admission, Plaintiff's current complaint is fatally deficient. That is precisely why he seeks to amend. But Defendants should not be forced to continue living under the cloud of accusations of sex trafficking, statutory rape, and forced labor while Plaintiff attempts to salvage claims he could not properly plead the first time. Every day these baseless allegations remain pending causes ongoing reputational harm to Defendants that no eventual dismissal can fully remedy.

This is especially so because, as discussed above, Plaintiff has not shown how an amended complaint would cure the defects in his original complaint. If the Court grants leave to amend and Plaintiff files yet another deficient complaint, Defendants will be forced to brief another round of motions to dismiss, further prolonging this abusive litigation. The cycle of amendment and motion practice could continue on, with Plaintiff's meritless allegations left out in the public. It would also further prejudice Roc Nation and the resolution of its sanctions motion. That motion was filed on July 22, 2025 and has been fully submitted since August 15, 2025—nearly seven months. Permitting an amendment now (and allowing Plaintiff to reassert claims against Roc Nation that his counsel effectively disclaimed as having support) would moot the previously sanctionable pleading and restart the safe harbor period, further delaying resolution of Roc Nation's meritorious motion.

Accordingly, granting Plaintiff's motion for leave to file an amended complaint would greatly prejudice Defendants.

---

[2] Indeed, just this week, this Court held that many of the public statements that have been repeated in Plaintiff's complaint were adequately pled by Mr. Cartagena as defamatory and made with malice. (*Cartagena* Dkt. No. 161.)

ReedSmith

Respectfully Submitted,

| | |
|---|---|
| */s/ Jordan W. Siev* | */s/ David H. Wollmuth* |
| Jordan W. Siev | David H. Wollmuth |
| **REED SMITH LLP** | Adam M. Bialek |
| 599 Lexington, 22nd Floor | Phillip R. Schatz |
| New York, New York 10022 | Russell B. Filip |
| jsiev@reedsmith.com | **WOLLMUTH MAHER &** |
| 212-205-6085 | **DEUTSCH LLP** |
| | 500 Fifth Avenue |
| | New York, NY 10110 |
| Joseph Tacopina | dwollmuth@wmd-law.com |
| Chad Seigel | abialek@wmd-law.com |
| Matthew DeOreo | pschatz@wmd-law.com |
| **TACOPINA SEIGEL & DEOREO** | rfilip@wmd-law.com |
| 275 Madison Avenue, 35th Floor | |
| New York, New York 10016 | *Attorneys for Defendants Richard* |
| jtacopina@tacopinalaw.com | *Jospitre and Peter Torres* |
| cseigel@tacopinalaw.com | |
| mdeoreo@tacopinalaw.com | |
| 212-227-8877 | |
| | |
| *Attorneys for Defendants Joseph Antonio Cartagena, Slate, Inc., Sneaker Addict Touring LLC* | |

| | |
|---|---|
| */s/ Joanna Elizabeth Menillo* | */s/ Reed Brodsky* |
| Alex Spiro | Reed Brodsky |
| Joanna Elizabeth Menillo | Michael L. Nadler |
| **QUINN EMANUEL URQUHART SULLIVAN LLP** | **GIBSON, DUNN & CRUTCHER LLP** |
| 295 Fifth Avenue | 200 Park Avenue |
| New York, NY 10016 | New York, NY 10166 |
| alexspiro@quinnemanuel.com | rbrodsky@gibsondunn.com |
| joannamenillo@quinnemanuel.com | mnadler@gibsondunn.com |
| | |
| *Attorneys for Defendant Roc Nation, LLC* | *Attorneys for Defendant Erica Juliana Moreira* |