

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

March 14, 2026

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Re:** *Dixon v. Cartagena*, 1:25-CV-05144-JLR (SDNY)
(consolidated with *Cartagena v. Dixon*, 1:25-cv-03552-JLR (SDNY))

Plaintiff's Letter Reply in Further Support of
Leave to File First Amended Complaint

Dear Judge Rochon:

We write on behalf of Plaintiff Terrance Dixon ("Plaintiff") in reply to Defendants' March 13, 2026, opposition letter (ECF 164) and in further support of Plaintiff's March 12, 2026, letter motion seeking leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Defendants' opposition asks this Court to apply a procedural standard that it expressly declined to apply — in this very litigation, against this very Plaintiff, just nine months ago — when the roles were reversed. The record is unambiguous. The Court should decline to apply a different standard now.

I. **The Court Granted an Identical Request by Cartagena Within 24 Hours — Over Plaintiff's Objection — Without Requiring a Proposed Complaint or Memorandum of Law**

On July 1, 2025, Plaintiff Cartagena filed a two-page letter requesting leave to extend his deadline to either oppose Defendants' motion to dismiss or seek leave to file a Second Amended Complaint. (*Cartagena v. Dixon*, ECF No. 30.) That letter — like Plaintiff Dixon's March 12, 2026, letter here — did not attach a proposed amended complaint. It did not attach a memorandum of law. It identified no specific new facts Cartagena intended to plead. It stated only that Cartagena was still analyzing whether to amend. (*Id.*)

Plaintiff Dixon opposed that request the very same day — July 1, 2025 — arguing that the request was meritless, strategically abusive, and procedurally improper; that Cartagena had already amended once and offered no factual or legal justification for a second amendment; and that no newly discovered facts, intervening law, or change in circumstances warranted further amendment. (*Cartagena v. Dixon*, ECF No. 31.) Plaintiff Dixon also expressly requested oral argument so that Cartagena would be required to explain the merits of his amendment request to the Court. (*Id.*)

 347-342-7432   ✉ tblackburn@tablackburnlaw.com   🌐 TABlackburnlaw.com



The Court granted Cartagena's request within 24 hours—on July 2, 2025—without requiring a proposed amended complaint, a memorandum of law, or oral argument, and without any supplemental submission of any kind. (*Cartagena v. Dixon*, ECF No. 32.) The Court had Plaintiff Dixon's fully articulated opposition in hand when it ruled. It considered those arguments and granted the request the next day.

The speed and manner of the Court's ruling are themselves instructive. The 24-hour ruling demonstrates that this Court considered Cartagena's bare two-page letter request procedurally sufficient as presented. If the absence of a proposed amended complaint or a memorandum of law were a disqualifying defect — as Defendants now contend — the Court would not have acted on Cartagena's request without pause, supplemental briefing, or any additional submission. It did not. Defendants cannot credibly argue that Dixon's materially identical letter request fails to meet the same standard that Cartagena's bare letter satisfied within a single business day.

II. **This Is Dixon's First and Only Request — Cartagena Was Permitted Two Amendments**

Federal Rule of Civil Procedure 15(a) commands that leave to amend shall be freely given when justice so requires. Foman *v. Davis*, 371 U.S. 178, 182 (1962).*Foman* instructs that in the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment — the leave sought should, as the rules require, be 'freely given. *Id.* None of those grounds is present here. The Second Circuit reinforces this liberal standard, describing it as reflecting a strong preference for resolving disputes on the merits. Loreley *Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).

This is Plaintiff Dixon's first and only request to amend his complaint in this action. Defendants cannot point to a single prior amendment by Dixon — let alone the repeated failure to cure deficiencies by amendments previously allowed- that Foman identifies as a predicate for denial. By stark contrast, Plaintiff Cartagena amended his complaint twice in the companion case — filing a First Amended Complaint on May 1, 2025, and a Second Amended Complaint on July 21, 2025 — before the Court ruled on any motion to dismiss. Both amendments were permitted. The second was granted by this Court within 24 hours, over Plaintiff Dixon's express written objection, without a proposed complaint attached, and without oral argument.

The notion that Cartagena is entitled to two amendments — the second granted within 24 hours over objection, without a proposed complaint, without a memorandum of law — while Dixon is entitled to none on his first-ever request is precisely the kind of asymmetric treatment that Rule 15's liberal standard was designed to prevent. Justice does not require different rules for different parties before the same court in the same litigation.

III. **The Absence of a Proposed Complaint Is a Curable Ministerial Deficiency — One This Court Did Not Require of Cartagena**

Defendants argue that the absence of an attached proposed amended complaint mandates denial. The case law squarely rejects that position, and so does this Court's own prior conduct in this litigation. Courts in this District consistently deny motions to amend for failure to comply with Local Civil Rule 15.1(a)without prejudice— never with prejudice — precisely because the deficiency is easily cured. See *Alexsam, Inc. v. Mastercard Int'l Inc.*, 2025 U.S. Dist. LEXIS



160013, at *42 (E.D.N.Y. Aug. 15, 2025) (recommending denial without prejudice for failure to attach proposed pleading so that deficiency can be corrected); *Rowe Plastic Surgery of N.J., LLC v. Aetna Health & Life Ins. Co.*, No. 23-CV-8504, 2025 U.S. Dist. LEXIS 63392, at *3 (S.D.N.Y. Apr. 2, 2025) (same). In *Barker v. Rokosz*, No. 19-CV-00514, 2021 WL 1062246, at *3–4 (E.D.N.Y. Mar. 18, 2021), the court confronted an analogous procedural deficiency and, rather than deny outright, granted leave to re-file and addressed the motion on the merits.

More fundamentally, this Court did not require Cartagena to submit a proposed amended complaint as a precondition to receiving leave to amend in July 2025. (*Cartagena v. Dixon*, ECF No. 32.) It acted on his bare letter request within 24 hours. It would be directly inconsistent — and fundamentally inequitable — to hold Plaintiff Dixon to a procedural prerequisite this Court did not impose on Cartagena in the same litigation, before the same judge, on the identical procedural record.

IV. **The Burden of Establishing Futility Rests on Defendants — A Burden They Cannot Meet**

Defendants assert that any amendment would be futile while simultaneously complaining that no proposed amended complaint has been provided. These two positions are irreconcilable. Under controlling precedent, the burden of establishing futility rests squarely on the party opposing the amendment—not on the movant. *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137–38 (E.D.N.Y. 1998); *Barker v. Rokosz*, 2021 WL 1062246, at *4. Defendants cannot satisfy that burden by speculating about the contents of a proposed amended complaint they have never seen.

An amendment is futile only when it would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6). *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). Plaintiff has represented that the amended complaint will include targeted factual allegations already in Plaintiff's possession that directly address the specific deficiencies raised in Defendants' motions to dismiss — including more precise allegations regarding the RICO association-in-fact enterprise, fraud-based claims satisfying Rule 9(b), and additional factual support for equitable tolling. Whether those allegations are sufficient is a determination to be made after the amended complaint is filed — not before.

V. **There is no cognizable prejudice against the defendants**

Defendants claim prejudice but offer no concrete showing of harm beyond the inconvenience of litigation. Discovery in this matter is stayed. No trial date has been set. No depositions must be retaken. No expert reports have been exchanged. The standard for prejudice under Rule 15 requires a showing of genuine, material harm — not the ordinary burden of responding to an amended pleading. *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000). This Court found the same absence of prejudice sufficient when it permitted Cartagena's Second Amended Complaint over Plaintiff's objection, at a time when a motion to dismiss of Cartagena's prior complaint was also pending. The procedural posture here is identical.

Defendants' argument that permitting amendment would moot Roc Nation's pending sanctions motion is not cognizable prejudice — it is a litigation preference. If the sanctions motion has merit, it will have merit against the amended complaint as well. If the amended complaint cures the alleged deficiencies, then the sanctions motion should be moot because there will no longer be a deficient pleading at issue. Either outcome is consistent with justice, and neither constitutes prejudice cognizable under Rule 15.



VI.     **Conclusion**

Defendants ask this Court to deny Dixon's first-ever amendment request on procedural grounds that this Court declined to apply to Cartagena's second amendment request — granted within 24 hours, over Dixon's objection, without a proposed complaint, without a memorandum of law, and without oral argument. The Federal Rules, Second Circuit precedent, and this Court's prior rulings in this litigation all compel the same result.

For the foregoing reasons, Plaintiff Terrance Dixon respectfully requests that the Court grant leave to file an amended complaint.

Respectfully,

*/s/ Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

 347-342-7432    tblackburn@tablackburnlaw.com     TABlackburnlaw.com