UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TERRANCE DIXON a/k/a "TA", <br><br> Plaintiff, <br><br> -against- <br><br> JOSEPH ANTONIO CARTAGENA p/k/a "Fat Joe," PETER "Pistol Pete" TORRES, RICHARD "Rich Player" JOSPITRE, ERICA JULIANA MOREIRA, SNEAKER ADDICT TOURING LLC, SLATE, INC., and ROC NATION, LLC, <br><br> Defendants. | Case No. 1:25-cv-05144 (JLR) <br><br> **MEMORANDUM OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On June 19, 2025, Plaintiff Terrance Dixon ("Plaintiff" or "Dixon") commenced this

action against Defendants Joseph Antonio Cartagena ("Cartagena"), Peter "Pistol Pete" Torres

("Torres"), Richard "Rich Player" Jospitre ("Jospitre"), Erica Julia Moreira ("Moreira"), Sneaker

Addict Touring LLC ("Sneaker Addict"), Slate, Inc. ("Slate"), and Roc Nation, LLC ("Roc

Nation") (together, "Defendants"),[1] alleging violations of the Trafficking Victims Protection Act

("TVPA"), 18 U.S.C. §§ 1589, 1591, and 1595; the Racketeering Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 1964(c); and related violations under

New York and Florida State law.  Dkt. 3 ("Compl.").  On June 23, 2025, Defendant Roc Nation

filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Dkt. 9

("RN MTD"); Dkt. 10 ("RN Br.").  Dixon opposed this motion on July 7, 2025, Dkt. 11 ("RN

---

[1] Dixon also brought claims against John Does 1-10, Jane Does 1-10, and ABC Corporations 1-10, all of which were dismissed pursuant to Federal Rule of Civil Procedure 4(m) for Dixon's failure to identify and serve them within a 90-day period.  Dkt. 37.

Opp."), and also moved to strike portions of Roc Nation's brief, Dkt. 12 ("MTS").  Roc Nation

replied on July 14, 2025, and opposed Dixon's motion to strike.  Dkt. 13 ("RN Reply").

On July 22, 2025, Roc Nation moved for sanctions against Dixon and his counsel, Tyrone

Blackburn, pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's inherent power.  Dkt. 14

("Sanctions Mot."); Dkt. 15 ("RN Sanctions Br."); Dkt. 16 ("Menillo Decl.").  Dixon filed an

opposition to the motion for sanctions on the docket of a related case, *see Cartagena v. Dixon*,

No. 25-cv-03552, Dkt. 44 (S.D.N.Y. August 8, 2025) ("Sanctions Opp."), and Roc Nation

replied, Dkt. 22 ("Reply"); Dkt. 23 ("Menillo Reply Decl.").

On October 15, 2025, the Court stayed discovery pending resolution of Roc Nation's

motion to dismiss, as well as the anticipated motion to dismiss from the defendants that had not

yet responded to the Complaint — Cartagena, Torres, Jospitre, Moreira, Slate, and Sneaker

Addict (collectively, the "Joint Defendants").  Dkt. 54.  The Court also set a briefing schedule

whereby the Joint Defendants would file a joint motion to dismiss by November 10, 2025, Dixon

would file his opposition by January 31, 2026, and the Joint Defendants would reply by March

16, 2026.  *Id.*  The Joint Defendants filed their motion on November 10, 2025.  Dkt. 61

("Moreira Supp. MTD"); Dkt. 62 ("Moriera Supp. Br."); Dkt. 63 ("Jt. Mot."); Dkt. 64 ("Jt. Br.");

Dkt. 65 ("Siev Decl."); Dkt. 66 ("Torres & Jospitre Supp. Br.").  Dixon did not file a brief in

opposition.[2]

---

[2] In a February 6, 2026 letter to the Court, the Joint Defendants requested that the Court grant
their motion to dismiss as unopposed.  Dkt. 75.  The Court denies this request.  The Second
Circuit has held that "[i]f a complaint is sufficient to state a claim on which relief can be granted,
the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall
v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000).  This is because "the sufficiency of a complaint is a
matter of law that the court is capable of determining based on its own reading of the pleading
and knowledge of the law." *Id.* at 322-23.

On March 12, 2026, Dixon filed a letter motion seeking leave to file a first amended complaint pursuant to Rule 15(a)(2).  Dkt. 79.  Dixon argued that the amendment would "cure alleged pleading deficiencies identified" by Defendants' motions to dismiss.  *Id.* at 3.  First, he asserted that the first amended complaint would bolster the TVPA claims by adding facts showing the coerced sexual acts "were conditioned upon the receipt or withholding of 'things of value'" and identify "corporate defendant's knowing participation in the trafficking venture and its financial benefit from that venture."  *Id.* at 2.  Second, the first amended complaint would "clarify the structure and operation of the alleged RICO enterprise by more precisely describing the association-in-fact enterprise, the roles played by each defendant, and the manner in which the enterprise functioned as a coordinated organization over time."  *Id.*  Third, the first amended complaint would "enhance the fraud-based claims to satisfy Rule 9(b) by identifying the specific individuals who made misrepresentations, the substance of those statements, the approximate time periods in which they were made, and the mechanisms through which Plaintiff relied upon them."  *Id.*  Lastly, the first amended complaint would add "allegations supporting equitable tolling and delayed discovery of Defendants' fraud . . . , including facts explaining the concealment of financial information and the circumstances under which Plaintiff first discovered the fraudulent conduct."  *Id.*  Defendants opposed this request, arguing that the motion to amend was procedurally defective, untimely, brought in bad faith, futile, and prejudicial.  Dkt. 80.  Dixon replied on March 15, 2026.  Dkt. 81.

The Court will now address the various pending motions.

## I.    Motion to Strike

First, the Court quickly disposes of Plaintiff's motion to strike portions of Roc Nation's brief pursuant to Rule 12(f).  Dixon moved to strike "all immaterial, impertinent, and scandalous matter" from Roc Nation's memorandum of law in support of its motion to dismiss.  MTS at 1.

3

Defendant Roc Nation opposed this motion on the grounds that Rule 12(f) does not apply to a non-pleading.  RN Reply at 11-12.  The Court agrees with Roc Nation.

Rule 12(f) permits the Court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  Specifically, Rule 12(f) only allows a "court to *strike pleadings*," as defined in Rule 7(a).  *Topps Co., Inc. v. Koko's Confectionery & Novelty*, 482 F. Supp. 3d 129, 132 n.1 (S.D.N.Y. 2020); *Schwartz v. HSBC Bank USA, N.A.*, No. 14-cv-09525 (KPF), 2015 WL 14081920, at *1 (S.D.N.Y. Dec. 15, 2015) (denying motion to strike portion of defendant's reply brief and declaration in support because neither were pleadings) (collecting cases); 5C Wright & Miller's Federal Practice & Procedure § 1380 (3d ed.) ("By its terms, Rule 12(f) motions only may be directed towards pleadings as defined by [Rule] 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings should not be viewed as being subject to Rule 12(f).").  Under Rule 7(a), pleadings are "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 7(a).  Here, Dixon seeks to strike portions of Defendant Roc Nation's brief in support of its motion to dismiss, which is not a pleading under Rule 7(a).  Accordingly, the motion to strike is denied.

## II.    Leave to Amend

With respect to Plaintiff's motion to amend, Rule 15(a) governs amendments to pleadings before trial.  Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than . . . (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  *Id.* 15(a)(1)(A)-(B).  "[A]ll other" amendments are governed by Rule 15(a)(2), which permits a

party to "amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2). Under Rule 15(a)(2), a "court should freely give leave when justice so requires." *Id.* When considering whether to grant a party leave to amend, district courts should "hew to the liberal standard set forth in Rule 15," because there is a "strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (per curiam)). Nonetheless, "it is within the sound discretion of the district court to deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (omission adopted) (quoting *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018)). Defendants argue that Dixon should be denied leave to amend because the request: (1) did not comply with Local Civil Rules 7.1(a)(2) and 15.1(a), Dkt. 80 at 1-2, (2) is untimely and in bad faith, *id.* at 2-3, (3) is futile, *id.* at 4, and (4) is prejudicial to the Defendants, *id.* at 5. The Court does not agree.

First, Defendants argue that Dixon did not comply with Local Civil Rules 7.1(a)(2) and 15.1(a) and thus his motion for leave to amend should be denied. Dkt. 80 at 1-2. Local Civil Rule 7.1 requires that a motion be accompanied by a "memorandum of law, setting forth cases and other authorities relied on in support of the motion." Local Civ. R. 7.1(a)(2). Furthermore, Local Civil Rule 15.1(a) requires that motions to amend a complaint include "a clean copy of the proposed amended or supplemental pleading; and . . . a version of the proposed pleading that shows — through redlining, underlining, strikeouts, or other similar typographic method — all differences from the pleading that it is intended to amend or supplement." *Id.* 15(a).

While adherence to the Local Rules is important, the Court will not deny Dixon leave to amend because he failed to comply with Local Civil Rules 7.1(a)(2) and 15.1(a). "The district court generally 'has broad discretion to determine whether to overlook a party's failure to

comply with local court rules.'" *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024), (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001), *abrogated in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009)), *cert. denied*, 145 S. Ct. 279 (2024); *Ass'n for Retarded Citizens of Connecticut, Inc. v. Thorne*, 68 F.3d 547, 554 (2d Cir. 1995) (noting that district courts have discretion to depart from the Local Rules if adherence would cause an unjust result).  Dixon has filed a substantive letter motion requesting leave to amend, and "the failure to file a proposed amended complaint 'is not fatal where there is no undue prejudice to defendant.'" *24 Seven, LLC v. Martinez*, No. 19-cv-07320 (VSB), 2021 WL 276654, at *11 (S.D.N.Y. Jan. 26, 2021) (quoting *Fei v. WestLB AG*, No. 07-cv-08785 (HB), 2008 WL 594768, at *2 (S.D.N.Y. Mar. 5, 2008)).  "Leave to amend may thus be granted notwithstanding a movant's failure to attach a proposed amended complaint if the movant provides the basis for the proposed amendments." *Id.* (collecting cases).  Here, Dixon's letter motion describes the additional facts that the first amended complaint will include and how they will address the deficiencies identified in the motions to dismiss, and Defendants provided a fulsome response to his arguments and the authorities cited.  Dkt. 79 at 2; Dkt. 80.  Thus, the Court will not deny Plaintiff leave to amend on this basis.

Second, Defendants argue that leave should be denied because of undue delay and bad faith, pointing out that it has been nearly nine months since Roc Nation filed their motion to dismiss, approximately four months since the Joint Defendants' motion to dismiss, and Dixon has also not provided any adequate justification for this delay.  Dkt. 80 at 2-3.  Furthermore, Defendants argue that Dixon's prior conduct in this litigation, including his failure to file an opposition to the motion to dismiss, supports a finding that this amendment is sought in bad faith.  *Id.*  The Court is not persuaded.

6

To be sure, Dixon could have — and should have — sought leave to amend based on the motions to dismiss much earlier, and he does not provide any clear explanation for this delay. However, "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (alterations adopted) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)); *Brecher v. Citigroup Inc.*, No. 09-cv-07359 (SHS), 2011 WL 5525353, at *2 (S.D.N.Y. Nov. 14, 2011) (refusing to "deny plaintiffs leave to amend on account of their dilatory conduct" without a showing of bad faith). Dixon's pre-litigation communications and failure to file a brief in opposition to the Joint Defendants' motion to dismiss are also not enough to convince the Court that Dixon's motion to amend is in bad faith. *See ER Tennessee LLC v. 1322 Devs., LLC*, No. 24-cv-06587 (JHR), 2026 WL 696885, at *2 (S.D.N.Y. Mar. 12, 2026) ("Defendants' argument that plaintiff's delay amounts to a surreptitious effort to respond belatedly to the motion to dismiss does not sufficiently allege bad faith or dilatory motive."). Thus, the Court will not deny leave to amend on this basis.

Third, with respect to futility, a proposed amendment is futile when "it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Morales v. New York Univ.*, 585 F. Supp. 3d 610, 613 (S.D.N.Y. 2022) (quoting *Long v. Parry*, 679 F. App'x 60, 63 (2d Cir. 2017) (summary order)). "[T]he Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Env't Sols. Assocs. Grp., LLC v. Conopoco Inc.*, No. 20-cv-10699 (MKV), 2021 WL 2075586, at *2 (S.D.N.Y. May 24, 2021) (quoting *Chubb INA Holdings v. Chang*, No. 16-2354-BRM-DEA, 2016 WL 6841075, at *6 (D.N.J. Nov. 21, 2016)); *accord Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, No. 24-cv-00744 (JLR), 2024 WL 4635483, at *6 (S.D.N.Y. Oct. 31, 2024). Indeed, "[w]hen a plaintiff proposes an amendment in response to a

7

motion to dismiss, 'the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave.'" *Orient Plus*, 2024 WL 4635483, at *2 (quoting *Pecou v. Bessemer Tr. Co.*, No. 22-cv-01019 (MKV), 2022 WL 3646210, at *2 (S.D.N.Y. Aug. 24, 2022)); *accord Conopoco*, 2021 WL 2075586, at *1. Plaintiff has articulated additional facts that are allegedly responsive to the motion to dismiss. The Court will address them in the context of the sure-to-be-renewed motions to dismiss, rather than in the context of the motion to amend.

Finally, Defendants argue that "[g]ranting leave to amend now would allow the salacious allegations in the Complaint to remain unresolved while Plaintiff takes yet another bite at the apple." Dkt. 80 at 5. The Court is not persuaded that leave should be denied on this basis. Defendants do not cite to any case that supports denial of a motion to amend because a complaint with negative allegations will remain pending for a longer period of time. In determining whether an amendment would unduly prejudice an opposing party, a court considers whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Pasternack*, 863 F.3d at 174 (quoting *Block*, 988 F.2d at 350). "[C]omplaints of 'the time, effort and money . . . expended in litigating [the] matter,' without more," cannot "constitute prejudice sufficient to warrant denial of leave to amend." *Id.* (alterations in original) (quoting *Block*, 988 F.2d at 351). Here, the litigation is still at a relatively early stage. Discovery is stayed, and the parties have not expended significant resources thus far, other than preparing the pending motions to dismiss. Although granting Dixon leave to amend (followed by the potential refiling of motions to dismiss), "will prolong the case," that fact "is not enough, standing alone, for the Court to deny leave to amend." *In re London Silver Fixing, Ltd., Antitrust Litig.*, No. 14-mc-

02573 (VEC), 2017 WL 11566841, at *4 (S.D.N.Y. June 8, 2017) (granting leave to amend when "[d]iscovery was not fully underway" and the case "ha[d] not progressed significantly past the pleadings stage"); *see also Gokhberg v. PNC Bank, Nat'l Ass'n*, No. 18-cv-06403 (DLI) (VMS), 2020 WL 7262845, at *5 (E.D.N.Y. Dec. 10, 2020) (holding that "while there is some delay inherent in permitting [p]laintiff to amend, mere delay is not a sufficient basis to deny amendment"). Thus, permitting an amended complaint would not cause Defendants undue prejudice.

It is also more efficient to evaluate a motion to dismiss that addresses Dixon's full and complete allegations as amended rather than to evaluate those allegations in the context of a potential amendment after the Court decides the current motions to dismiss. Dixon is warned though, that given his inexplicable delay in making this request to amend, and the fact that he has had ample time to consider the arguments in the present motions to dismiss, further amendment after renewed motions to dismiss are decided will likely not be permitted to address deficiencies that have already been highlighted in the present motions. *See, e.g.*, *Solomon v. Flipps Media, Inc.*, 136 F.4th 41, 56 (2d Cir. 2025) (finding no abuse of discretion in denying plaintiff leave to amend after granting motion to dismiss in part because plaintiff "was put on notice of the deficiencies in the [c]omplaint and had 'ample opportunity' to address them"), *cert. denied*, 223 L.Ed.2d 274 (Dec. 8, 2025).

Therefore, Dixon is granted leave to amend pursuant to Rule 15(a)(2). Dixon requests twenty-one days to file the Amended Complaint. Dkt. 79 at 3. Under the Local Civil Rules, a represented "moving party must file the new pleading within seven days of the order granting the motion." Local Civ. R. 15.1(b). Dixon has presented no good cause for deviating from this schedule, particularly considering his belated request to amend. Accordingly, Dixon shall file his amended complaint within seven days of this Order.

### III.    Motions to Dismiss and Motion for Sanctions

Given that Dixon has been granted leave to file an amended complaint, the pending motions to dismiss and Roc Nation's motion for sanctions with respect to the original Complaint are now moot and will be dismissed without prejudice to refiling. *See Hughes v. Nat'l Football League*, No. 22-cv-10743 (JLR), 2023 WL 8039262, at *4 (S.D.N.Y. Nov. 20, 2023) (dismissing as moot defendant's motion to dismiss the first amended complaint when granting motion for leave to file the second amended complaint); *Iglesias v. HRA Pharma Am., Inc.*, No. 22-cv-08398 (JHR), 2023 WL 5277424, at *2 (S.D.N.Y. Aug. 16, 2023) (denying defendant's pending motion to dismiss the operative complaint as moot when granting leave for plaintiff to file an amended complaint).

### CONCLUSION

For the aforementioned reasons, Plaintiff's motion to strike is DENIED.  Plaintiff's motion for leave to file a first amended complaint is GRANTED.  Plaintiff shall file the first amended complaint no later than March 25, 2026.  All pending motions to dismiss are DENIED AS MOOT without prejudice.  Defendant Roc Nation's motion for sanctions is also DENIED AS MOOT without prejudice.

The Clerk of the Court is respectfully directed to close the open motions at Dkts. 9, 12, 14, 61, and 63.

Dated:  March 18, 2026
        New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge

10