UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**JOSEPH CARTAGENA**,
    *Plaintiff,*

        v.

**TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,**
    *Defendants.*

---

**TERRANCE DIXON, a/k/a "TA,"**
    *Plaintiff,*

        v.

**JOSEPH ANTONIO CARTAGENA p/k/a "FAT JOE," PETER "PISTOL PETE" TORRES, RICHARD "RICH PLAYER" JOSPITRE, ERICA JULIANA MOREIRA, SNEAKER ADDICT TOURING LLC, SLATE, INC., ROC NATION, LLC, JOHN DOES 1-10, JANE DOES 1-10, AND ABC CORPORATIONS 1-10,**

    *Defendants.*

---

Civil Action No. 25-cv-03552

Civil Action No. 25-cv-05144

**ORAL ARGUMENT REQUESTED**

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ERICA MOREIRA'S
SUPPLEMENTAL MOTION TO DISMISS THE AMENDED COMPLAINT**

Reed Brodsky
Seton Hartnett O'Brien
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-4000
rbrodsky@gibsondunn.com
sobrien@gibsondunn.com

May 15, 2026

*Attorneys for Defendant Erica Moreira*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 1

    I.      New York Labor Law Claim (Count II) Against Moreira Should Be Dismissed Because Moreira Is Not Plaintiff's Employer. ................................................... 1

    II.     The Trafficking Victims Protection Act Claim (Count III) Against Moreira Should Be Dismissed For Failure To Plead Participation, Knowledge, And Benefit. ........ 2

        A.      Moreira Did Not Participate in a Forced-Labor Venture. ........................... 2

        B.      Moreira Lacked Knowledge of a Forced-LaborVenture. ........................... 3

        C.      Moreira Did Not Benefit From a Forced-LaborVenture ............................ 5

    III.    The Fraudulent Concealment Claim (Count VI) Against Moreira Should Be Dismissed For Failure To Plead Duty, Knowledge, Or Scienter. ....................... 5

    IV.    The Aiding And Abetting Fraud Claim (Count VIII) Against Moreira Should Be Dismissed For Failure To Plead Knowledge Or Substantial Assistance. ........................... 7

    V.    The Aiding And Abetting Wage Theft Claim (Count IX) Against Moreira Should Be Dismissed As Not Cognizable And For Failure To Plead Knowledge Or Assistance ... 8

CONCLUSION .................................................................................................. 8

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ammar v. Carbone,*
  237 A.D.3d 883 (2d Dep't 2025) ...............................................................................1, 2

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ....................................................................................................4, 6

*Doe v. Apple Inc.,*
  96 F.4th 403 (D.C. Cir. 2024) ....................................................................................2, 3

*Doe v. Salesforce, Inc.,*
  2024 WL 1337370 (N.D. Tex. 2024) ..............................................................................3

*Edmondson v. Raniere,*
  751 F. Supp. 3d 136 (E.D.N.Y. 2024) ............................................................................3

*Galvez v. InvestCloud,*
  2026 WL 165737 (S.D.N.Y. Jan. 21, 2026) ..............................................................1, 2

*Geiss v. Weinstein Co. Holdings LLC,*
  383 F. Supp. 3d 156 (S.D.N.Y. 2019)............................................................................5

*Greenberg v. Seton Educ. Partners,*
  227 N.Y.S.3d 870 (2025).................................................................................................8

*Krys v. Pigott,*
  749 F.3d 117 (2d Cir. 2014)........................................................................................7, 8

*Lerner v. Fleet Bank, N.A.,*
  459 F.3d 273 (2d Cir. 2006)............................................................................................7

*Levin v. Sarah Lawrence Coll.,*
  747 F. Supp. 3d 645 (S.D.N.Y. 2024)............................................................................5

*Lewis v. Rosenfeld,*
  138 F. Supp. 2d 466 (S.D.N.Y. 2001).............................................................................6

*Mia v. Kimberly-Clark Corp.,*
  2025 WL 752564 (D.D.C. 2025) ...........................................................................3, 4, 5

*Mueller v. Deutsche Bank Aktiengesellschaft,*
  777 F. Supp. 3d 329 (S.D.N.Y. 2025)........................................................................2, 3

ii

*Noble v. Weinstein*,
   335 F. Supp. 3d 504 (S.D.N.Y. 2018)..............................................................................3, 4

*Rombach v. Chang*,
   355 F.3d 164 (2d Cir. 2004)...............................................................................................5, 6

*Stern v. Electrolux Home Prods., Inc.*,
   2024 WL 416495 (E.D.N.Y. Jan. 30, 2024) ....................................................................5, 6, 7

*Teamsters Loc. 445 Freight Div. Pension Fund v. Dynex Cap. Inc.*,
   531 F.3d 190 (2d Cir. 2008).................................................................................................6

**Statutes**

18 U.S.C. § 1595(a) ...............................................................................................................2, 4

N.Y. Lab. L. § 195 ...............................................................................................................1, 2

**Rules**

Fed. R. Civ. P. 9(b) ...............................................................................................................5, 7

**INTRODUCTION**

Erica Moreira is a New York-barred attorney who provides legal services to recording artists and other clients, including Joseph Cartagena. Because that is the extent of her actions, Plaintiff Terrence Dixon has once again failed to plead that she knowingly assisted the alleged trafficking venture. Dixon's newfound theories of labor law liability fail as well because Moreira was not his employer. And his fraudulent concealment and aiding-and-abetting claims should be dismissed for failing to plead any facts that satisfy the claims' elements. Moreira joins in Defendants' omnibus brief and Roc Nation's brief seeking dismissal on all claims. She addresses issues unique to the claims against her—all of which should be dismissed.

**ARGUMENT**

I. **New York Labor Law Claim (Count II) Against Moreira Should Be Dismissed Because Moreira Is Not Plaintiff's Employer.**

Because New York Labor Law § 195 imposes obligations on "[e]very employer" in the state, only *employers* can be held liable. Moreira was not Dixon's employer under New York's economic reality test, which looks to "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions or employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Ammar v. Carbone*, 237 A.D.3d 883, 884 (2d Dep't 2025). The "overarching concern is whether the alleged employer possessed the power to control the worker[] in question." *Galvez v. InvestCloud*, 2026 WL 165737, at *5 (S.D.N.Y. Jan. 21, 2026). Therefore, she cannot be liable.

Dixon does not allege that Moreira satisfied a single factor of the economic reality test—he does not allege she determined the rate of pay, much less that she had any power to hire or fire Dixon, supervised Dixon, or maintained employment records. Similarly, the plaintiff in *Ammar* amended his complaint to assert a wage theft claim against an alleged manager, but instead of

1

alleging any of the economic reality factors as to the manager, he claimed that other defendants satisfied at least some of the factors. *Ammar*, 237 A.D. 3d at 885. Dixon has done the same. He expressly pleads that he was employed by *other* defendants, FAC ¶ 90; *accord id.* ¶¶ 82, 85, and repeatedly contends that one such *different* defendant violated Labor Law § 195 by "acting through Moreira," *id.* ¶¶ 98-99. Indeed, the Amended Complaint does not even purport to allege that Moreira is Dixon's employer, instead suggesting they were colleagues. By his own pleading, Moreira had none of "the power to control" Dixon that is required for Labor Law liability. *See Galvez*, 2026 WL 165737, at *5. Just as the Labor Law claim was dismissed with prejudice in *Ammar*, so, too should Dixon's claim against Moreira be dismissed with prejudice.

## II. The Trafficking Victims Protection Act Claim (Count III) Against Moreira Should Be Dismissed For Failure To Plead Participation, Knowledge, And Benefit.

The TVPA provides a civil remedy against a person who "knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture." 18 U.S.C. § 1595(a). Dixon only purports to plead direct trafficking liability as to other Defendants—as to Moreira, he alleges venture liability. This claim should be dismissed because Dixon fails to plead that she knowingly participated in or benefited from a forced-labor venture.

### A. Moreira Did Not Participate in a Forced-Labor Venture.

"Participation in a venture" means "taking part or sharing in an enterprise or undertaking that involves danger, uncertainty, or risk, and potential gain." *Mueller v. Deutsche Bank Aktiengesellschaft*, 777 F. Supp. 3d 329, 337 (S.D.N.Y. 2025) (quoting *Doe v. Apple Inc*. 96 F.4th 403, 415 (D.C. Cir. 2024)). Dixon fails to plausibly allege that Moreira participated in the forced-labor venture.

The only allegations concerning Moreira's participation in the alleged venture are that she "maintained the financial structures that ensured Dixon's dependence," by controlling "payroll and

2

financial information, assuring him that 'everything was in order' while knowing he was being underpaid, and maintaining the financial opacity that made it impossible for [Dixon] to safely disengage or negotiate for fair compensation." FAC ¶¶ 107, 114. This is insufficient to allege participation because "some participation in the [forced-labor] act itself must be shown." *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018). Indeed, "conclusory allegations" that Moreira "facilitated" and "pa[id] for" certain aspects of a venture are insufficient. *Id.* The vague reference to a statement that "everything was in order"—which is not tethered to time, place, or context, FAC ¶ 114—is insufficient to plead that she actually "participat[ed] in the [forced-labor] act itself." *Id.* Absent "some facts providing context for [their] contact," that does not suffice. *Edmondson v. Raniere*, 751 F. Supp. 3d 136, 189 (E.D.N.Y. 2024). And providing "routine [professional] services" such as payroll to defendants allegedly participating in a criminal venture is not TVPA "participation." *Mueller*, 777 F. Supp. 3d at 338; *accord Doe*, 96 F.4th at 415 (finding ordinary business relationships insufficient). Absent allegations that Moreira provided services that were somehow "tailored" or "custom[ized]" for the venture, merely performing legal or financial work for Cartagena does not pass muster. *Mia v. Kimberly-Clark Corp.*, 2025 WL 752564, *4 (D.D.C. 2025).

### B.    Moreira Lacked Knowledge of a Forced-Labor Venture.

Dixon fails to plausibly allege Moreira had knowledge of any purported forced-labor venture. "[T]he relevant knowledge" required is that of a "specific act" that violated the TVPA. *Doe v. Salesforce, Inc.*, 2024 WL 1337370, *16 (N.D. Tex. 2024). Dixon attempts to plead knowledge in two ways. Both fail.

First, Dixon asserts that Moreira had "explicit notice" of Dixon's claims for credit and payment as of May 2023 because Dixon spoke with *someone else* who encouraged Dixon to "reach

3

out to Erica" and "let Erica know." FAC ¶ 48. But Dixon nowhere alleges that he did reach out to Moreira, let alone that he informed her of his financial and creative grievances. It is facially implausible to jump from what is alleged—that someone told Dixon to speak with Moreira—to the legal conclusion that Moreira therefore must have known. This "'naked assertion' devoid of 'further factual enhancement'" should be disregarded as inadequately pled. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The alleged timing further underscores Dixon's failure to plead knowledge. "[C]ivil liability under the TVPA requires knowledge of wrongdoing at the particular time the defendants 'benefited . . . from participation in [the] venture'—not, for example, after the defendant has already ceased any business dealings with the alleged exploiter." *Mia*, 2025 WL 752564, at *6 (quoting 18 U.S.C. § 1595(a)). Dixon alleges that the venture occurred "approximately" from "2005 through 2020." FAC ¶ 30. The alleged 2023 communication is flatly outside that window.[1]

Second, Dixon points to a June 2019 wage statement "listing all federal and FICA withholdings as 'XXXX,'" as proof that Moreira therefore must have known of Dixon's alleged underpayment. FAC ¶ 120. Again, "[w]hat is missing are factual allegations that link" Moreira's actions to the underlying venture allegations. *Noble*, 335 F. Supp. 3d at 524. Just as a "defendant's mere *membership* in the venture is insufficient if he is ignorant of the venture's . . . trafficking activities (and the means and methods thereof)," Moreira's alleged issuance of a single allegedly imperfect wage statement offers zero connection to her knowledge of the alleged forced-labor venture. *Id.* In *Mia*, alleged awareness of some noncompliance "with its own unspecified compliance requirements" was insufficient to demonstrate "actual or constructive knowledge of

---

[1] Cartagena's complaint against Dixon alleges that Moreira and Dixon spoke in 2025, years after Dixon's alleged work for Cartagena. *Cartagena v. Dixon*, 25-3552, Dkt. 14, Cartagena Compl. ¶¶ 83-84.

forced labor" because the alleged knowledge did not "amount[] to forced labor."  2025 WL 752564, *5.  So, too, here: alleged knowledge of a single allegedly imperfect wage statement is a far cry from knowledge of forced labor.

### C. Moreira Did Not Benefit From a Forced-Labor Venture.

"It is axiomatic" that a venture liability claim requires that "the defendant must have received some benefit." *Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 679 (S.D.N.Y. 2024). Dixon must allege "a causal relationship between [Moreira's] affirmative conduct furthering the [forced-labor] venture and [her] receipt of a benefit" and that she had "actual" or "constructive" knowledge of that causal relationship."  *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019).  Neither is alleged here.

Dixon does not allege that Moreira knowingly received anything of value from the purported venture.  Even if she had "undoubtedly benefited" by virtue of her employment (which is not alleged), that still would not suffice because "[t]he controlling question" is whether other defendants "provided any of those benefits to [Moreira] *because of* [her] facilitation" of the venture.  *Id.* at 169.  Absent allegations that Moreira "benefit[ted], financially or by receiving anything of value," much less "in connection with" the purported venture, the TVPA claim against Moreira should be dismissed.  *Levin*, 747 F. Supp. 3d at 679–80.

### III. The Fraudulent Concealment Claim (Count VI) Against Moreira Should Be Dismissed For Failure To Plead Duty, Knowledge, Or Scienter.

Dixon's allegations do not come close to satisfying the required heightened pleading under Rule 9(b), which applies to fraudulent concealment claims.  *See Stern v. Electrolux Home Prods., Inc.*, 2024 WL 416495, at *4 (E.D.N.Y. Jan. 30, 2024).  Rule 9(b) requires that a complaint "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were

5

fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (citation omitted). Dixon's allegations as to Moreira are devoid of all the requisite details of who, what, where, when and why. Moreover, the allegations are wholly deficient as to several elements of a fraudulent concealment claim, which requires pleading "(1) a duty to disclose material facts; (2) knowledge of material facts by a party bound to make such disclosures; (3) failure to discharge a duty to disclose; (4) scienter; (5) reliance; and (6) damages." *Stern*, 2024 WL 416495, at *8.

**Duty.** Dixon's "naked assertion" that Moreira had a duty to Dixon, FAC ¶ 165, is "devoid of further factual enhancement" and should be disregarded as inadequately pled. *Ashcroft*, 556 U.S. at 678. As Cartagena's lawyer, any duty Moreira had ran to Cartagena—not Dixon—as "an attorney owes fiduciary duties to a party other than h[er] client only under the rarest of circumstances," which have not been alleged here. *Lewis v. Rosenfeld*, 138 F. Supp. 2d 466, 480 (S.D.N.Y. 2001).

**Knowledge.** The only fact alleged as to Moreira's knowledge is issuance of the June 2019 wage statement that provided Dixon less money than he believes he was entitled to and marked "XXXX" on the withholding lines. FAC ¶ 166. But Dixon does not plead facts showing that Moreira knew that Dixon thought he should receive more money. As discussed above, the sole reference to a statement by another Defendant suggesting that Dixon reach out to Moreira—without any allegation that Dixon did so—is insufficient to impute knowledge to Moreira. *See Stern*, 2024 WL 416495, at *8 (finding failure to allege defendant's knowledge based on a single complaint of a defective product); *Teamsters Loc. 445 Freight Div. Pension Fund v. Dynex Cap. Inc.*, 531 F.3d 190, 196 (2d Cir. 2008) ("[w]here plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information").

6

**Scienter.** The Amended Complaint is silent as to Moreira's scienter. That alone mandates dismissal of the claim against her.

"The doctrine of fraudulent concealment is applied only in 'rare and exceptional circumstances.'" *Stern*, 2024 WL 416495, at *8. The facts alleged here do not come close to approaching such a scenario.

## IV. The Aiding And Abetting Fraud Claim (Count VIII) Against Moreira Should Be Dismissed For Failure To Plead Knowledge Or Substantial Assistance.

To establish liability for aiding and abetting fraud, Dixon "must show (1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." *Krys v. Pigott*, 749 F.3d 117, 127 (2d Cir. 2014) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006)). Dixon fails to plead Moreira's knowledge or substantial assistance. While Dixon concludes that a single, seven-year-old wage statement was "deliberate[ly] manipulat[ed]" and "designed to hide the true disposition of funds," FAC ¶ 191, there are no allegations that Moreira knew of any purported promise by Cartagena to pay Dixon a specific amount, nor that Dixon believed he was entitled to more compensation or creative credit than he was given. This falls far short of the "actual knowledge" that "is required to impose liability on an aider and abettor under New York law." *Krys*, 749 F.3d at 127 (quoting *Lerner*, 459 F.3d at 292). And the required "nexus between the primary fraud" and what Moreira allegedly "did with the intention of advancing the fraud's commission," is similarly lacking. *Id.* at 127-28.

Moreover, the specific acts alleged to substantially assist a fraud must be plead "with particularity." *Krys*, 749 F.3d at 129 (quoting Fed. R. Civ. P. 9(b)). Dixon again relies on Moreira's maintenance of payroll and issuance of wage statements, FAC ¶ 193, but he does not

plead that any of these "normal, lawful business practices" were done to advance a fraud. *Krys*, 749 F.3d at 132.

**V.     The Aiding And Abetting Wage Theft Claim (Count IX) Against Moreira Should Be Dismissed As Not Cognizable And For Failure To Plead Knowledge Or Assistance.**

First, Moreira joins in Roc Nation's argument that aiding and abetting wage theft is not a cognizable cause of action. Second, because there are no non-conclusory allegations of actual knowledge or substantial assistance as to Moreira, Roc Nation's argument for dismissal for failure to plead those elements applies with equal force to Moreira. Third, while the direct wage theft claim against Moreira (Count II) should be dismissed, *see supra* at 1-2, if it is not, the aiding-and-abetting wage-theft claim (Count IX) should be dismissed because "an individual cannot aid and abet h[er] own alleged [wrongful] conduct." *Greenberg v. Seton Educ. Partners*, 227 N.Y.S.3d 870, 879 (2025).

**CONCLUSION**

For the foregoing reasons, as well as those set forth in the accompanying briefs in support of dismissal, Moreira respectfully requests all claims against her be dismissed with prejudice.

8

Dated: May 15, 2026

Respectfully submitted,

*/s/ Reed Brodsky*

Reed Brodsky
Seton Hartnett O'Brien
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-4000
rbrodsky@gibsondunn.com
SOBrien@gibsondunn.com

*Attorneys for Defendant Erica Moreira*

## <u>WORD CERTIFICATION</u>

I hereby certify that the word count of this Memorandum of Law complies with the word limit of Local Civil Rule 7.1(c), as modified by the Court's April 7, 2026 Order, Dkt. 181. According to the word-processing system used to prepare this Memorandum of Law, the total word count for all printed text, exclusive of the material omitted under Local Rule 7.1(c), is 2,401 words.

Dated: New York, New York

May 15, 2026


/s/ Reed Brodsky
Reed Brodsky

10