**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7050**

WRITER'S EMAIL ADDRESS
**joannamenillo@quinnemanuel.com**

July 3, 2026

**VIA ECF**

Hon. Jennifer L. Rochon
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Per Dkt. 84 and subsequent notice of reassignment, this case has been referred to Magistrate Judge Jennifer E. Willis for General Pretrial. Accordingly, Judge Willis will address this matter, and the parties are reminded that all subsequent pretrial matters should be addressed to Judge Willis.

**SO ORDERED.**

Dated: July 7, 2026
New York, New York  *Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

Re:   ***Dixon v. Cartagena*, 1:25-cv-005144-JLR,**
      **consolidated with *Cartagena v. Dixon*, 1:25-cv-03552-JLR**

Dear Judge Rochon:

We write on behalf of Defendant Roc Nation, LLC concerning Plaintiff Terrance Dixon's opposition to Roc Nation's June 1, 2026 Rule 11 motion for sanctions (the "Opposition" or "Opp."). Dixon's Opposition is untimely, exceeds this Court's word limit, and contains what appear to be AI-hallucinated citations. Roc Nation respectfully requests that the Court (1) strike Dixon's July 1, 2026 Opposition (Dkt. No. 207), (2) direct Plaintiff to file a compliant opposition no later than July 7, 2026 at 5:00 p.m. EDT; and (3) grant a corresponding extension of Roc Nation's deadline to file a reply, until July 28, 2026. If Plaintiff fails to file a corrected brief by the new deadline—or files another, noncompliant brief—Roc Nation respectfully requests that the Court deem its Rule 11 motion unopposed.

***First***, on June 2, 2026, the Court entered a scheduling order directing Dixon to file any opposition to Roc Nation's motion no later than June 30, 2026. (Dkt. No. 205.) Dixon did not do so. He also did not seek leave to extend the June 30 deadline. His Opposition, filed on July 1, 2026 at 5:59 p.m. EDT is therefore untimely. In addition, the Opposition is approximately 11,043 words, which exceeds the 8,750-word limit under Rule 7.1(c) of the Local Civil Rules and Rule 3(C) of this Court's Individual Rules of Practice, and does not contain a certificate of compliance with the word-count limitation.

***Second***, the Opposition contains numerous citations that appear to be AI hallucinations. Courts in this Circuit regularly impose sanctions where a party relies on AI-hallucinated citations. *See, e.g.*, *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (issuing sanctions and explaining that it is required that "attorneys read, and thereby confirm the existence and validity of, the legal authorities on

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

which they rely"); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461, 465 (S.D.N.Y. 2023) (issuing sanctions under inherent authority for submission of "fake" citations); *Jimenez-Fogarty v. Fogarty*, No. 24 CIV. 8705 (JLR) (GWG), 2026 WL 1154029, *2 (S.D.N.Y. Apr. 29, 2026) (issuing sanctions *sua sponte* where plaintiff's brief included citations that "were completely made up"); *Kaur v. Desso*, 2025 WL 1895859, at *1, *4 (N.D.N.Y. July 9, 2025) (issuing sanctions *sua sponte* where plaintiff's brief contained "several fabricated quotations" from real cases).[1]

Though the decisions Plaintiff cites appear to be real cases, the quotations he attributes to those decisions are fabrications and the propositions for which he cites them find no support in the decisions themselves. For example, Plaintiff repeatedly relies on purported quotations from *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170 (2d Cir. 2012), including (1) "Strict compliance with Rule 11(c)(2) is required" (Opp. 17); (2) the safe harbor rule "must be strictly enforced" because "the purpose of the safe harbor is to give the offending party a meaningful opportunity to correct the alleged violation" (*id*. at 14); (3) "[T]he safe-harbor letter … must be sufficient specific to give the party notice of the claim, contention, allegation, or denial that is challenged" (*id*. at 20); and (4) other references to "strict compliance" and "strict enforcement" of the safe harbor rule (*id*. at 12, 17). None of these quotations can be found in *Star Mark*.

Similarly, Plaintiff misquotes and misrepresents the Supreme Court's opinion in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). He claims that *Cooter & Gell* said (1) "[T]he policies underlying Rule 11 … encourage litigants to abandon claims or defenses …" (Opp. 21); (2) "encourag[ing] litigants to abandon claims or defenses … upon further investigation" (*id*. at 23); and (3) that Rule 11 exists to "encourage litigants to abandon claims or defenses" and to promote the "correction" of pleadings (*id*. at 27). *Cooter & Gell* contains none of these quotations. On the contrary, the Court reached the opposite conclusion: Rule 11 is "aimed at curbing abuses of the judicial system"; "a voluntary dismissal ***does not*** eliminate the Rule 11 violation"; and "[i]f a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to 'stop, think and investigate more carefully before serving and filing papers.'" 496 U.S. at 397-98 (emphasis added).

This problem pervades Plaintiff's Opposition. On three instances (Opp. 26-27, 28, 36), Plaintiff erroneously attributes the same quotation—that Rule 11 "applies only to assertions contained in

---

[1]   Numerous courts are in accord and regularly sanction reliance on fabricated quotations from real cases. *See, e.g.*, *Fletcher v. Experian Info. Sols., Inc.*, 168 F.4th 231, 235-40 (5th Cir. 2026) (affirming sanctions under inherent authority where plaintiff had "16 instances of fabricated quotations"); *Ali v. IT People Corp., Inc.*, 2025 WL 2682622, at *2-3 (E.D. Mich. Sept. 19, 2025) (imposing inherent authority sanctions where AI hallucinated quotations from real cases, including misrepresenting that "Rule 11 sanctions are 'reserved for exceptional circumstances.'"); *Jackson v. BOK Fin. Corp.*, 2026 WL 507918, at *2-4 (N.D. Okla. Feb. 24, 2026) (sanctions warranted where plaintiff's AI use led to "inaccurate or otherwise misleading citations to authority"); *Disability Rts. Mississippi v. Palmer Home for Child.*, 2025 WL 3691876, at *1, *17 (N.D. Miss. Dec. 19, 2025) (finding it "necessary to exercise … inherent power to impose the appropriate sanctions" where brief contained "nonexistent quotes attributed to existing cases").

papers filed with or submitted to the Court"—to *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91 (2d Cir. 1997).  In addition to the above, Roc Nation has identified at least 17 other quotations in Plaintiff's Opposition that do not appear in the cited authority:

| | Citation | Attributed Quote | Opp. Cite |
|---|---|---|---|
| 1 | *Salovaara v. Eckert*, 222 F.3d 19, 33 (2d Cir. 2000) | "a serious matter" | Opp. 11 |
| 2 | *Kiobel v. Millson*, 592 F.3d 78, 83 (2d Cir. 2010) | "Merely because a claim proves unsuccessful does not mean it was frivolous when filed" | Opp. 11, 28 |
| 3 | *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388 (2d Cir. 2003) | "it is patently clear that a claim has absolutely no chance of success"<br><br>"absolutely no chance of success" | Opp. 11<br><br><br>Opp. 26 |
| 4 | *Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497, 504 (2d Cir. 1989) | "a shifting standard would sanction lawyers for making avoidable mistakes" | Opp. 11 |
| 5 | *Burns v. Bank of Am.*, 2007 U.S. Dist. LEXIS 40037, at *32 (S.D.N.Y. June 4, 2007) | "utterly lacking" | Opp. 11 |
| 6 | *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). | "[T]he plain language of the statute limits its application to attorneys or others admitted to conduct cases." | Opp. 12 |
| 7 | *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143, 148 (2d Cir. 2012) | "Mere negligence, however substantial, will not suffice."<br><br>"Sanctions must be based on the record before the court, not on collateral impressions."<br><br>"fees for the specific misconduct"<br><br>"excess proceedings caused by counsel's conduct" | Opp. 13<br><br><br>Opp. 36<br><br><br><br>Opp. 38<br><br>Opp. 38 |
| 8 | *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) | "an extraordinary remedy"<br><br>"Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." | Opp. 13<br><br><br>Opp. 13 |
| 9 | *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010) | The phrases: "procedural prerequisite" and "Rule 11 sanctions could be imposed" | Opp. 14 |
| 10 | *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005) | "[A] warning letter, as opposed to the service of a proposed motion for sanctions . . . does not trigger the . . . safe harbor period." | Opp. 18 |

| 11 | *Lancaster v. Zufle*, 170 F.R.D. 7, 8 (S.D.N.Y. 1996) | "Rule 11 requires that a copy of the actual motion be served on opposing counsel." | Opp. 18-19 |
|---|---|---|---|
| 12 | *G.G. v. Salesforce.com. Inc.*, 76 F.4th 544, 555 (2023) | "sophisticated party with red flags" | Opp. 26 |
| 13 | *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999) | "clear evidence" and "subjective bad faith" | Opp. 27 |
| 14 | *Henry v. Daytop Village, Inc.*, 42 F.3d 89, 95 (2d Cir. 1994) | "A pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." | Opp. 29 |
| 15 | *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 143 (2d Cir. 2008) | "[A] worker may be jointly employed by two entities even where one entity has more control than the other." | Opp. 31 |
| 16 | *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) | "subjective bad faith"<br><br>bad faith showing "requires more than mere negligence" | Opp. 33<br><br>Opp. 36 |
| 17 | *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995) | "legitimate goals" | Opp. 34 |

Mr. Blackburn's citations to illusory authority are improper. As Mr. Blackburn himself conceded earlier this year:

> The submission of fabricated citations to a federal court is not a technical irregularity. It is a breach of the duty of candor owed to this tribunal, an unreasonable manipulation of proceedings within the meaning of 28 U.S.C. § 1927, and an abuse of the judicial process that warrants the exercise of this Court's inherent sanctioning authority.

Plaintiff's MOL in Support of Mot. for Sanctions, *Nantongo v. Nationwide Mortgage Bankers Inc.*, No. 22-cv-04974 Dkt. 67-2 (E.D.N.Y. Apr. 22, 2026). Unfortunately, it appears that Mr. Blackburn has not been "dissuaded by Court orders or the threat of sanctions from filing unchecked, AI-generated submissions with false legal citations." *Flycatcher Corp. v. Affable Ave. LLC*, 2026 WL 306683, at *12-13 (S.D.N.Y. Feb. 5, 2026) (entering default judgment under inherent authority where counsel's "AI misuse result[ed] in erroneous citations"). This misconduct not only betrays his duty to the Court, but it imposes unfair and unreasonable burdens on parties like Roc Nation, which is forced to chase ghosts in the caselaw and do what Mr. Blackburn should have done in the first place—"the routine task of cite checking" his own brief. *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341, 348 (E.D.N.Y. 2025).

*   *   *

Given the unusual and excessive volume of fabricated authority in Plaintiff's Opposition, Roc Nation should not be required to expend further resources or costs responding to it. To ensure that the Court has an adequate basis on which to decide Roc Nation's pending Rule 11 motion, Roc

4

Nation respectfully requests that the Court (1) strike Plaintiff's Opposition (Dkt. No. 207); (2) order Plaintiff to file a compliant brief no later than July 7, 2026 at 5:00 p.m. EDT; and (3) extend Roc Nation's deadline to file a reply until July 28, 2026.  Roc Nation further requests that if Plaintiff fails to meet this deadline, or files another noncompliant brief, that the Court deem its Rule 11 motion unopposed.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*Joanna E. Menillo*

Joanna Menillo