

# T. A. BLACKBURN LAW

### TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT, & THIRD CIRCUIT

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

Plaintiff's request for leave to file his Consolidated Memorandum of Law in Opposition to Defendants' motions to dismiss *nunc pro tunc* is GRANTED.

Dated: July 9, 2026
New York, New York

**SO ORDERED.**

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

July 6, 2026

VIA ECF
The Honorable Jennifer L. Rochon, USDJ
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: *Dixon v. Cartagena et al.*, No. 1:25-cv-05144-JLR

Dear Judge Rochon:

I represent Plaintiff Terrance Dixon. I respectfully request leave to file the attached Consolidated Memorandum of Law in Opposition to Defendants' motions to dismiss *nunc pro tunc*. The opposition was due on June 30, 2026, and is being filed six days late. I sincerely apologize to the Court and opposing counsel for the delay and accept full responsibility.

The delay resulted from two circumstances. First, I was required to complete and file two complaints whose statutes of limitations were about to expire. Missing those deadlines would have permanently barred those claims. Second, I mistakenly calendared the deadline in this matter after transposing it with a deadline in another case. Once I discovered the error, I immediately completed the opposition and filed it.  This is Plaintiff's first request for an extension relating to this filing. No prior extension was requested or granted.

Defendants will suffer no prejudice from a six-day extension. The attached memorandum fully responds to every motion to dismiss, no discovery has begun, no trial date has been scheduled, and Defendants retain a full opportunity to submit reply briefs. By contrast, denying leave would effectively deprive Plaintiff of the opportunity to respond to dispositive motions despite the brief, non-willful delay.

The Second Circuit strongly favors resolving cases on their merits rather than through procedural defaults, particularly where there is no bad faith and the delay causes no prejudice. Under these circumstances, permitting the filing best serves the interests of justice. See, Enron Oil

 347-342-7432 ✉ tblackburn@tablackburnlaw.com 🌐 TABlackburnlaw.com



## T. A. BLACKBURN LAW

Corp. v. Diakuhara, 10 F.3d 90 (1993), Weisel v. Pischel, 197 F.R.D. 231 (2000), State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158 (2004), and Marfia v. T.C. Ziraat Bankasi, N.Y. Branch, 100 F.3d 243 (1996).

Accordingly, Plaintiff respectfully requests that the Court: 1. deny Defendants' request to deem the motions unopposed; 2. grant leave to file the attached opposition *nunc pro tunc* as of July 6, 2026; and 3. establish a schedule for Defendants' reply briefs. I again apologize for the delay and appreciate the Court's consideration.

Respectfully submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

Cc:
All Counsel of Record via ECF

