# Tacopina Seigel Trial Lawyers

TACOPINA SEIGEL & DEOREO

JOSEPH TACOPINA
Email: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone: (212) 227-8877
Facsimile: (212) 619-1028

July 7, 2026

**VIA ECF**

The Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Defendant's request to deny Plaintiff's request for leave to file his Consolidated Memorandum of Law in Opposition to Defendants' motions and deem Defendant's motion to dismiss unopposed is DENIED.  Defendants' reply brief is due **August 14, 2026**.

**SO ORDERED.**

Dated: July 9, 2026
         New York, New York

*Jennifer Rochon*

**JENNIFER L. ROCHON**
**United States District Judge**

Re:     **Dixon v. Cartagena, et al., No. 25-cv-5144 (JLR)**

Dear Judge Rochon:

We represent Defendant Joseph Antonio Cartagena ("Cartagena") and respectfully submit this letter in opposition to Plaintiff's request (Dkt. No. 100) for leave to file, *nunc pro tunc*, his untimely opposition to Defendant Cartagena's Motion to Dismiss the Amended Complaint.

The Court's April 7, 2026 Scheduling Order expressly directed that "Plaintiff shall file a consolidated opposition brief, not to exceed 21,250 words, on or before June 30, 2026." (Dkt. No. 88).  Plaintiff complied with neither requirement.  Rather than seeking an extension before the deadline expired, Plaintiff allowed the June 30th deadline to pass and filed his opposition six days later, on July 6, 2026.  In addition, Plaintiff filed a 24,976-word opposition, which is 3,726 words (approximately 17.5%) over the Court's 21,250-word limit, without first seeking leave of Court. Only after filing this untimely and oversized opposition did Plaintiff request that the Court excuse his failure to comply with its Scheduling Order.  Notably, Plaintiff's application seeks leave only with respect to the untimely filing; it does not seek leave to exceed the Court's express word limitation or otherwise explain that separate violation of the Scheduling Order.  Indeed, Plaintiff offers no explanation whatsoever for his failure to comply with the Court's separate word limitation.

Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff bears the burden of demonstrating that his failure to comply with the Court's deadline resulted from "excusable neglect." Plaintiff has not met that burden.  Specifically, Plaintiff attributes the delay to a calendaring error and competing statute-of-limitations deadlines.  Those explanations do not constitute excusable

The Honorable Jennifer L. Rochon
July 7, 2026
Page 2

neglect. Calendaring deadlines is among counsel's most fundamental professional obligations, and competing litigation demands are a routine aspect of legal practice. If counsel believed additional time was necessary, the proper course was to request an extension before the deadline expired; not to disregard the Court's Scheduling Order and seek retroactive relief only after it had passed. Likewise, if counsel believed additional words were necessary to adequately present Plaintiff's arguments, the proper course was to seek leave before filing an oversized brief; not simply disregard the Court's express word limitation.

Moreover, Plaintiff's application is contrary to Section 1(F) of Your Honor's Individual Rules of Practice in Civil Cases, which provides that, absent "extraordinary circumstances," requests for extensions "will be denied if not made before the expiration of the original deadline," and that, to even be considered, requests for extensions "must be made at least one business day prior to the deadline, absent unforeseen circumstances." Plaintiff did neither. Instead, Plaintiff allowed the deadline to expire, filed his opposition six days late, and only then sought retroactive relief. Nor has Plaintiff demonstrated any extraordinary or unforeseen circumstances that would excuse his failure to comply with the Court's Individual Rules.

While Plaintiff characterizes the delay as relatively brief, the length of the delay does not excuse the failure to comply with the Court's Scheduling Order. The orderly administration of litigation depends upon adherence to the Court's directives. Allowing parties to disregard the Court's Scheduling Orders, including both filing deadlines and express word limitations, without first obtaining leave of Court undermines the orderly administration of litigation and unfairly rewards noncompliance.

Nor should Plaintiff's request be viewed in isolation. On July 1, 2026, Defendant Cartagena advised the Court that Plaintiff had failed to oppose the motion to dismiss by the Court's June 30th deadline, had not sought an extension, and had not otherwise requested relief. (Dkt. No. 98). Significantly, even after Defendant Cartagena advised the Court of Plaintiff's failure to comply with that deadline, Plaintiff still did not promptly seek relief. Instead, Plaintiff waited an additional five days before filing his opposition and requesting leave *nunc pro tunc*. In addition, Plaintiff filed a brief that exceeded the Court's express word limitation by 3,726 words without first seeking leave of Court. Accordingly, Plaintiff violated two separate requirements of the Court's Scheduling Order, yet even now seeks relief only with respect to one of those violations.

This is not the first time Plaintiff's counsel has failed to comply with this Court's scheduling orders. Earlier in this litigation, Plaintiff likewise failed to timely oppose Defendant Cartagena's motion to dismiss and then sought leave to amend only after the opposition deadline had passed. (Dkt. No. 80). Although the Court ultimately granted Plaintiff leave to amend, it expressly observed that Plaintiff "could have — and should have — sought leave to amend ... much earlier," that he failed to "provide any clear explanation" for his delay, and cautioned that, "given his inexplicable

The Honorable Jennifer L. Rochon
July 7, 2026
Page 3

delay" and the fact that he had "ample time" to address the arguments raised in Defendants' motions, further opportunities to cure previously identified deficiencies would likely not be permitted. (March 18, 2026 Order, Dkt. No. 83 at 8-9). More recently, Defendant Roc Nation advised the Court that another filing submitted by Plaintiff's counsel in this very action (in opposition to sanctions) was likewise untimely, exceeded the applicable word limitations, and contained what appear to be AI-generated or fabricated citations. (Dkt. No. 99). Viewed together, these repeated procedural failures demonstrate that counsel's present explanation should not be viewed as an isolated oversight, but rather as part of a continuing pattern of noncompliance with the Court's rules and scheduling orders.

Accordingly, Defendant Cartagena respectfully asks that the Court deny Plaintiff's request for leave to file his untimely opposition papers and deem Defendant Cartagena's motion to dismiss fully submitted without opposition.

In the alternative, if the Court is inclined to accept Plaintiff's untimely and oversized filing, Defendant Cartagena respectfully requests that the Court extend the deadline for Defendants' reply brief. Under the Court's Scheduling Order, Defendants (other than Roc Nation) are currently required to file a consolidated reply brief, together with any defendant-specific supplemental replies, on or before July 31, 2026. (April 7, 2026 Order, Dkt. No. 88). Plaintiff's six-day delay deprives Defendant Cartagena of the full period contemplated by the Court's Scheduling Order to review Plaintiff's opposition, conduct any necessary research, and prepare a reply. That prejudice is further compounded by Plaintiff's decision to file an opposition that exceeds the Court's authorized word limit. As a result, Defendant Cartagena must review and respond to a substantially longer brief than the Court authorized, notwithstanding Plaintiff's failure to seek leave to exceed the Court's express word limitation. Under these circumstances, simply extending the deadline by six days, to August 6, 2026, would not adequately remedy the resulting prejudice, particularly because counsel for Defendant Cartagena has a previously scheduled trip during that period. Thus, if the Court nonetheless permits Plaintiff's noncompliant filing, Defendant Cartagena respectfully requests that the deadline for Defendants' reply brief be extended until August 14, 2026, so that Defendant Cartagena has a full and meaningful opportunity to respond.

Your consideration in this matter is greatly appreciated.

Respectfully submitted,

Joseph Tacopina