**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
TERRANCE DIXON,

                     Plaintiff,

          -against-

JOSEPH CARTAGENA et al.,

                   Defendant.
------------------------------------------------------------------X
JOSEPH CARTAGENA,

                   Plaintiff,

          -against-

TERRANCE DIXON, et al.,

                   Defendant.
------------------------------------------------------------------X

**ORDER**

**25-CV-5144 (JLR) (JW)**

**25-CV-3552 (JLR) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of the opposition to Roc Nation LLC's ("Roc Nation") motion for sanctions filed by attorney Tyrone A. Blackburn ("Blackburn"). No. 25 Civ. 5144, Dkt. No. 97, No. 25 Civ. 3552, Dkt. No. 207. The Court is also in receipt of Roc Nation's motion to strike Blackburn's filing and to require Blackburn to file a compliant opposition, Dkt. No. 99, as well as Blackburn's response, Dkt. No. 101. For the reasons stated below, the motion to strike Blackburn's opposition to the motion for sanctions is **GRANTED** and the motion for sanctions will be considered unopposed. A separate Order on the motion for sanctions will follow.

On June 1, 2026, Roc Nation filed a motion for sanctions against Defendants Dixon, Blackburn, and T.A. Blackburn LLC (collectively, "Defendants"). No. 25 Civ. 3552, Dkt. No. 203. This Court set a briefing schedule requiring Defendants' opposition to be filed by June 30, 2026. Dkt. No. 205. On July 1, 2026, Blackburn filed Defendants' opposition motion. No. 25 Civ. 5144, Dkt. No. 97, No. 25 Civ. 3552, Dkt. No. 207. Counsel for Roc Nation filed a motion to strike the filing because it was "untimely, exceeds this Court's word limit, and contains what appear to be AI-hallucinated citations." No. 25 Civ. 5144, Dkt. No. 99.

On July 7, 2026, Blackburn filed a response to the motion to strike in which he argued that because every case cited to is real and "each was cited for a proposition it actually holds," the allegation of AI hallucinations is inaccurate. Dkt. No. 101. Blackburn does not dispute that on seventeen occasions he included language in quotation marks that is not identical to language in the cited cases but states that "[w]here quoted language does not track the source verbatim, it is a paraphrase or compression that faithfully states the court's holding—the ordinary work of legal argument, not the invention of fake law that the 'AI hallucination' cases condemn." Id. at 4. In addition to defending the choice to quote language that does not exist in the cases cited, Blackburn accuses Roc Nation of "failing the identical citation audit," and includes a list of forty citations that he alleges are not reflected in the cases verbatim. Id. at 4-10.

In response to Blackburn's filing, counsel for Roc Nation filed a letter informing the Court that Roc Nation did not use AI in "identifying authority for its own motions

nor in reviewing the authority cited in Plaintiff's opposition."    Dkt. No. 108.

Regarding the accusation of forty instances of misleading or inaccurate quotations,

Roc Nation states "[i]t also appears that some of Plaintiff's accusations are based on

hallucinations from the very 'assisted citation-verification tool' Plaintiff claims to

have used." Id.  For example, Blackburn claims Roc Nation:

> Misattributed [a] quotation to a Supreme Court authority. Roc Nation
> attaches substantive bad-faith language—that a party "filed a frivolous
> lawsuit, in bad faith, for the purpose of extorting a settlement from the
> defendants"—to *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639
> (2008). The verification tool returned "No matching quote found in
> *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)." Bridge is a
> RICO-standing decision; it does not contain the quoted language Roc
> Nation attributes to it. That is precisely the species of citation error—
> quoted language that does not appear in the cited authority—that Roc
> Nation labels "AI hallucination" when it appears in Plaintiff's brief.

Dkt. No. 101 at 5.  However, Roc Nation states:

> [H]ad Plaintiff actually read Roc Nation's motion, he would have seen
> that Roc Nation did not attribute that quotation—or any other—to
> *Bridge*. Roc Nation cited *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001)
> and appropriately added, as a description of subsequent history, that the
> decision was abrogated on other grounds by *Bridge*. (See Dkt. No. 204 at
> 13-14.).

Dkt. No. 108 at 2.  In addition to Roc Nation's representations in their letter, the

Court verified the quotations and citations in both the motion for sanctions and

Motion to Dismiss.

This Court is deeply troubled by (1) Blackburn's use of language in quotation

marks that does not exist in the cases he's citing the language for; (2) Blackburn's

insistence that his behavior is acceptable because the cases exist even though the

quoted language does not; (3) Blackburn's attempt to defend his behavior by lodging

unfounded allegations against Roc Nation; and (4) a continued pattern of behavior by Blackburn of making misrepresentations to the Court in memoranda of law after being sanctioned by multiple courts, including this one, for doing so already.

Blackburn in his filing attempts to obfuscate the meaning of a quotation and how to use quotation marks. Therefore, the Court will provide definitions. Merriam-Websters's dictionary defines the verb quote as "to speak or write (a passage) from another usually with credit acknowledgement." See *quote, Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/quoted (last visited July 8, 2026). Merriam-Webster defines quotation mark as "one of a pair of punctuation marks " " or ' ' used chiefly to indicate the beginning and the end of a quotation *in which the exact phraseology of another or of a text is directly cited.*" See *quotation mark, Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/quotation%20mark (last visited July 8, 2026). (emphasis added). The Bluebook, which provides guidance on how to use quotations from caselaw, gives specific instructions for how to substitute or omit letters or words when quoting language from a case. The Bluebook: A Uniform System of Citation, R5 (Columbia L. Rev. Ass'n et al. eds., 21st ed. 2020).

Not only does the dictionary define what a quotation is and how quotation marks are used, courts expect lawyers to present accurate quotations and citations in written submissions. Goodman v. Bouzy, No. 21 Civ. 10878 (AT) (HJR), 2025 WL 3638210, at *1-2 (S.D.N.Y. Dec. 15, 2025). "When a party uses quotation marks to delineate statements of legal rules, and those rules are followed by a citation to an

4

existing legal case, the Court treats this as a representation that the cited case contains the language which is in quotation marks." Id. at *2.  The Court does "not look kindly" on failures to accurately represent cases cited by a party. Id.

Rather than take responsibility for the inaccurate representations in the opposition motion, Blackburn made baseless accusations against counsel for Roc Nation in attempt to deflect attention from himself.  This is not the first time Blackburn has made unfounded accusations against opposing counsel in this case.  Blackburn was recently sanctioned by this Court for that very behavior when he accused counsel for Cartagena of violating the Protective Order without a modicum of evidence to support the accusation.  See No. 25 Civ. 3552, Dkt. Nos. 182, 206.

Furthermore, this is not the first time a court has stricken filings by Blackburn from the record because he fabricated quotes from case law.  On June 25, 2025, a court in the Western District of Pennsylvania stated:

> When reviewing Blackburn's briefs, the Court was perplexed to see quotes attributed to the Court's own prior opinion *in this case,* as well as other case law, that was wholly fabricated.

Jakes v. Youngblood, 2025 WL 2371007, at *2 (W.D. Pa. June 26, 2025) (emphasis in original).  Because the court viewed Blackburn's conduct as "a clear ethical violation of the highest order," the Court struck Blackburn's motion to dismiss and reply memorandum of law from the record.  Id. at *1, 5.  The court then ordered Blackburn to show cause as to why he did not violate Rule 11.  Id. at *5.  In Blackburn's memorandum of law in response to the court's order to show cause he stated:

> I now understand that paraphrases—particularly those closely tracking the language from cases— must never be enclosed in quotation marks unless they accurately reflect the precise language of the cited source. In this instance, I failed to meet that standard.

Jakes v. Youngblood, No. 24-cv-01608 (W.D. Pa. July 19, 2025), Dkt. No. 57. The court in Jakes ultimately imposed a monetary sanction against Blackburn for five thousand dollars. Id. at Dkt. No. 71.

In addition to being sanctioned for the same conduct Blackburn has now exhibited with this Court, he has been warned by multiple other courts against including inaccuracies and AI hallucinations in his briefs. On March 24, 2025, in this District, Judge Oetkin characterized filings by Blackburn as "replete with inaccurate statements of law, conclusory accusations, and inappropriate ad hominem attacks on opposing counsel." Jones v. Combs, No. 24 Civ. 1457 (JPO), 2025 WL 896829, at *4 (S.D.N.Y. Mar. 24, 2025). On December 15, 2025, in the District of New Jersey, the court sanctioned Blackburn for citing to nonexistent cases created by AI hallucinations and failing to comply with court orders to provide information about the citation to the court. Gardner v. Combs, 2025 WL 3632704, at *3 (D.N.J Dec. 15, 2025).

Blackburn's repeated inclusion of fabricated quotes in his filings demonstrates a pattern of complete disregard for his ethical obligations to make accurate representations to the Court. He has been sanctioned repeatedly for his reliance on AI without verifying the quotations and citations before filing his submissions. Worse still, while he represented to a court last year that he understands words "must never

6

be enclosed in quotation marks unless they accurately reflect the precise language of the cited source," he brazenly minimizes and attempts to justify identical behavior here. When his fabricated quotes were discovered by counsel for Roc Nation in this case, he doubled down and made baseless accusations against opposing counsel. For those reasons and all of the reasons stated above, the motion to strike is **GRANTED** and the motion for sanctions will be considered unopposed. A separate order on the sanctions will follow.

Additionally, this Court made a referral of Blackburn to the Southern District of New York's Grievance Committee in its last Order on sanctions. Blackburn's citations to fabricated quotations and complete lack of acceptance of responsibility after previously being sanctioned for the same exact behavior is an outrageous breach of his ethical and professional obligations. Accordingly, this behavior will be incorporated in his referral to the Grievance Committee.

SO ORDERED.

DATED:    New York, New York
         July 10, 2026

JENNIFER E. WILLIS
United States Magistrate Judge