UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **JOSEPH CARTAGENA**, <br> *Plaintiff,* <br> v. <br> **TERRANCE DIXON, TYRONE BLACKBURN, and T.A. BLACKBURN LAW, PLLC,** <br> *Defendants*. | Civil Action No. 25-cv-03552 |
| **TERRANCE DIXON, a/k/a "TA,"** <br> *Plaintiff,* <br> v. <br> **JOSEPH ANTONIO CARTAGENA p/k/a "FAT JOE," PETER "PISTOL PETE" TORRES, RICHARD "RICH PLAYER" JOSPITRE, ERICA JULIANA MOREIRA, SNEAKER ADDICT TOURING LLC, SLATE, INC., ROC NATION, LLC, JOHN DOES 1-10, JANE DOES 1-10, AND ABC CORPORATIONS 1-10,** <br><br> *Defendants*. | Civil Action No. 25-cv-05144 <br><br> **ORAL ARGUMENT REQUESTED** |

## <u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ERICA MOREIRA'S SUPPLEMENTAL MOTION TO DISMISS THE AMENDED COMPLAINT</u>

Reed Brodsky
Seton Hartnett O'Brien
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-4000
rbrodsky@gibsondunn.com
sobrien@gibsondunn.com

*Attorneys for Defendant Erica Moreira*

August 14, 2026

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 1

    I.      New York Labor Law Claim (Count II) Against Moreira Should Be Dismissed Because Moreira Is Not Plaintiff's Employer...................................................1

    II.     The Trafficking Victims Protection Act Claim (Count III) Against Moreira Should Be Dismissed For Failure To Plead Participation, Knowledge, And Benefit. ........3

    III.    The Fraudulent Concealment Claim (Count VI) Against Moreira Should Be Dismissed For Failure To Plead Duty, Knowledge, And Scienter. ...................................4

    IV.    The Aiding And Abetting Fraud Claim (Count VIII) Against Moreira Should Be Dismissed For Failure To Plead Knowledge And Substantial Assistance. ........................5

    V.     The Aiding And Abetting Wage Theft Claim (Count IX) Against Moreira Should Be Dismissed As Not Cognizable And For Failure To Plead Knowledge Or Assistance...5

CONCLUSION.................................................................................................... 6

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alpert v. 28 Williams Street Corp.*,
   63 N.Y.2d 557 (1984) ...............................................................................................................4

*Ammar v. Carbone*,
   237 A.D.3d 883 (2d Dep't 2025) .........................................................................................1, 2

*Doe v. Salesforce, Inc.*,
   2024 WL 1337370 (N.D. Tex. March 28, 2024) .....................................................................3

*Galvez v. InvestCloud*,
   822 F. Supp. 3d 382 (S.D.N.Y. 2026)......................................................................................2

*Geiss v. Weinstein Co. Holdings LLC*,
   383 F. Supp. 3d 156 (S.D.N.Y. 2019)...................................................................................3, 4

*Kaufman v. Cohen*,
   307 A.D.2d 113 (1st Dep't 2003) .............................................................................................4

*Krys v. Pigott*,
   749 F.3d 117 (2d Cir. 2014)......................................................................................................5

*Mia v. Kimberly-Clark Corp.*,
   2025 WL 752564 (D.D.C. March 10, 2025)............................................................................3

*Noble v. Weinstein*,
   335 F. Supp. 3d 504 (S.D.N.Y. 2018)......................................................................................2

**Statutes**

18 U.S.C. § 1595(a) .........................................................................................................................2, 3

N.Y. Lab. L. § 195 ...........................................................................................................................1, 2

**Rules**

Fed. R. Civ. P. 9(b) .........................................................................................................................4, 5

**INTRODUCTION**

Plaintiff Terrence Dixon's opposition has a consistent theme regarding his allegations against Erica Moreira: seeking leave to plead more facts "in greater detail."  Pl. Opp. MOL, Dkt. 100 ("Opp.") at 22, 41.  But the additional facts he seeks to add are not facts that he has learned after filing his original complaint—nor does he say there are.  His apparent recognition of the insufficiency of his claims supports dismissal.  But even as to the claims he does not seek to re-plead, every cause of action against Moreira rests on, at most, two specific allegations about her conduct.  Neither plausibly amounts to wrongdoing.  First, the single June 2019 wage statement that marks "XXXX" on the withholding line indicates, according to Dixon's original complaint, that his pay was *equal* to his gross earnings.  Dkt. 3 at ¶ 365.  Therefore, no deductions were taken, and the "XXXX" cannot plausibly be "evidence of an affirmative act of data manipulation."  Opp. at 53.  Second, Dixon alleges that another Defendant told Dixon in April or May 2023 to "let [Moreira] know" of Dixon's grievances.  FAC ¶ 48.  Dixon ignores Moreira's argument that it is illogical to conclude Moreira had knowledge of alleged wrongdoing solely because someone else told Dixon to speak with Moreira.  Moreira MOL, Dkt. 90, at 3–4.  Without the only two specific allegations against Moreira, every cause of action against her fails.  The claims against Moreira should be dismissed with prejudice for the reasons stated herein, as well as those in Defendants' omnibus papers.

**ARGUMENT**

I.    **New York Labor Law Claim (Count II) Against Moreira Should Be Dismissed Because Moreira Is Not Plaintiff's Employer.**

Dixon's opposition confirms that Moreira is not Dixon's employer, foreclosing any liability under New York Labor Law § 195.  Accordingly, Count II must be dismissed.

1

Dixon's argument that he sufficiently alleged the economic reality factors because "Moreira acted as an officer, payroll administrator, agent, or person *exercising employer-like control over wage records*," Opp. at 12 (emphasis added), misses the mark. The "overarching concern" of the economic reality test is whether Moreira "possessed the power to control the *worker*[]"—not whether she controlled wage *records*. *See Galvez v. InvestCloud*, 822 F. Supp. 3d 382, 390 (S.D.N.Y. 2026) (citation omitted) (emphasis added). In addition, maintaining wage records alone is a miniscule subset of maintaining general employment records (factor four), and Dixon fails to allege that Moreira maintained general employment records. Indeed, Dixon's argument that another Defendant—not Moreira—allegedly "placed Dixon on formal Paychex payroll," Opp. at 14, severely undercuts the alleged control by Moreira. As in *Ammar v. Carbone*, 237 A.D.3d 883 (2d Dep't 2025), this Court should dismiss Count II with prejudice for failure to plead the economic reality factors. *See* Moreira MOL at 1–2. What Dixon attempts to add, Opp. at 22, is insufficient and certainly known at the time of the filing of both the original and first amended complaints.

## II.     The Trafficking Victims Protection Act Claim (Count III) Against Moreira Should Be Dismissed For Failure To Plead Participation, Knowledge, And Benefit.

Dixon's attempts to elide Moreira's arguments and caselaw that compel dismissal of Count III fail. Dixon's mere conclusory assertion of "participation and knowledge through operational control" falls short of what is required. Dixon has failed to plead *each of the three* elements necessary to survive dismissal. His request for yet another do-over, Opp. at 41, should be denied.

**Participation.**     Dixon's argument that "Moreira maintained payroll and financial structures that concealed underpayment and dependency," Opp. at 41, remains deficient. Dixon fails to allege the essential element of "some participation in the [forced-labor] act itself." *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018). Alleging "Moreira's role was not

2

routine," Opp. at 41, is also not enough.  The law requires that he must plausibly allege her legal or financial services were somehow "tailored" or "custom[ized]" for the venture.  *Mia v. Kimberly-Clark Corp.*, 2025 WL 752564, *4 (D.D.C. March 10, 2025) (citation omitted).  As discussed in Moreira's opening motion—and overlooked by Dixon—neither the June 2019 wage statement nor the vague "everything was in order" statement plausibly suggests participation in a forced-labor venture.  Moreira MOL at 2–3.

**Knowledge.**  Dixon's opposition left unaddressed Moreira's arguments on knowledge.  Dixon fails to plausibly allege Moreira had knowledge of a "specific act" that violated the TVPA.  *Doe v. Salesforce, Inc.*, 2024 WL 1337370, at *16 (N.D. Tex. March 28, 2024).  He sidesteps the substantive difference between alleging that someone told Dixon to speak with Moreira about Dixon's complaints, with an allegation that Moreira knew about the purported venture.  Moreira MOL at 3–4.  Dixon has no answer to Moreira's argument that "civil liability under the TVPRA requires knowledge of wrongdoing at the particular time the defendants 'benefited . . . from participation in [the] venture'—not, for example, after the defendant has already ceased any business dealings with the alleged exploiter."  *Mia*, 2025 WL 752564, at *6 (quoting 18 U.S.C. § 1595(a)).  Dixon cannot explain how an alleged communication in 2023 gives rise to knowledge of a venture that allegedly occurred many years before from "approximately" "2005 through 2020."  FAC ¶ 30.  Dixon similarly leaves unaddressed Moreira's argument that the June 2019 wage statement is facially implausible evidence that Moreira knew about the forced labor venture.  Moreira MOL at 4–5.

**Benefit.**  Dixon acknowledges that he fails to plead Moreira received any benefit, and he seeks leave to amend.  Opp. at 41. Dixon must allege "a causal relationship between [Moreira's] affirmative conduct furthering the [forced-labor] venture and [her] receipt of a benefit," and that

she had "actual" or "constructive knowledge of that causal relationship." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019). Neither is alleged, nor does Dixon argue otherwise.

For all these reasons, Count III against Moreira should be dismissed with prejudice.

### III. The Fraudulent Concealment Claim (Count VI) Against Moreira Should Be Dismissed For Failure To Plead Duty, Knowledge, And Scienter.

Dixon's opposition underscores his failure to allege specific facts regarding Moreira to satisfy the heightened pleading under Rule 9(b).

**Duty.** Dixon argues that Moreira had an independent duty to Dixon, regardless of her attorney-client relationship with Cartagena. Opp. at 54. But even if Moreira were an "officer" of Sneaker Addict Touring LLC or Slate, Inc., *id.* at 51, any fiduciary duty would run to the companies, shareholders, or members, *Alpert v. 28 Williams St. Corp.*, 63 N.Y.2d 557, 568-69 (1984)—not an independent contractor (or even employee). Having failed to plead duty, Dixon attempts to pivot to a different theory, citing *Kaufman v. Cohen*, 307 A.D.2d 113, 119-20 (1st Dep't 2003) for the proposition that the "special-facts doctrine" applies. Opp. at 51. But *Kaufman* never mentions the special-facts doctrine—the fiduciary duty there was between two partners in a legal partnership. 307 A.D.2d at 120.

**Knowledge.** Dixon does not respond to Moreira's argument that he fails to plead any facts showing that Moreira knew that Dixon believed he was underpaid. Moreira MOL at 6. The only facts alleged as to her knowledge are issuance of the June 2019 wage statement and the vague statement by another Defendant suggesting that Dixon reach out to Moreira. Opp. at 52; FAC ¶ 166. These are insufficient to impute knowledge of fraud. *See* Moreira MOL at 6.

4

**Scienter.** The Amended Complaint and Dixon's opposition are silent as to Moreira's scienter. Without the element of scienter, the fraudulent concealment claim against Moreira must be dismissed.

For the forgoing reasons, Count VI against Moreira should be dismissed with prejudice.

## IV. The Aiding And Abetting Fraud Claim (Count VIII) Against Moreira Should Be Dismissed For Failure To Plead Knowledge And Substantial Assistance.

Dixon doubles down on basing Moreira's alleged knowledge of fraud on the June 2019 wage statement. Opp. at 57. But that brushes aside his failure to allege that Moreira knew of any purported promise by Cartagena to pay Dixon more than he received on the June 2019 wage statement. Moreira MOL at 7. And Dixon's arguments that Moreira had administrative control, Opp. at 58, are doubly insufficient. First, these conclusory allegations of control fail to plead the necessary "nexus between the primary fraud" and whether Moreira's actions were done "with the intention of advancing the fraud's commission." *Krys v. Pigott*, 749 F.3d 117, 127-28 (2d Cir. 2014) (citation omitted). Second, Dixon's opposition disregards that he must allege substantial assistance "with particularity," *id.* at 129 (quoting Fed. R. Civ. P. 9(b)), and his generalized, conclusory allegations of payroll or corporate control are insufficient. Count VIII against Moreira should be dismissed with prejudice.

## V. The Aiding And Abetting Wage Theft Claim (Count IX) Against Moreira Should Be Dismissed As Not Cognizable And For Failure To Plead Knowledge And Assistance.

Dixon leaves unaddressed that aiding and abetting wage theft under NYLL is not cognizable. Instead, he shifts to argue that the allegation should be construed as a general common law claim. Opp. at 58. But Count IX is explicitly brought under NYLL. He cannot replead by argument. Count IX against Moreira should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, as well as those set forth in the accompanying reply briefs of the co-defendants in support of dismissal, Moreira respectfully requests that the Court dismiss all claims against her with prejudice.

Dated: August 14, 2026                    Respectfully submitted,

*/s/ Reed Brodsky*

Reed Brodsky
Seton Hartnett O'Brien
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 351-4000
rbrodsky@gibsondunn.com
SOBrien@gibsondunn.com

*Attorneys for Defendant Erica Moreira*

6

## **WORD CERTIFICATION**

I hereby certify that the word count of this Memorandum of Law complies with the word limit of Local Civil Rule 7.1(c), as modified by the Court's April 7, 2026 Order, Dkt. 181. According to the word-processing system used to prepare this Memorandum of Law, the total word count for all printed text, exclusive of the material omitted under Local Rule 7.1(c), is 1,547 words.

Dated: New York, New York

August 14, 2026

*/s/ Reed Brodsky*
Reed Brodsky